Erik Babcock (Cal 172517)
LAW OFFICES OF ERIK BABCOCK
717 Washington St., 2d Floor
Oakland CA 94607
Telephone: (510) 452-8400
Facsimile: (510) 452-8405
erik@babcocklawoffice.com

Attorney for  MARCUS WILSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>       vs.<br><br>JEHOADDAN WILSON,<br>MARCUS WILSON,<br><br>                      Defendants. | No. CR 4:17-00028 JST<br><br>**STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE CURRENTLY SET FOR FEBRUARY 24, 2017 TO MARCH 17, 2017 at 9:30 a.m.** |

The parties, by and through their respective counsel, hereby agree as follows:

1.      This case is set for a status conference on February 24, 2017.

2.      The parties agree and hereby stipulate the February 24, 2017 status conference should be reset to March 17, 2017 at 9:30 a.m. for all defendants.   This status conference date was originally set when Defendant Jehoaddan Wilson was arraigned.   Counsel for Marcus Wilson was not appointed until a later date and is unavailable on February 24, 107.  Additionally, the government has not yet provided defense counsel with any discovery in this case and will not do so until a Protective Order has been agreed upon and ordered by the court.  The parties are still discussing the terms of a protective order and expect to submit one to the court soon.  Once a protective order is signed by the court, it is expected that discovery will be provided to defense counsel soon.  Both defendants are out of custody on bond.

**STIP. AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE**
**United States v. Wilson et al., No CR 17-00028 JST**

1        3.  The defendants and the government all consent to the continuance of the status

2   conference, and the parties represent that good cause exists to exclude time under the Speedy Trial Act

3   for this extension based on the defendants' need for the effective preparation of counsel, taking into

4   account the exercise of due diligence under  18 U.S.C. § 3161(h)(7)(B)(iv).  For that reason, the parties

5   request that the Court exclude from the time limits of 18 U.S.C. § 3161 the period from the date of this

6   order through March 17, 2017 from the time period in which the defendants must be brought to trial.

7   The parties also agree that the ends of justice served by granting such an exclusion of time outweigh the

8   best interests of the public and the defendants in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

9           IT IS SO STIPULATED.

10

11  Dated: February 20, 2017                    _____/S/_____
                                                ROBERT REES
12                                              Assistant United States Attorney

13

14  Dated: February 20, 2017                    _____/S/_____
                                                ANGLEA HANSEN
15                                              Counsel for defendant
                                                JEHOADDAN WILSON
16

17  Dated: February 20, 2017                    _____/S/_____
                                                ERIK BABCOCK
18                                              Counsel for defendant
                                                MARCUS WILSON
19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**STIP. AND [~~PROPOSED~~] ORDER TO CONTINUE STATUS CONFERENCE**

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## [PROPOSED] ORDER GRANTING CONTINUANCE

The Court has reviewed the Stipulation of the parties to continue the February 24, 2017 status conference to March 17, 2017.  Based on the stipulation of the parties, the Court finds good cause to continue the status conference to March 17, 2017 at 9:30 a.m. The Court further finds that exclusion of this period from the time limits applicable under 18 U.S.C. § 3161 is warranted; that the ends of justice served by the continuance outweigh the interests of the public and the defendant in the prompt disposition of this criminal case; and that the failure to grant the requested exclusion of time would deny counsel for the defendant and for the government the reasonable time necessary for effective preparation of counsel, taking into account the exercise of due diligence, and would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(iv).

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED:  February 21, 2017

_____
Hon. Jon S. Tigar
United States District Court Judge

**STIP. AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE**

-3-