| | |
|---|---|
| 1 | DAVID L. ANDERSON (CABN 149604) |
|   | United States Attorney |
| 2 | |
|   | HALLIE HOFFMAN (CABN 210020) |
| 3 | Chief, Criminal Division |
| 4 | ROBERT DAVID REES (CABN 229441) |
|   | ALEXIS LOEB (CABN 269895) |
| 5 | Assistant United States Attorneys |

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
ALEXIS LOEB (CABN 269895)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7210
    FAX: (415) 436-7027
    Email: robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 17-0028 JST |
| Plaintiff, | |
| v. | **UNITED STATES' NOTICE OF MOTION AND MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |
| JEHOADDAN WILSON, | |
| Defendant. | |
| | Next Date: May 1, 2020 |
| | Court: Hon. Jon S. Tigar |

Today, the Court issued a Clerk's Notice continuing the status hearing in the above-captioned case from March 20, 2020 to May 1, 2020. Presumably this was done because of the ongoing issues surrounding the novel coronavirus. As a result, the United States hereby moves this Court for an order excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 from March 6, 2020 to May 1, 2020.

The Court may appropriately exclude time on ends-of-justice grounds. The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial." § 31671(h)(7)(A); *see also Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (finding no Speedy Trial Act violation where the district court granted an ends-of-justice continuance following the eruption of Mt. St. Helens). The Court, in General Order No. 72, has

recognized that the ends of justices are served by ordering continuances due to the effect that the public health recommendations have on the availability of counsel, the court, and any potential jurors.

A failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence because his/her ability to meet with the client and review discovery may be constrained by shelter-in-place and quarantines. § 3161(h)(7)(B)(iv). Moreover, while Wilson is expected to obtain counsel this Friday, March 20, 2020, she does not currently have counsel, such that this period should be excluded on continuity of counsel grounds, and the new counsel will require time for effective preparation. *Id.* An exclusion is also appropriate for the period from March 6, 2020 to March 20, 2020 for continuity of counsel and to allow the defendant reasonable time to obtain counsel. *Id.*

The government also requests that nothing in this motion shall preclude a finding that other provisions of the Speedy Trial Act dictate that time should be excluded from its provisions.

DATED:  March 18, 2020　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　DAVID L. ANDERSON
　　　　　　　　　　　　　　　　　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　　　　_____/s_____
　　　　　　　　　　　　　　　　　　　　　　ROBERT DAVID REES
　　　　　　　　　　　　　　　　　　　　　　ALEXIS LOEB
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorneys

**[PROPOSED] ORDER**

For the reasons stated above, the Court finds that exclusion from the time limits applicable under 18 U.S.C. § 3161 for the period from March 18, 2020, through May 1, 2020, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The country's public health interest in stemming the spread of COVID-19 outweighs the interest of the "public and the defendant in a speedy trial," as noted in General Order No. 72. Also, a failure to grant the requested continuance would unreasonably deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, because his or her ability to meet with the client and prepare for trial is constrained by the shelter-in-place order, and because new counsel is expected to be appointed on March 20, 2020 and will require time thereafter to prepare. Finally, an exclusion of time is warranted for continuity of counsel and to allow time for the defendant to obtain counsel because the defendant does not currently have counsel.

IT IS SO ORDERED.

DATED: _____

HON. JON S. TIGAR
United States District Judge