1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,                    Case No.  17-cr-00028-JST-1

          Plaintiff,
8
                                                  **ORDER ADOPTING MAGISTRATE**
9        v.                                       **JUDGE'S REPORT AND**
                                                  **RECOMMENDATION**
10   JEHOADDAN WILSON,
                                                  Re: ECF No. 207
          Defendant.
11

12

13          The court has reviewed Magistrate Judge Donna M. Ryu's Report and Recommendation

14   that the Court grant John Jordan's motion to withdraw and find that Defendant Jehoaddan Wilson

15   has knowingly and voluntarily waived her right to counsel.  ECF No. 207.[1]  The Court appointed

16   attorney Robert Waggener for the limited purpose of making Wilson's objections, if any, to

17   Magistrate Judge Ryu's report and recommendation.  ECF No. 211.  Defendant filed an objection,

18   which the Court has now reviewed.  ECF No. 221.

19          In her objection, Defendant acknowledges that she has already received multiple warnings

20   that her continued conduct would result in a finding of knowing and voluntary waiver.  *Id.* at 2.

21   She also acknowledges "authority for a finding of implied waiver of the right to counsel as a result

22   of dilatory conduct hindering the efficient administration of justice."  *Id.* (citing *United States v.*

23   *Meeks*, 987 F.2d 575, 579 (9th Cir. 1993); *United States v. Sutcliffe*, 505 F.3d 944, 954 (9th Cir.

24   2007); *United States v. Turner*, 897 F.3d 1084, 1103 (9th Cir. 2018)).  She provides no contrary

25   authority.  Instead, she argues only that she is "clearly not capable of competently and adequately

26   representing herself at a trial" and that the Court should thus "indulge every reasonable

27   ─────────────────────

28   [1] Jordan has already been relieved as counsel, ECF No. 198 at 8; ECF No. 210 at 4-5, but the
     Court has yet to rule on the waiver issue.

United States District Court
Northern District of California

1    presumption against waiver of fundamental constitutional rights" and resolve any doubts "in favor

2    of no waiver." *Id.* (quoting *Meeks*, 987 F.2d at 579).

3           Wilson has already been evaluated and deemed competent to stand trial, and so the Court

4    does not address that issue here.  ECF No. 166.  As for her right to counsel, this Court and Judge

5    Ryu warned Wilson repeatedly, over the course of more than one hearing, that she would waive

6    her right to counsel if she continued to oppose and frustrate her appointed attorneys'

7    representation of her.  She did so anyway.  The record unambiguously supports the conclusion that

8    Wilson knowingly and voluntarily waived her right to counsel.  *See Turner*, 897 F.3d at 1104 ("In

9    sum, if the record as a whole establishes that the defendant had sufficient information about the

10   charges, penalties, and risks and disadvantages of proceeding pro se, and sufficient opportunity to

11   be represented by counsel, a 'defendant's actions which have the effect of depriving himself of

12   appointed counsel will establish a knowing and intentional choice.'") (quoting *United States v.*

13   *Fazzini*, 871 F.2d 635, 642 (7th Cir. 1989)).

14          Accordingly, the Court overrules Wilson's objection; finds Judge Ryu's report to be

15   correct, well-reasoned, and thorough; and adopts it in every respect.

16          **IT IS SO ORDERED.**

17   Dated:  April 30, 2020

18   _____

19   JON S. TIGAR
     United States District Judge

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

2