JEHOADDAN L. WILSON
PRO SE
430 Iron Club Drive
Brentwood, CA 94513
PHONE (916) 217-9662 | FAX (888) 391-5349
EMAIL jehoaddanwilson@ymail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JEHOADDAN L. WILSON,<br><br>        Defendant | Case No.: CR-17-0028 JST<br><br>**MOTION TO DISMISS** |

**DEFENDANT'S MOTION TO DISMISS**

**COMES NOW**, Defendant Jehoaddan Wilson, Pro Se, who moves to dismiss the Plaintiff's First, Second, Third, and Fourth Claims for Relief in the Indictment for failure to state a claim pursuant to Federal Rules of Criminal Procedure 12(B)(v) and Rule 7(C).  The Defendant request the Indictment to be dismissed with prejudice.

**ALLEGATIONS**

The Indictment alleges four causes of action: (i) 18:287 Filing false claims (6 counts); (ii) 18:286 Conspiracy to file false claims; 18:1343 (iii) Wire fraud (6 counts); and (iv) 18:1028A Aggravated identity theft (6 counts).  Defendant denies all the allege claims in the indictment.

MOTION TO DISMISS - 1

# ARGUMENT

1. **18:287 Filing false Claims (6 counts);**

    A. <u>Burden of proof:</u>  Due Process requires the Prosecution to prove beyond a reasonable doubt every fact necessary to constitute the crime charged, *Bunkley v. Florida*, <u>538 U.S. 835 (2003)</u>; *Flore v. White*, <u>528 U.S. 23 (1999)</u>.

    B. <u>Elements:</u>   Under 18 U.S.C. § 287, the Government must establish that the defendant: (i) made or presented a false, fictitious, or fraudulent claim to a department of the United States; (ii) knew such claim was false, fictitious, or fraudulent; and (iii) did so with the specific intent to violate the law or with a consciousness that what she was doing was wrong.

    C. <u>Elements not supported by Indictment:</u>

    **element (i)**:  The Indictment does not allege that The Internal Revenue Service (IRS) *is* a "department" or "agency" of the U.S. Government. Paragraph 3, line 1-2 of page two of the Indictment states, "The Internal Revenue Service *was* an agency of the United States *within* the Department of the Treasury.."  The IRS was an Agency before President's Truman Reorganization Plan of 1851 which removed the Bureau of the Internal Revenue and renamed it The Internal Revenue Service [Title 5 U.S.C. § 1]. Furthermore, The Internal Revenue Service (IRS) is not a department within the U.S. Department of the Treasury.  The Treasury system is organized into two major components not two departments.  On one hand there are actual departments such as the Office of Financial Research (OFR), Tax Policy, Public Affairs, and the Office of Financial Stability (OFS) to name of few

are *within* the Departmental Offices component. The Internal Revenue is not listed as a department or division *within* the U.S. Department of the Treasury's Departmental Offices. On the other hand, the second component is called the Operating Bureaus. The operating bureaus carry out the specific operations assigned to the Departments. The Internal Revenue Service is listed as an Operating Bureau, not *within* any specific department of the Treasury nor is the IRS a specific department within the Treasury [www.home.treasury.gov/about/general-informaion/role-of-the-treasury].

**elements (ii) and (iii)**: The Indictment does not allege that the defendant knew of such false claims and did so with specific intent to violate the law because the Indictment did not allege that the defendant made or presented Medicare or Medicaid claims, Social Security claims, Welfare claims or any other Federal program claims. The matter in the Indictment alleges a tax return matter. In 1863 Congress enacted a false claims and statement statute "in the wake of a spate of frauds upon the government." United States v. Bramblett, 348 U.S. 503, 504 (1955). The Section 287 statue is designed to "protect the government against those who would cheat or mislead in the administration of its programs" United States v. White, 27 F.3d 1531,1535 (11th Cir. 1994)), "and it has been employed to combat fraudulent claims filed under numerous Federal programs, including Medicare and Medicaid." The False Claims Act (FCA), 31 U.S.C. §§ 3729 – 3733 covers fraud involving any federally funded contract or program, with the exception of tax fraud.

