1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ROBERT DAVID REES (CABN 229441)
   KRISTINA GREEN (NYBN 5226204)
5  Assistant United States Attorney

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-6912
        FAX: (415) 436-7027
8       Kristina.Green@usdoj.gov

9  Attorneys for United States of America

10                          UNITED STATES DISTRICT COURT

11                         NORTHERN DISTRICT OF CALIFORNIA

12                                SAN FRANCISCO DIVISION

13 | UNITED STATES OF AMERICA,      ) CASE NO. 17-CR-0028 JST
                                    )
14 |     Plaintiff,                 )
                                    ) **OPPOSITION TO ANOTHER MOTION TO
15 |   v.                           ) DISMISS**
                                    )
16 | JEHOADDAN WILSON,              )
                                    ) Date: April 2, 2021
17 |     Defendant.                 ) Time: 9:30 a.m.
                                    ) Judge: Hon. Jon. S. Tigar
18

19                                      **INTRODUCTION**

20         On February 5, 2021, the defendant filed her third motion to dismiss the indictment, seeking to

21 dismiss all counts in which she is charged for failure to state an offense pursuant to Federal Rule of

22 Criminal Procedure 12(b)(3)(B)(v). Dkt. 258 (hereinafter "Def. Mot."). The defendant's arguments are

23 legally and factually erroneous, and her motion should be denied. Furthermore, this Court should

24 impose a deadline within which all further motions under Fed. R. Crim. P. 12 must be filed so that this

25 case can proceed to trial in an orderly fashion.

26                                      **LEGAL STANDARD**

27         Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be "a plain, concise and

28 definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P.

7(c)(1). "The test for sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (internal quotation marks omitted) (citing *United States v. Hinton*, 222 F.3d 664, 672 (9th Cir. 2000)). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (citations omitted) (internal quotations omitted); *accord Awad*, 551 F.3d at 935 (stating an indictment is sufficient if it contains the elements of charged crime in adequate detail to inform defendant of charge and to enable him to plead double jeopardy). "In cases where the indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *Davis*, 336 F.3d at 922 (citations omitted) (internal quotations omitted). Indeed, in the Ninth Circuit, the use of a "bare bones information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Wolfenbarger*, 464 F. Supp. 3d 1147, 1151 (N.D. Cal. 2020) (quoting *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995)). When reviewing an indictment, it must be read "in its entirety" and construed with "common sense and practicality." *Awad*, 551 F.3d at 936.

Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v), a defendant may move pretrial to dismiss an indictment for failure to state an offense. In considering a motion to dismiss an indictment for failure to state an offense, the court must accept the allegations in the indictment as true and analyze whether a cognizable offense has been charged. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). In determining whether the indictment charges a cognizable offense, the court is bound by the four corners of the indictment and cannot consider evidence that does not appear on the face of the indictment. *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017); *accord United States v. Cortez-Ruiz*, 225 F. Supp. 3d 1093, 1096 (N.D. Cal. 2016). A motion to dismiss an indictment can be determined before trial "if it involves questions of law rather than fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). At the motion to dismiss stage, none of the

charges need to be established by evidence nor proven beyond a reasonable doubt; rather "the indictment must be tested by its sufficiency to charge an offense." *Boren*, 278 F. 3d at 914 (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)); *accord United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (stating "defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence") (citations omitted); *United States v. Nukida*, 8 F.3d 655, 670 (9th Cir. 1993) (the "unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected.").

## ARGUMENT

### I. The Indictment Sufficiently Alleges Filing False Claims and Conspiracy to Do So

Count One of the indictment charges the defendant with conspiracy to file a false claim, in violation of 18 U.S.C. § 286. Counts Three through Eight of the indictment charge the defendant with filing false claims, in violation of 18 U.S.C. § 287.

18 U.S.C. § 287 prohibits any person from "mak[ing] or present[ing] to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent." The elements of filing a false claim are: (1) the defendant knowingly presented a false claim to an agency of the United States; (2) the defendant knew that the claim was false or fraudulent at the time it was made; and (3) the false or fraudulent claim was material, that is, it had a natural tendency to influence, or was capable of influencing, an agency of the United States to part with money or property under its control. *United States v. Atalig*, 502 F.3d 1063, 1067 (9th Cir. 2007). Here, the indictment states that the defendant "knowingly made and presented to the United States Treasury Department a material claim against the United States for payment of a refund of taxes, which he or she then and there knew to be false, fictitious, and fraudulent." Dkt. 1 (Indictment), ¶ 17. The indictment not only tracks the statutory language of 18 U.S.C. § 287 but also adds additional detail that aids the defendant in understanding the charge. As such, it surpasses what is necessary to meet the requirements of Fed. R. Crim. P. 7(c), outlines the elements, and provides the defendant with sufficient notice of the charges. *See Davis*, 336 F.3d at 922 (holding indictment sufficient where it "tracks the