MOTION TO DISMISS - 3

2. **18:286 Conspiracy to file false claims;**

    A. <u>Burden of proof:</u>  Paragraph 1(A) is incorporated and repeats as if fully set forth here.

    B. <u>Elements:</u> Under 18 U.S.C. § 286, The Fifth Circuit has held that, in order to establish a violation of § 286, the Government need only prove: (i) the defendant entered into a conspiracy to obtain payment or allowance of a claim against a department or agency of the United States; (ii) the claim was false, fictitious, or fraudulent; and (iii) the defendant knew at the time that the claim was false, fictitious, or fraudulent. United States v. Leahy, <u>82 F.3d 624, 633</u> (5th Cir. 1996).

    C. <u>Elements not supported by Indictment:</u>

        **elements (i), (ii), and (iii):**  Paragraph 1(C) is incorporated and repeated as if fully set forth here.

3. **18:1343 Wire fraud (6 counts);**

    A. <u>Burden of proof:</u>  Paragraph 1(A) is incorporated and repeats as if fully set forth here.

    B. <u>Elements:</u> Under 18 U.S.C. § 1343, the Government needs to prove: (i) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (ii) the defendant did so with the intent to defraud; (iii) that it was reasonably foreseeable that interstate wire communications would be used; and (iv) that interstate wire communications were in fact used (*citing* Manual of Model Criminal Jury Instructions for the

MOTION TO DISMISS - 4

District Courts of the Eighth Circuit 6.18.1341 (West 1994)), c*ert. Denied,* 115 S. Ct. 2289 (1995).

C. Elements not supported by Indictment:

**elements (i), (iii), (iii) and (iv):** According to Federal Rule of Criminal Procedure rule 7(C)(1), the "Indictment or information" must be a "plain" yet reasonable, "concise" yet understandable, and true therefor unquestionable written statement of important facts establishing the offense charged. The Indictment does not allege nor has the Government proven wire fraud because it is unclear to what information pertains to the elements of the offense asserted against the Defendant. 18 U.S.C. § 287 and § 286 pertain to the False Claims Act government programs initiated through Departments such as Department of Health and Human Services, Department of Social Security, Military or Naval services. How can the defendant form a defense with charges asserted against Welfare fraud or Medicare fraud? The Indictment is misleading and unclear to whether the claims transmitted through electronic communication were Medicare, Medicaid, or Social Security claims because the False Claims Act (FCA) and 18 U.S.C. § 287 and § 286 is designed by Congress to protect federal programs of that such and not tax returns. The Indictment failed to meet the required plain, concise and definite credentials concluding the Government has not alleged wire fraud because the Claims transmitted or connected to § 287 and § 286 do not connect with tax returns. Due Process test requires a "rational" connection to exist. It would be unreasonable to believe the claims asserted against the Defendant actually exist.

MOTION TO DISMISS - 5

**4. 18:1028A Aggravated identity theft (6 counts);**

A. <u>Burden of proof:</u> Paragraph 1(A) is incorporated and repeats as if fully set forth here.

B. <u>Elements:</u>  Under 18 U.S. C. 1028A the Government needs to prove: (i) obtaining the identifying information of another person and (ii) using that information during the commission of another crime.

C. <u>Elements not supported by Indictment:</u>

**elements (i) and (i):** The Indictment has not established a "rational" connection between the allegations and "written statement of the essential facts constituting the offenses charged" [Fed. R. of Crim. Prod. Rule 7(C)(1)]. To prove aggravated identity theft the offense must be during and in relation to ***any*** felony violation [18 U.S.C. § 1028A(c)]. 18 U.S.C. § 287 and § 286 and §1343 are alleged offenses listed in the Indictment that lack or fail at a "rational" connection under Due Process. In 1970, the Court held in *In re Winship* that the Due Process Clauses of the Fifth and Fourteenth Amendments "[protect] the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [s]he is charged." In re Winship, <u>397 U.S.358</u>, 364 (1970). Estelle v. Williams, <u>425 U.S. 501</u>, 503 (1976); Henderson v. Kibble, <u>431 U.S. 145</u>, 153 (1977). The offenses charged relate to Welfare fraud of some kind and not tax returns.

MOTION TO DISMISS - 6

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be granted with prejudice and the First, Second, Third, and Fourth Claims for Relief should be dismissed.

Date:  February 5, 2021                    Respectfully submitted,

                                           /s/  Jehoaddan L. Wilson

                                           Pro Se

# CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2021, a true copy of the foregoing MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
ALEXIS J. LOEB (CABN 269895)
Assistant United States Attorney's Office

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Email:  robert.rees@usdoj.gov

MOTION TO DISMISS - 8