words of the statute" and "unambiguously set forth all the elements" of offense). The indictment specifies the "department or agency" of the United States to which the false claims were made (the United States Treasury Department) and outlines *how* the defendant made the false claims ("by preparing, and causing to be prepared, false 2011 U.S. Individual Income Tax Returns, Forms 1040, which were presented to the United States Treasury Department, through the IRS, in the names of the individuals whose initials are identified in the table below." Dkt. 1 ¶ 17.

The defendant raises several arguments as to why the government has not sufficiently alleged a violation of 18 U.S.C. § 287, none of which are persuasive. First, she claims the indictment is insufficient because it does not allege that the Internal Revenue Service ("IRS") "*is*" a department or agency of the U.S. Government; rather it alleges that the IRS "*was* an agency of the United States *within* the Department of the Treasury." Def. Mot. 2 (emphasis in original) (citing Indictment ¶ 3). The indictment uses the past tense "was" as opposed to "is" because the introductory preamble preceding the relevant clause in Paragraph 3 refers to past conduct and dates, namely "[a]t all times relevant to the Indictment." *See* Dkt. 1 ¶¶ 1-6 (Introductory Allegations). The indictment alleges crimes perpetrated by the defendant in the past. As such, the past tense "was" is the appropriate verb to use in Paragraph 3 of the indictment where the government alleges that, at all times relevant to the Indictment, the IRS "was" at the time of the defendant's criminal conduct, a U.S. agency within the Department of the Treasury. *Id.* For purposes of this case, it does not matter whether the IRS is a department of anything today.

Second, the defendant contends that the IRS is not a department or division within the Department of the Treasury. Def. Mot. 2-3. As a legal matter, in deciding a motion to dismiss, the court must accept the allegations in the indictment as true, which includes the government's statement that the IRS "was an agency of the United States within the Department of the Treasury." Dkt. 1 ¶ 3. Even assuming that was not the case, the defendant is factually incorrect. The IRS is a bureau within the Treasury Department. *See* U.S. Department of the Treasury: Bureaus, *available at* https://home.treasury.gov/about/bureaus ("The Internal Revenue Service (IRS) is the largest of the Treasury's bureaus. It is responsible for determining, assessing, and collecting internal revenue in the United States."); *see also* IRS organizational chart headed "Department of the Treasury Internal Revenue Service", *available at* https://www.irs.gov/pub/newsroom/marketing/internet/irs-organization-

GOV. OPP. TO MOT. TO DISMISS
17-CR-0028 JST

4

chart.pdf. Moreover, agency and bureau are synonyms. *See* https://www.merriam-webster.com/thesaurus/agency (listing bureau as a synonym of agency); https://www.merriam-webster.com/thesaurus/bureau (listing agency as a synonym of bureau).

Third, the defendant argues that the indictment does not allege that the defendant "knew of such false claims and did so with specific intent to violate the law because the Indictment did not allege that the defendant made or presented Medicare or Medicaid claims, Social Security claims, Welfare claims or any other Federal program claims." Def. Mot. 3. The defendant contends that tax fraud does not fall within the purview of 18 U.S.C. § 287. *Id.* This is incorrect. Section 287 criminalizes the knowing presentation of false, fraudulent, or fictitious claims to any department or agency of the United States, including the filing of false or fraudulent tax returns with the IRS. *See United States v. Murphy*, 824 F.3d 1197, 1205 (9th Cir. 2016) ("The filing of a false tax return pursuant to a scheme to obtain an unjustified tax refund is sufficient to establish a violation of presenting a false claim against the United States." (citations and internal quotation marks omitted)); *United States v. Alli*, 344 F.3d 1002, 1004-09 (9th Cir. 2003) (affirming conviction of four counts of filing false, fictitious, and fraudulent claims under § 287 where defendant and co-conspirators filed fraudulent tax returns claiming refundable tax credits using their own names and social security numbers and those of unsuspecting individuals).

Finally, to sufficiently allege a violation of § 287, the indictment does not need to allege that the defendant knowingly presented false claims "with specific intent to violate the law." Def. Mot. 3. Specific intent to defraud the government or violate the law is not an essential element of 18 U.S.C. § 287. *United States v. Milton*, 602 F.2d 231, 234 (9th Cir. 1979) (holding intent to defraud is not element of offense when government prosecutes for submission of false claims in violation of 18 U.S.C. § 287). The Ninth Circuit has held this to be the case for a number of reasons, including : (1) "the statute does not specify that an intent to defraud is necessary, but only that the defendant have knowledge that the claim is false, fictitious, or fraudulent;" (2) "criminal intent may be proved either by a showing that the defendant acted for a specific purpose to violate the law or that he acted with an awareness that what he was doing was morally wrong, whether or not he had actual knowledge that he was doing something that the law forbids;" and (3) "the purpose of 18 U.S.C. § 287 would be frustrated if criminal prosecutions were limited merely to those instances where the defendant is motivated solely by an intent to cheat the

GOV. OPP. TO MOT. TO DISMISS
17-CR-0028 JST

5

government or to gain an unjust benefit." *Id.* Therefore, while the government would have to establish intent to deceive a government agency in order to prove the defendant made a fraudulent statement, to prove a false statement the government need only establish that the defendant knew the statement to be untrue at the time she made it. *Id.* at 233; *see also United States v. Causey*, 835 F.2d 1289, 1292 (9th Cir. 1987) (stating where defendant knew claims for tax refunds were false he caused the claims to be presented with requisite intent); *United States v Jackson*, 757 Fed. Appx. 547, 550 (9th Cir. 2018) ("When the Government proceeds on the theory that a defendant submitted 'false or fictitious' rather than 'fraudulent' claims, the Government needs to prove only knowledge."). In this case, the government's theory of liability is based on the defendant's submission of false tax returns to the IRS. *See* Dkt. 1 ¶ 17. Because specific intent to violate the law is not an essential element of § 287, it need not be alleged in an indictment.

For the reasons discussed above, the defendant's motion to dismiss Count One of the indictment—Conspiracy to File False Claims, in violation of 18 U.S.C. § 286—for failure to state an offense should also be denied. Count One of the indictment tracks the statutory language, outlines the essential elements, and sufficiently notifies the defendant of the charge. *Compare* Dkt. 1 ¶¶ 7-15 *with* 18 U.S.C. § 286. The defendant does not assert any additional arguments as to why the conspiracy count should be dismissed beyond what she asserted with respect to the counts alleging filing false claims. Those arguments have been addressed above.

## II. The Indictment Sufficiently Alleges Wire Fraud

Counts 14 through 19 of the indictment allege that the defendant committed wire fraud in violation of 18 U.S.C. § 1343. Section 1343 prohibits anyone who, "having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, [from] transmit[ting] or caus[ing] to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice." 18 U.S.C. § 1343. The elements are: (1) the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material; that is, they had

a natural tendency to influence, or were capable of influencing, a person to part with money or property; (3) the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and (4) the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme. Ninth Circuit Model Jury Instruction 8.124.

Here, the indictment more than adequately states the offense of wire fraud. The indictment alleges: "Beginning in or about 2011 and continuing to at least in or about June 2012, in the Northern District of California and elsewhere, the defendants ... knowingly and intentionally devise a material scheme and artifice to defraud, and to obtain money, by means of material false and fraudulent pretenses, and by means of representations made on false claims filed with the IRS, and for the purpose of executing such scheme and artifice did transmit and cause to be transmitted, by means of wire communications in interstate commerce, certain writings, signs, signals, and sounds, including the interstate wires transmitting false federal income tax returns as described in the separate counts in the table immediately below." Dkt. 1 ¶ 19. The indictment tracks the statutory language, incorporates the essential elements of the charge, and provides supplemental detail that assists the defendant in understanding the charge. The indictment specifies the material false statements that form the basis of the wire fraud counts, namely false federal income tax returns filed with the IRS, and lists the date and amount of these false claims.

The defendant argues that the wire fraud counts are misleading and unclear as to what claims are the subject of these counts and whether they were Medicare, Medicaid, or Social Security claims. Def. Mot. at 5. These arguments are frivolous. As outlined above, the indictment unambiguously sets forth the false tax return claims underlying the wire fraud counts. The government is not alleging false claims with respect to Medicare, Medicaid, or Social Security. False tax return claims submitted to the IRS that are transmitted by means of wire communications in interstate commerce can form the basis of wire fraud charges. *See, e.g.*, *United States v. Louper-Morris*, 672 F.3d 539, 555-57 (8th Cir. 2012) (affirming conviction of multiple counts of wire fraud where defendants filed false tax returns that resulted in state Department of Revenue paying education tax credits that were fraudulently obtained). The defendant provides no legal support that suggests otherwise.

1  **III.    The Indictment Sufficiently Alleges Aggravated Identity Theft**

Counts 25 through 30 of the indictment charge the defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028(A)(a)(1). The aggravated identity theft statute provides that "[w]hoever, during and in relation to any felony enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" shall be sentenced to two years imprisonment consecutive to the to the sentence received for the enumerated felony. Wire fraud, 18 U.S.C. § 1343, is an enumerated felony that can form a predicate offense for an aggravated identity theft charge. *See* 18 U.S.C. § 1028A(c)(5). The elements of aggravated identity theft are: (1) defendant knowingly transferred, possessed, or used, without legal authority, a means of identification of another person; (2) the defendant knew that the means of identification belonged to a real person; and (3) the defendant did so during and in relation to a specific felony enumerated in the statute, here wire fraud. Ninth Circuit Model Jury Instruction 8.83.

The indictment sufficiently alleges the offense of aggravated identity theft. It states that, on certain identified dates, the defendants "during and in relation to a felony violation of 18 U.S.C. § 1343 (wire fraud), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that is, they filed false and fraudulent tax returns using the name and Social Security number of the individuals described in the table below." Dkt. 1 ¶ 21. As with the other counts in the indictment, the government's aggravated identity counts track the statutory language, outline the essential elements, and provide additional detail outlining the basis for the aggravated identity charges, namely the filing of false and fraudulent tax returns using the name and Social Security number of certain specified individuals. As such, the indictment more than adequately states this offense. The defendant's challenge to the aggravated identity counts is frivolous and irrelevant to the Court's determination of a Rule 12 motion to dismiss for failure to state an offense. *See* Def. Mot. at 6. The indictment lists an appropriate enumerated felony on which the aggravated identity theft charges may be based, wire fraud. The government need not prove aggravated identity theft beyond a reasonable doubt at the motion to dismiss stage. Additionally, this Court has already denied a previous motion to dismiss the aggravated identity theft counts.

1  **IV.  This Court Should Impose a Rule 12(c) Deadline**

2      This Court is extremely familiar with the interminable length of this prosecution and the constant
3  delays the defendant has imposed upon it, ultimately resulting in her self-representation.  Moreover, this
4  Court has already heard pre-trial motions to dismiss on more than one previous occasion before this
5  latest missive.  For this reason, the government asks that the Court impose a deadline within which the
6  defendant and anyone representing or assisting her must bring any Rule 12 motions.  The authority for
7  this is in Rule 12 itself, where section (c), entitled "Deadline for a Pretrial Motion; Consequences of Not
8  Making a Timely Motion" specifies that "The court may, at the arraignment or as soon afterward as
9  practicable, set a deadline for the parties to make pretrial motions and may also schedule a motion
10 hearing.  If the court does not set one, the deadline is the start of trial."  Fed. R. Crim. P. 12(c)(1).

11     The defendant has had years to litigate pretrial motions and otherwise to challenge the overall
12 validity of this prosecution, so she can suffer no prejudice from such a deadline.  It is time to focus our
13 efforts on the evidence in front of a jury, not whether, for example, the defendant can be charged at all.
14 Not only has the defendant had plenty of time to file such motions, but she was specifically made aware
15 of the government's request for such a deadline weeks before this Court will rule on this request,
16 allowing her ample additional time to consider and compose any further motions.  The government
17 suggests a deadline of April 16, 2021, a date that is two weeks after the next calling of the case, and
18 which again will have left the defendant with more than two months to file any Rule 12 motions since
19 the government first proposed such a deadline on February 5, 2021.  If the defendant plans to file any
20 further motions, a briefing schedule can be set out when this motion is heard on April 2, 2021.

21                               **CONCLUSION**

22     For the foregoing reasons, the defendant's motion to dismiss the indictment should be denied.
23 Additionally, this Court should set a deadline of April 16, 2021 for any and all further relevant pretrial
24 motions pursuant to Fed. R. Crim. P. 12(c).

25

26 DATED: February 26, 2021                                                   Respectfully submitted,

27                                                                              DAVID L. ANDERSON
                                                                             United States Attorney
28

_____/s_____
ROBERT DAVID REES
KRISTINA GREEN
Assistant United States Attorneys