JEHOADDAN L. WILSON
PRO SE
430 Iron Club Drive
Brentwood, CA 94513
PHONE (916) 217-9662 | FAX (888) 391-5349
EMAIL jehoaddanwilson@ymail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>JEHOADDAN L. WILSON,<br><br>                    Defendant | Case No.: CR-17-0028 JST<br><br>**MOTION TO DISMISS FOR DISCOVERY UNDER RULE 16** |

## DEFENDANT'S MOTION TO DISMISS

**COMES NOW**, Defendant Jehoaddan Wilson, Pro Se, who moves to dismiss the Plaintiff's Indictment for failure to disclose discovery pursuant to Federal Rules of Criminal Procedure 12(b)(3)(E) and Rule 16(a) (1)(C)(i)(ii).  The Defendant request the Indictment to be dismissed with prejudice.

## ALLEGATIONS

The Indictment alleges four causes of action: (i) 18:287 Filing false claims (6 counts); (ii) 18:286 Conspiracy to file false claims; 18:1343 (iii) Wire fraud (6 counts); and (iv) 18:1028A Aggravated identity theft (6 counts).  Defendant denies all the allege claims in the indictment.

**ARGUMENT**

The Sixth Amendment guarantee the right of a criminal defendant the right to know the evidence against her.  I believe the Prosecution has caused a great delay in due process and great prejudice against me because I do not know the following evidence against me.  The following arguments express how the Prosecution has not disclosed to me my full right to discovery.  Federal Rules of Criminal Procedure Rule 16(a)(1)(C)(i)(ii) expresses that if the "Defendant is an organization, the government must disclose to the defendant any statement legally able to bind the defendant regarding the subject because of person's position as the officer, employee or agent or personally involved in the alleged conduct constituting the offense."  The government has not provided any discovery explaining why I am even charged with the alleged claims for I was an officer, agent, and employee for JLW Investments Inc. DBA Enterprise Financial at the time the alleged conduct.  I attached Exhibit A which is the Articles of Incorporation and By-Laws endorsed October 26, 2011, 2011 and 2012 Corporation tax returns with 2011, 2012 Officer k-1 shareholders tax statements and fictitious name statement.  The exhibit proves I was an officer, employee, and agent for the California Corporation.  The government has not provided no documents nor statements that legally bind me to the alleged conduct and has not explained why the government believes that the officer, employee, and agent should be charged with the alleged claims.  In short what gives the government the right to charge an officer, employee, and agent of a valid California Corporation with the alleged crimes that the State of California protects the defendant under the separate entity laws?  What document or information pierces the corporate veil?  What document or information explains the right for the government to hold me to answer this indictment?  JLW Investments Incorporation DBA Enterprise Financial never accused Jehoaddan Wilson of any wrongdoing nor filed any complaints against her.

MOTION TO DISMISS FOR DISCOVERY UNDER RULE 16 - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Fifth Amendment states that no one shall be "deprived of life, liberty, or property" without process of law.  The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. *Chicago, Burlington & Quincy Railroad Company v. City of Chicago,* 166 U.S. 226 (1897). The Fourteenth Amendment is the right that guarantees against unfairness.  It is unfair to hold a defendant to defend herself without due process.  Any action denying the process that is "due" would be unconstitutional.

Additionally, in Federal Rules of Criminal Procedure Rule 16 (3)(b)(E) express if an item is material to preparing the defense or will be used at trial by the government, that the government must permit inspection and copies of documents or items within the government's possession, custody, or control.  The government has not provided me with discovery expressing that the Internal Revenue Service (I.R.S.) is a department agency of, or within the United States nor has the government provided any documents that state the IRS is a civil service department within the United States.  Without these documents, how can the government prove its case that the defendant actually "defrauded the IRS an agency of the United States" when the government has not provided documents that an IRS civil service department agency actually exist within the United States?  I do not possess any discovery documents of United States incorporation or government shareholder interest in the IRS.  For the IRS to be within or of the United States, the United States must have ownership interest in the IRS.  Where are the documents that prove that relationship between the IRS and the United States?  I attached exhibits that show that I have ownership interest in JLW Investments Inc. DBA Enterprise Financial by providing articles of incorporation.  I have not received any documents that express that the United States hold interest in the IRS.  To prosecute a defendant in a "federal" case, the United States must have

MOTION TO DISMISS FOR DISCOVERY UNDER RULE 16 - 3

ownership interest of that "federal" civil service department, agency, or bureau which the discovery does not provide.  Rule 16 discovery is "essential facts" defined in Rule 7 that would constitute the charges within the indictment.  Without the above-mentioned discovery, the indictment is void.  The government cannot prove its case that the defendant is personally liable [Because no discovery exist stating so] for the alleged conduct within the agency of JLW Investments Inc. DBA Enterprise financial's establishment nor the government cannot prove its case that the defendant defrauded the IRS an agency of the United States [No discovery exist to state it's a civil service department agency of the U.S.].  It is unconstitutional to hold her to answer without the process that is "due."

### CONCLUSION

For the foregoing reasons and to prevent further constitutional injury, the Defendants' Motion to Dismiss should be granted with prejudice and the indictment dismissed.

Date:  April 16, 2021                    Respectfully submitted,

/s/  Jehoaddan L. Wilson

Pro Se

MOTION TO DISMISS FOR DISCOVERY UNDER RULE 16 - 4

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, a true copy of the foregoing MOTION TO DISMISS was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing to the following:

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
ALEXIS J. LOEB (CABN 269895)
Assistant United States Attorney's Office

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
FAX: (415) 436-7234
Email:  robert.rees@usdoj.gov

3420320

ENDORSED ~ FILED
in the office of the Secretary of State
of the State of California

OCT 2 6 2011

## ARTICLES OF INCORPORATION
## OF
## JLW INVESTMENTS, INC.

### I.

The name of this corporation is JLW Investments, Inc.

### II.

The purpose of this corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

### III.

The name and address in the State of California of this corporation's initial agent for service of process is:

Jehoaddan Wilson
4980 Appian Way, Suite 208
El Sobrante, CA 94803

### IV.

This corporation is authorized to issue one class of shares, which shall be known as Common Stock. The total number of shares of Common Stock which this corporation is authorized to issue is One Hundred Thousand (100,000).

### V.

The liability of the directors of this corporation for monetary damages shall be eliminated to the fullest extent permissible under California law. The Corporation is authorized to indemnify the directors and officers of the Corporation to the fullest extent permissible under California Law. Any repeal or modification of this Article V, or the adoption of any provision of the Articles of Incorporation inconsistent with this Article V, shall only be prospective and shall not adversely affect the rights under this Article V in effect at the time of the alleged occurrence of any action or omission to act giving rise to liability.

Dated: October 26, 2011

_____
Brent Lawrence, Sole Incorporator

**IRS** DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH   45999-0023

Date of this notice:  11-02-2011

Employer Identification Number:
45-3724539

Form:  SS-4

Number of this notice:  CP 575 A

JLW INVESTMENTS INC
4980 APPIAN WAY STE 208
EL SOBRANTE, CA  94803

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

## WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 45-3724539.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

          Form 941                          01/31/2012
          Form 940                          01/31/2012
          Form 1120                         03/15/2012

If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods.*

We assigned you a tax classification based on information obtained from you or your
representative.  It is not a legal determination of your tax classification, and is not
binding on the IRS.  If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election.*  See Form 8832 and its instructions for additional information.

### IMPORTANT INFORMATION FOR S CORPORATION ELECTION:

If you intend to elect to file your return as a small business corporation, an
election to file a Form 1120-S must be made within certain timeframes and the
corporation must meet certain tests.  All of this information is included in the
instructions for Form 2553, *Election by a Small Business Corporation.*

**KP**

RAMOS BUSINESS FORMS PLUS + 1-707-994-5058

**STEPHEN L. WEIR**
**COUNTY CLERK - RECORDER**
555 Escobar St.
P.O. Box 350, Martinez, Ca 94553-0135
(925) 335-7900



F-0007288-00

**F I L E D**
CONTRA COSTA Co Clerk's Office

NOV 03, 2011

by: L. Barajas
Deputy County Clerk

**PLEASE PRINT OR TYPE**

| FILING FEE |
| --- |
| $30.00 - FOR FIRST BUSINESS NAME ON STATEMENT |
| $ 7.00 - FOR EACH ADDITIONAL BUSINESS NAME FILED ON SAME STATEMENT AND DOING BUSINESS AT THE SAME LOCATION |
| $ 7.00 - FOR EACH ADDITIONAL OWNER IN EXCESS OF ONE OWNER |

**SEE REVERSE SIDE**
**FOR INSTRUCTIONS**

**FICTITIOUS BUSINESS NAME STATEMENT**

NEW ☑   RENEW ☐                    **THE NAME(S) OF THE BUSINESS(ES):**

✱ ENTERPRISE FINANCIAL

*Print Fictitious Business Name(s) on Line Above*

✱✱ 4980 APPIAN WAY, STE 208
Street Address of Principal Place of Business                    Mailing Address, if Different

EL SOBRANTE CA 94803        *Contra Costa*
City        State        Zip        County        City        State        Zip

**REGISTERED OWNER(S):**

✱✱✱ (#1) JLW INVESTMENTS, INC.
Full Name – Type/Print                    Full Name – Type/Print

4980 APPIAN WAY, STE 208
Residence Address                    Residence Address

EL SOBRANTE,   CA     94803
City        State        Zip        City        State        Zip

CALIFORNIA
If Corporation or LLC, Print State of Incorporation/Organization        If Corporation or LLC, Print State of Incorporation/Organization

(#3)                    (#4)
Full Name – Type/Print                    Full Name – Type/Print

Residence Address                    Residence Address

City        State        Zip        City        State        Zip

If Corporation or LLC, Print State of Incorporation/Organization        If Corporation or LLC, Print State of Incorporation/Organization
                    (If More Than 4 Registrants – Attach Additional Sheet Showing Owner Information)

✱✱✱✱ This business is conducted by: ☐ an Individual   ☐ Husband and Wife   ☐ a General Partnership
☐ a Limited Partnership   ☑ a Corporation   ☐ a Trust   ☐ Co-Partners   ☐ a Joint Venture
☐ an Unincorporated Association – other than a Partnership   ☐ a Limited Liability Co.   ☐ State or Local Registered Domestic Partners
✱✱✱✱ For Office Use Only: Verification of Corp., DLP, LLC
✱✱✱✱ The registrant commenced to transact business under the fictitious business name or names listed above on   11/03/2011
(Insert N/A if you Haven't Started to Transact Business)

SIGNATURE OF REGISTRANT: *Kimberlee Wilson*
I declare that all information in this statement is true and correct. (A registrant who declares as true information which he or she knows to be false is guilty of a crime).
*Kimberlee Wilson,   CEO*
Print Name of Person Signing. If Corporation, also print corporate title of officer. If LLC, also print title of officer or manager

**THIS STATEMENT WAS FILED WITH THE COUNTY CLERK OF CONTRA COSTA COUNTY**
**ON DATE INDICATED BY FILE STAMP ABOVE**

N-O-T-I-C-E   **THIS FICTITIOUS BUSINESS NAME STATEMENT EXPIRES ON** 11-3 20 16. A NEW

**FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED PRIOR TO** 11-3 20 16.

NOTICE - IN ACCORDANCE WITH SUBDIVISION (a) OF SECTION 17920, A FICTITIOUS NAME STATEMENT GENERALLY EXPIRES AT THE END OF FIVE YEARS FROM THE DATE ON WHICH IT WAS FILED IN THE OFFICE OF THE COUNTY CLERK, EXCEPT, AS PROVIDED IN SUBDIVISION (b) OF SECTION 17920, WHERE IT EXPIRES 40 DAYS AFTER ANY CHANGE IN THE FACTS SET FORTH IN THE STATEMENT PURSUANT TO SECTION 17913 OTHER THAN A CHANGE IN THE RESIDENCE ADDRESS OF A REGISTERED OWNER. A NEW FICTITIOUS BUSINESS NAME STATEMENT MUST BE FILED BEFORE THE EXPIRATION.
THE FILING OF THIS STATEMENT DOES NOT OF ITSELF AUTHORIZE THE USE IN THIS STATE OF A FICTITIOUS BUSINESS NAME IN VIOLATION OF THE RIGHTS OF ANOTHER UNDER FEDERAL, STATE, OR COMMON LAW (SEE SECTION 14411 ET SEQ., BUSINESS AND PROFESSIONS CODE).

*I HEREBY CERTIFY THAT THIS COPY IS A CORRECT COPY*
*OF THE ORIGINAL STATEMENT ON FILE IN MY OFFICE.*
Stephen L. Weir, Contra Costa County Clerk        BY:                    DEPUTY

Rev. 01/01/05

(IRS USE ONLY)     575A              11-02-2011  JLWI  B  9999999999  SS-4

    If you are required to deposit for employment taxes (Forms 941, 943, 940, 944, 945,
CT-1, or 1042), excise taxes (Form 720), or income taxes (Form 1120), you will receive a
Welcome Package shortly, which includes instructions for making your deposits
electronically through the Electronic Federal Tax Payment System (EFTPS).  A Personal
Identification Number (PIN) for EFTPS will also be sent to you under separate cover.
Please activate the PIN once you receive it, even if you have requested the services of a
tax professional or representative.  For more information about EFTPS, refer to
Publication 966, *Electronic Choices to Pay All Your Federal Taxes*.  If you need to
make a deposit immediately, you will need to make arrangements with your Financial
Institution to complete a wire transfer.

    The IRS is committed to helping all taxpayers comply with their tax filing
obligations.  If you need help completing your returns or meeting your tax obligations,
Authorized e-file Providers, such as Reporting Agents (payroll service providers) are
available to assist you.  Visit the IRS Web site at www.irs.gov for a list of companies
that offer IRS e-file for business products and services.  The list provides addresses,
telephone numbers, and links to their Web sites.

    To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

**IMPORTANT REMINDERS:**

* Keep a copy of this notice in your permanent records.  **This notice is issued only
  one time and the IRS will not be able to generate a duplicate copy for you.**

* Use this EIN and your name exactly as they appear at the top of this notice on all
  your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

    If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice.  If you write, please tear off the stub
at the bottom of this notice and send it along with your letter.  If you do not need to
write us, do not complete and return the stub.  Thank you for your cooperation.

                        Keep this part for your records.      CP 575 A (Rev. 7-2007)

--------------------------------------------------------------------------------

    Return this part with any correspondence
    so we may identify your account.  Please                        CP 575 A
    correct any errors in your name or address.
                                                                 9999999999

    Your Telephone Number  Best Time to Call   DATE OF THIS NOTICE:  11-02-2011
    (    )     -                               EMPLOYER IDENTIFICATION NUMBER:  45-3724539
    _____      _____     FORM:  SS-4              NOBOD


    INTERNAL REVENUE SERVICE                  JLW INVESTMENTS INC
    CINCINNATI  OH   45999-0023               4980 APPIAN WAY STE 208
    [barcode]                                 EL SOBRANTE, CA  94803

# BYLAWS

# OF

# JLW INVESTMENTS, INC.

## (a California Corporation)

**BYLAWS**

**OF**

**JLW INVESTMENTS, INC.**

**ARTICLE I**
**OFFICES**

Section 1.1  Principal Office.  The Board of Directors shall fix the location of the principal executive office of the corporation at any place within or outside the State of California.  If the principal executive office is located outside California, and the corporation has one or more business offices in California, the Board of Directors shall fix and designate a principal business office in California.

Section 1.2  Other Offices.  The Board of Directors may at any time establish branch or subordinate offices at any place or places where the corporation is qualified to do business.

**ARTICLE II**
**SHAREHOLDERS**

Section 2.1  Place of Meetings.  Meetings of Shareholders shall be held at any place designated by the Board of Directors.  In the absence of designation, Shareholders' meetings shall be held at the principal executive office of the corporation.

Section 2.2  Annual Meeting.  Unless otherwise designated by the Board of Directors, the annual meeting of Shareholders shall be held in the second week of January of each year at a time to be determined by the Board of Directors; provided, however, that if this day falls on a legal holiday, then the meeting shall be held at the same time and place on the next succeeding business day.  At the annual meeting, directors shall be elected and any other proper business may be transacted.

Section 2.3  Special Meetings.  Special meetings of the Shareholders may be called for any purpose at any time by the President, the Board of Directors or the Chairman of the Board, or by one or more Shareholders holding not less than thirty-three percent (33%) of the shares entitled to vote at that meeting.

If a special meeting is called by any person or persons other than the Board of Directors, a written request to give notice of the meeting, specifying the time of the meeting and the general nature of the business to be transacted, shall be delivered personally or sent by registered mail or by telegraphic or other facsimile transmission to the Chairman of the Board, the President, any Vice President or the Secretary of the corporation.  The officer receiving the request shall cause notice to be given promptly to the shareholders entitled to vote, in accordance with the provisions of Section 2.4, that a

meeting will be held at the time requested by the person or persons calling the meeting, not less than thirty-five (35) nor more than sixty (60) days after the receipt of the request. If the notice is not given within twenty (20) days after receipt of the request, the person or persons requesting the meeting may give the notice. Nothing contained in this paragraph of this Section 2.3 shall be construed as limiting, fixing or affecting the time when a meeting of Shareholders called by action of the Board of Directors may be held.

Section 2.4  Notice of Meetings.  Notice of meetings of the Shareholders of the corporation shall be given in writing to each shareholder entitled to vote in accordance with Section 2.5 of these bylaws not less than ten (10) (or, if sent by third-class mail pursuant to Section 2.5 of these bylaws, thirty (30)) nor more than sixty (60) days before the meeting.  Such notice shall state the place, date and hour of the meeting and (a) in the case of special meetings, the general nature of the business to be transacted, and no other business may be transacted, or (b) in the case of annual meetings, those matters which the Board of Directors, at the time of the mailing of the notice, intends to present for action by the Shareholders, and (c) in the case of any meeting at which directors are to be elected, the names of the nominees whom, at the time of the notice, management intends to present for election.

If action is proposed to be taken at any meeting for approval of (i) a contract or transaction in which a director has a direct or indirect financial interest, pursuant to Section 310 of the Corporations Code of California (the "Code"), (ii) an amendment of the articles of incorporation, pursuant to Section 902 of the Code, (iii) a reorganization of the corporation, pursuant to Section 1201 of the Code, (iv) a voluntary dissolution of the corporation, pursuant to Section 1900 of the Code, or (v) a distribution in dissolution other than in accordance with the rights of outstanding preferred shares, pursuant to Section 2007 of the Code, the notice shall also state the general nature of that proposal.

Section 2.5  Manner of Giving Notice; Affidavit of Notice.  Notice of any meeting of Shareholders shall be given either personally, via facsimile, or by first-class mail or by third-class mail but only if the corporation has outstanding shares held of record by five hundred (500) or more persons (determined as provided in Section 605 of the Code) on the record date for the Shareholders' meeting or telegraphic or other written communication, charges prepaid, addressed to the shareholder at the address of that shareholder appearing on the books of the corporation or given by the shareholder to the corporation for the purpose of notice.  If no such address appears on the corporation's books or is given, notice shall be deemed to have been given if sent to that shareholder by first-class mail or telegraphic or other written communication to the corporation's principal executive office, or if published at least once in a newspaper of general circulation in the county where that office is located.  Notice shall be deemed to have been given at the time when delivered personally or deposited in the mail or sent by telegram or other means of written communication.

2

If any notice addressed to a shareholder at the address of that shareholder appearing on the books of the corporation is returned to the corporation by the United States Postal Service marked to indicate that the United States Postal Service is unable to deliver the notice to the shareholder at that address, all future notices or reports shall be deemed to have been duly given without further mailings if the same shall be available to the shareholder on written demand of the shareholder at the principal executive office of the corporation for a period of one (1) year from the date of the giving of the notice.

An affidavit of the mailing or other means of giving any notice of any Shareholders' meeting, executed by the Secretary, assistant Secretary or any transfer agent of the corporation giving the notice, shall be prima facie evidence of the giving of such notice.

Section 2.6   <u>Waiver of Notice or Consent by Absent Shareholders</u>.   The transactions of any meeting of Shareholders, however called and noticed, and wherever held, shall be as valid as though done at a meeting duly held after regular call and notice, if a quorum is present either in person or by proxy, and if, either before or after the meeting, each of the persons entitled to vote at the meeting, who was not present in person or by proxy, signs a written waiver of notice or a consent to the holding of the meeting or an approval of the minutes of the meeting.   The waiver of notice or consent need not specify either the business to be transacted or the purpose of any annual or special meeting of Shareholders, except that if action is taken or proposed to be taken for approval of any of those matters specified in the second paragraph of Section 2.4 of these bylaws, the waiver of notice or consent shall state the general nature of the proposal.   All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting.

Attendance by a person at a meeting shall also constitute a waiver of notice of that meeting, except when the person objects, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened, and except that attendance at a meeting is not a waiver of any right to object to the consideration of a matter not included in the notice of the meeting, if that objection is expressly made at the meeting.

Section 2.7   <u>Quorum</u>.   The representation in person or by proxy of a majority of the shares entitled to vote shall constitute a quorum for the transaction of business at a meeting of the Shareholders.   The Shareholders present at a duly called or held meeting at which a quorum is present may continue to transact business until adjournment, notwithstanding the withdrawal of enough Shareholders to leave less than a quorum, if any action taken (other than adjournment) is approved by at least a majority of the shares required to constitute a quorum.

3

Any Shareholders' meeting, annual or special, whether or not a quorum is present, may be adjourned from time to time by the vote of a majority of the shares represented in person or by proxy at that meeting, but in the absence of a quorum, no other business may be transacted, except as provided above.

When any Shareholders' meeting is adjourned, notice of the adjourned meeting need not be given if the time and place to which the meeting is adjourned are announced at the meeting at which the adjournment is taken, unless (a) the adjournment is for forty-five (45) days or more from the date set for the original meeting or (b) after the adjournment a new record date is fixed for the adjourned meeting.  In those cases, notice of the adjourned meeting shall be given pursuant to Section 2.5 to each shareholder entitled to vote at the adjourned meeting.

Section 2.8  Voting.

(a)  Procedures.  The shareholders entitled to vote at any meeting of Shareholders shall be determined in accordance with the provisions of Section 2.10, subject to the provisions of Sections 702 through 704, inclusive, of the Code (relating to voting shares held by a fiduciary, in the name of a corporation or in joint ownership).  The Shareholders' vote may be by voice vote or by ballot; provided, however, that any election for directors must be by ballot if demanded by any shareholder at the meeting before the voting has begun.  On any matter other than the election of directors, any shareholder may vote part of the shares in favor of the proposal and refrain from voting the remaining shares or vote them against the proposal, but, if the shareholder fails to specify the number of shares which the shareholder is voting affirmatively, it will be conclusively presumed that the shareholder's approving vote is with respect to all shares which the shareholder is entitled to vote.  Except as provided in Section 2.7 or in this Section 2.8, the affirmative vote of the majority of the shares represented and voting at a duly held meeting at which a quorum is present (which shares voting affirmatively also constitute at least a majority of the required quorum) shall be the act of the Shareholders, unless the vote of a greater number, or voting by classes, is required by the Code or by the articles of incorporation.

(b)  Cumulative Voting.  Shareholders entitled to vote at any election of directors shall have the right to cumulate their votes and give one candidate a number of votes equal to the number of directors to be elected multiplied by the number of votes to which their shares are normally entitled, or to distribute their votes on the same principle among as many candidates as they shall think fit; provided, however, that no shareholder shall be entitled to cumulate votes unless such candidates' names shall have been placed in nomination prior to commencement of the voting and at least one shareholder shall have given notice at the meeting prior to the voting of that shareholder's intention to vote cumulatively.  If any shareholder has given such a notice, then every shareholder entitled to vote may cumulate votes for candidates placed in nomination and give one candidate a number of votes equal to the number of directors to be elected multiplied by the number of votes to which that shareholder's shares are entitled, or distribute the shareholder's votes on the same principle among any or all of the candidates, as the

4

shareholder thinks fit.  The candidates receiving the highest number of votes, up to the number of directors to be elected, shall be elected.  If there are more candidates for than vacancies on the Board, the vacancies shall be filled by the candidates receiving the highest number of affirmative votes.

(c)     Proxies.  Every person entitled to vote shall have the right to do so either in person or by one or more agents authorized by a written proxy signed by such person and filed with the Secretary of the corporation.  A proxy shall be deemed signed if the shareholder's name is placed on the proxy (whether by manual signature, typewriting, telegraphic transmission, or otherwise) by the shareholder or the shareholder's attorney-in-fact.  A validly executed proxy which does not state that it is irrevocable shall continue in full force and effect unless (i) revoked by the person executing it, prior to the vote pursuant to that proxy, by a writing delivered to the corporation stating that the proxy is revoked, or by a subsequent proxy executed by, or attendance at the meeting and voting in person by, the person executing the proxy; or (ii) written notice of the death or incapacity of the maker of that proxy is received by the corporation before the vote pursuant to that proxy is counted; provided, however, that no proxy shall be valid after the expiration of eleven (11) months from the date of the proxy unless otherwise provided in the proxy.  The revocability of a proxy that states on its face that it is irrevocable shall be governed by the provisions of Sections 705(e) and (f) of the Code.

Section 2.9  Action Without Meeting.  Except as otherwise provided in this Section 2.9, any action which may be taken at any meeting of Shareholders may be taken without a meeting and prior notice, if a consent in writing, setting forth the action so taken, shall be signed by the holders of the outstanding shares having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.  All such consents shall be filed with the Secretary of the corporation and shall be maintained in the corporate records.  Any shareholder giving a written consent, or the shareholder's proxy holders, or a transferee of the shares, or a personal representative of the shareholder, or their respective proxy holders, may revoke the consent by a writing received by the Secretary of the corporation before written consents of the number of shares required to authorize the proposed action have been filed with the Secretary.

Unless consents of all shareholders entitled to vote have been solicited in writing, (a) prompt notice shall be given, in accordance with the provisions of Section 2.5, of actions taken without a meeting by less than unanimous written consent, to those shareholders entitled to vote who have not consented in writing; and (b) in the case of any shareholder approval which is (i) obtained without a meeting by less than unanimous written consent and (ii) pursuant to California General Corporation Law Section 310 (approval of contracts or transactions with an interested director), Section 317 (indemnification of agents of the corporation), Section 1201 (reorganization) or Section 2007 (plan of distribution on dissolution not in accordance with the rights of outstanding preferred shares), notice of such approval shall be given at least ten (10) days before the consummation of the action authorized by such approval.

5

Directors may not be elected by written consent except by unanimous written consent of all shares entitled to vote for their election; provided, however, that a director may be elected at any time to fill a vacancy that has not been filled by the Directors, except for a vacancy created by removal, by written consent of a majority of the outstanding shares entitled to vote.

Section 2.10  Record Date.

(a)  Established by the Board of Directors.  In order that the corporation may determine the Shareholders entitled to notice of, or to vote at, any meeting or entitled to receive payment of any dividend or other distribution or allotment of any rights, or entitled to exercise any rights in respect of any other lawful action, the Board of Directors may fix, in advance, a record date, which shall not be more than sixty (60) nor less than ten (10) days before the date of such meeting, nor more than sixty (60) days prior to any other action.

(b)  Established by Operation of Law.  If no record date is fixed:

(i)  the record date for determining Shareholders entitled to notice of, or to vote at, a meeting of Shareholders shall be at the close of business on the business day preceding the day on which notice is given or, if notice is waived, at the close of business on the business day preceding the day on which the meeting is held;

(ii)  the record date for determining Shareholders entitled to give consent to corporate action in writing without a meeting, when no prior action by the Board of Directors has been taken, shall be the day on which the first written consent is given; and

(iii)  the record date for determining Shareholders for any other purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto, or the sixtieth (60th) day prior to the date of such other action, whichever is later.

(c)  Effect of Determination of Record Date.  Shareholders of record at the close of business on the record date are entitled to notice and to vote, or to receive the dividend, distribution or allotment of rights, or to exercise the rights, as the case may be, notwithstanding any transfer of any shares on the books of the corporation after the record date, except as otherwise provided by agreement or in the Code.

Section 2.11  Inspectors of Election.  Before any meeting of Shareholders, the Board of Directors may appoint an inspector or inspectors of election to act at the meeting or its adjournment.  If no inspector of election is so appointed, the chairman of the meeting may, and on the request of any shareholder or a shareholder's proxy shall, appoint an inspector or inspectors of election to act at the meeting.  The number of inspectors shall be either one (1) or three (3).  If inspectors are appointed at a meeting pursuant to the request of one (1) or more Shareholders or proxies, the holders of a

6

majority of shares or their proxies present at the meeting shall determine whether one (1) or three (3) inspectors are to be appointed.  If any person appointed as inspector fails to appear or fails or refuses to act, the chairman of the meeting may, and upon the request of any shareholder or a shareholder's proxy shall, appoint a person to fill that vacancy.

Such inspectors shall:

(a)     Determine the number of shares outstanding and the voting power of each, the number of shares represented at the meeting, the existence of a quorum, and the authenticity, validity and effect of proxies;

(b)     Receive votes, ballots or consents;

(c)     Hear and determine all challenges and questions in any way arising in connection with the right to vote;

(d)     Count and tabulate all votes or consents;

(e)     Determine when the polls shall close;

(f)     Determine the result; and

(g)     Do any other acts that may be proper to conduct the election or vote with fairness to all Shareholders.

## ARTICLE III
## BOARD OF DIRECTORS

Section 3.1  <u>Powers</u>.  Subject to the provisions of the Code and to any limitations in the articles of incorporation or these bylaws requiring shareholder authorization or approval of a particular action, the business and affairs of the corporation shall be managed, and all corporate powers shall be exercised, by or under the direction of the Board of Directors.  The Board of Directors may delegate the management of day-to-day operation of the business of the corporation to (i) a management company, (ii) an advisory Board the members of which shall be selected by and in the sole discretion of the Board, or (iii) other person; <u>provided</u>, <u>however</u>, that the business and affairs of the corporation shall be managed, and all corporate powers shall be exercised, under the ultimate direction of the Board of Directors.

Section 3.2  <u>Number and Qualification of Directors</u>.  This corporation shall initially have one (1) director and two (2) vacancies on the Board of Directors until the Shareholders duly elect the remaining directors.  The Shareholders shall, in their sole discretion, fill the vacant Board seats at a duly noticed special meeting or at an annual meeting of the Shareholders.  Once the vacancies are filled, the corporation shall have a fixed number of three (3) directors until changed by an amendment to the articles of

7

incorporation, or by an amendment to this Section 3.2 adopted by approval of a majority of the outstanding shares entitled to vote.

After the issuance of shares, a bylaw specifying or changing a fixed number of directors or the maximum or minimum number or changing from a fixed to a variable board or vice versa may only be adopted by approval of a majority of the outstanding shares entitled to vote.

Section 3.3  <u>Election and Term of Office</u>.  The directors shall be elected at each annual meeting of Shareholders to hold office until the next annual meeting. Subject to the provisions of Sections 3.5 and 3.6, each director shall hold office until the expiration of the term for which elected and until a successor has been elected.

Section 3.4  <u>Vacancies</u>.  Except for the initial vacancies referred to in Section 3.2 or a vacancy created by the removal of a director, vacancies in the Board of Directors may be filled by a majority of the remaining directors, whether or not less than a quorum, or by a sole remaining director.  The Shareholders shall elect a director or directors to fill any vacancy created by removal, and the Shareholders may elect a director or directors at any time to fill a vacancy not filled by the Directors, but such election, if by written consent, shall be pursuant to the provisions of Section 2.9.  Each director so elected shall hold office until the next annual meeting of the Shareholders and until a successor has been elected.

Section 3.5  <u>Resignation</u>.  Any director may resign effective upon giving written notice to the Chairman of the Board, the President, the Secretary or the Board of Directors, unless the notice specifies a later time for that resignation to become effective. If the resignation is effective at a future time, a successor may be elected to take office when the resignation becomes effective.

Section 3.6  <u>Removal</u>.  The Board of Directors may declare vacant the office of a director who has been declared of unsound mind by order of court, or who has been convicted of a felony.  Any or all of the Directors may be removed without cause by an affirmative vote of a majority of the outstanding shares entitled to vote; <u>provided</u>, <u>however</u>, that unless the entire Board is removed, no individual director may be removed when the votes cast against removal, or not consenting in writing to such removal, would be sufficient to elect such director if voted cumulatively at an election at which the same total number of votes were cast (or, if such action is taken by written consent, all shares entitled to vote were voted) and the entire number of directors authorized at the time of the director's most recent election were then being elected.

Section 3.7  <u>Place of Meetings</u>.  Meetings of the Board of Directors may be held at any place which has been designated in the notice of the meeting, or, if not stated in the notice or if there is no notice, designated in the bylaws or by resolution of the Board of Directors.  In the absence of designation, meetings shall be held at the principal executive office of the corporation.

Section 3.8   <u>Annual Meetings</u>.   Immediately following, and at the same place as each annual meeting of Shareholders the Board of Directors shall hold without call or notice other than this bylaw an annual meeting for the purposes of organization, election of officers and the transaction of other business.   Special meetings of the Board of Directors shall be held without notice at such time and place as shall be determined from time to time by the Board of Directors.

Section 3.9   <u>Special Meetings; Notice</u>.   The Chairman of the Board or the President or any Vice President or the Secretary or any two directors may call special meetings of the Board of Directors at any time.   Notice of the time and place of all special meetings shall be given to each director by any of the following means:

(a)   By personal delivery, or by telephone or telegraph at least forty-eight (48) hours prior to the time of the meeting; or

b)   By first-class mail, postage prepaid, at least four (4) days prior to the time of the meeting.

Any oral notice given personally or by telephone may be communicated either to the director or to a person at the office of the director who the person giving the notice has reason to believe will promptly communicate it to the director.   The notice need not specify the purpose or the place of the meeting, if the meeting is to be held at the principal executive office of the corporation.

Section 3.10   <u>Waiver of Notice</u>.   Notice of a meeting need not be given to any director who, either before or after the meeting, signs a written waiver of notice or a consent to holding the meeting or an approval of the minutes thereof.   All such waivers, consents and approvals shall be filed with the corporate records or made a part of the minutes of the meeting.   Notice of a meeting also need not be given to any director who attends the meeting without protesting, before or at its commencement, the lack of notice to such director.

Section 3.11   <u>Participation by Telephone</u>.   Members of the Board of Directors may participate in a meeting through use of conference telephone or similar communications equipment, as long as all members participating in such meeting can hear one another.   Participation in a meeting pursuant hereto constitutes presence in person at such meeting.

9

Section 3.12  <u>Quorum and Action at Meeting</u>.  A majority of the authorized number of directors fixed by Section 3.2 shall constitute a quorum for the transaction of business, except to adjourn as provided in Section 3.13 of these bylaws.  Subject to the provisions of the Code, every act or decision done or made by a majority of the Directors present at a meeting duly held at which a quorum is present shall be regarded as the act of the Board of Directors.  A meeting at which a quorum is initially present may continue to transact business notwithstanding the withdrawal of directors, if any action taken is approved by at least a majority of the required quorum for that meeting.

Section 3.13  <u>Adjournment/Notice of Adjournment</u>.  A majority of the Directors present, whether or not constituting a quorum, may adjourn any meeting to another time and place.  Notice of the time and place of holding an adjourned meeting need not be given, unless the meeting is adjourned for more than twenty-four (24) hours, in which case notice of the time and place shall be given before the time of the adjourned meeting, in the manner specified in Section 3.7 of these bylaws, to the Directors who were not present at the time of the adjournment.

Section 3.14  <u>Action Without Meeting</u>.  Any action required or permitted to be taken by the Board of Directors may be taken without a meeting, if all members of the Board individually or collectively consent in writing to the action.  Such written consent or consents shall be filed with the minutes of the Board.  Actions by written consent shall have the same force and effect as a unanimous vote of the Directors.

Section 3.15  <u>Committees</u>.  The Board of Directors may, by resolution adopted by a majority of the authorized number of directors, designate one or more committees, each consisting of two or more directors and each of which, except to the extent provided in the resolution and as limited by Section 311 of the Code, shall have all the authority of the Board of Directors.  Further, the Board may designate one or more directors as alternate members of any committee, who may replace any absent member at any meeting of the committee.  Each committee shall serve at the pleasure of the Board.

Section 3.16  <u>Meetings and Action of Committees</u>.  Meetings and action of committees shall be governed by, and held and taken in accordance with, the provisions of Article III of these bylaws, with such changes in the context of these bylaws as are necessary to substitute the committee and its members for the Board of Directors and its members, except that the time for regular meetings of committees may be determined either by resolution of the Board of Directors or by resolution of the committee.  Special meetings of committees may also be called by resolution of the Board of Directors.  Notice of special meetings of committees shall also be given to all alternate members, who shall have the right to attend all meetings of the committee.  Minutes shall be kept of each meeting of any committee and shall be filed with the corporate records.  The Board of Directors may adopt such other rules for the governance of any committee as are not inconsistent with the provisions of these bylaws.

10

Section 3.17    Advisory Board.  The Board of Directors may, by resolution adopted by a majority of the Directors, designate an Advisory Board, which shall consist of any number of persons elected by a majority of the Board of Directors. The Advisory Board shall perform tasks, provide consultation, and generally serve at the pleasure of the Board. The Advisory Board shall not have the authority to bind the corporation in any manner.

Section 3.18    Compensation and Expenses of Directors.    Directors, members of committees, and members of the Advisory Board shall not receive compensation for their services or reimbursement for their expenses except in amounts fixed or determined by resolution of the Board of Directors.  This Section 3.18 shall not be construed to preclude any director from serving the corporation in any other capacity as an officer, agent, employee or otherwise, and receiving compensation for those services.

## ARTICLE IV
## OFFICERS

Section 4.1  Officers.  The officers of the corporation shall be a President, Vice President, a Secretary and a Chief Financial Officer, all of whom shall be elected by, and serve at the pleasure of, the Board of Directors.  The corporation may also have, at the discretion of the Board of Directors, a Chairman of the Board, additional vice presidents and such other officers as may be deemed expedient for the proper conduct of the business of the corporation, each of whom shall have such authority and shall perform such duties as the Board of Directors may from time to time determine.  One person may hold two or more offices.

Section 4.2  Removal and Resignation.  Subject to the rights, if any, of an officer under any contract of employment, any officer may be removed at any time, with or without cause, by the Board of Directors or, except in the case of an officer chosen by the Board of Directors, by an officer upon whom such power of removal may be conferred by the Board of Directors.  Any officer may resign at any time by giving written notice to the corporation without prejudice to the rights, if any, of the corporation under any contract to which the officer is a party.  Any resignation shall take effect at the date of the receipt of the notice or at any later time specified in the notice, and unless otherwise specified in the notice, the acceptance of the resignation shall not be necessary to make it effective.

Section 4.3  Vacancies in Offices.  A vacancy in any office because of death, resignation, removal, disqualification or any other cause shall be filled in the manner prescribed in these bylaws for regular appointments to that office.

Section 4.4  Chairman of the Board.  The Chairman of the Board, if such an officer be elected, shall, if present, preside at all meetings of Shareholders and the Board of Directors and shall perform all other duties incident to the office or properly required by the Board of Directors.

11

Section 4.5  <u>President</u>.  The President shall be the general manager and president of the corporation and, subject to the control of the Board of Directors, shall have general supervision over and control of the business and officers of the corporation. In the absence of the Chairman of the Board or if that office is not filled, the President shall preside at all meetings of the Shareholders and, if a member of the Board of Directors, at all meetings of the Board of Directors.  The President shall have general power of management as well as any other powers and duties prescribed by the Board of Directors, and shall be primarily responsible for carrying out all orders and resolutions of the Board of Directors.

Section 4.6  <u>Vice President</u>.  In the absence or disability of the President, the Vice President shall perform all the duties of the President, and when so acting shall have all the powers of, and be subject to all the restrictions upon, the President. The Vice President shall have such other powers and perform such other duties as from time to time may be prescribed by the Board of Directors or the President.

Section 4.7  <u>Secretary</u>.  The Secretary shall keep, or cause to be kept, at the corporation's principal executive office, or such other place as the Board of Directors may direct, a book of minutes of all meetings and actions of directors, committees of directors and Shareholders.  The minutes of each meeting shall state the time and place that it was held and such other information as shall be necessary to determine the actions taken at the meeting and whether the meeting was held in accordance with the law and these bylaws.  The Secretary shall keep, or cause to be kept, at the corporation's principal executive office, or at the office of its transfer agent or registrar, a share register showing the names and addresses of all Shareholders, the number and class of shares held by each, the number and date of certificates evidencing such shares, and the number and date of cancellation of every certificate surrendered for cancellation.  The Secretary shall give, or cause to be given, notice of all meetings of Shareholders, directors and committees required to be given by the bylaws, and shall keep the seal of the corporation, if or be adopted, in safe custody.  The Secretary shall have such other powers and perform such other duties as may be properly prescribed by the Board of Directors or the President.

Section 4.8  <u>Chief Financial Officer</u>.  The Chief Financial Officer shall have the custody of all moneys and securities of the corporation and shall keep regular books of account.  The Chief Financial Officer shall disburse the funds of the corporation in payment of the just demands against the corporation or as may be ordered by the Board of Directors, taking proper vouchers for such disbursements, and shall render to the Board of Directors from time to time as may be required by the Board of Directors an account of all transactions as Chief Financial Officer and of the financial condition of the corporation.  The Chief Financial Officer shall have such other powers and perform all duties incident to the office or which may be properly prescribed by the Board of Directors or the President.

Section 4.9  <u>Salaries</u>.  The salaries of the officers may be fixed from time to time by the Board of Directors or by agreements approved by a majority of the Board of

12

Directors.  No officer shall be prevented from receiving such salary by reason of the fact that the officer is also a director of the corporation.

## ARTICLE V
## MISCELLANEOUS

Section 5.1   <u>Records and Inspection Rights</u>.  The corporation shall keep such records (including shareholders' lists, accounting books, minutes of meetings and other records) as are required by the Code, and these records shall be open to inspection by the Directors and Shareholders of the corporation to the extent permitted by the Code.

Section 5.2   <u>Annual Report to Shareholders; Waiver</u>.  The Board of Directors shall cause an annual report to be sent to the Shareholders not later than one hundred twenty (120) days after the close of the fiscal year adopted by the corporation. Such report shall be sent at least fifteen (15) days before the annual meeting of Shareholders to be held during the next fiscal year and in the manner specified in Section 2.5 of these bylaws for giving notice to Shareholders of the corporation.

The annual report shall contain a balance sheet as of the end of the fiscal year, an income statement, and statement of changes in financial position for the fiscal year, accompanied by any report of independent accountants or, if there is no such report, the certificate of an authorized officer of the corporation that the statements were prepared without audit from the books and records of the corporation.

The foregoing requirement of an annual report shall be waived so long as the shares of the corporation are held by less than one hundred (100) holders of record.

Section 5.3   <u>Annual Statement of General Information</u>. The corporation, during the applicable filing period in each year, shall file with the Secretary of State of the State of California, on the prescribed form, a statement setting forth:  the names and complete business or residence addresses of all incumbent directors; the number of vacancies on the Board, if any; the names and complete business or residence addresses of the President, Secretary and Chief Financial Officer; the street address of its principal executive office or principal business office in this state; and the general type of business constituting the principal business activity of the corporation; together with a designation of the agent of the corporation for the purpose of service of process.  All of the requirements of this Section 5.3 shall be carried out in compliance with Section 1502 of the Code.

Section 5.4   <u>Checks, Drafts, Evidences of Indebtedness</u>.  All checks, drafts or other orders for payment of money, notes or other evidences of indebtedness, issued in the name of, or payable to, the corporation, shall be signed or endorsed by such person or persons and in such manner as, from time to time, shall be determined by resolution of the Board of Directors.

13

Section 5.5  <u>Execution of Corporate Contracts and Instruments</u>.  Subject to restrictions on corporate loans and guarantees to directors, officers, employees or Shareholders as provided by Section 315 of the Code, the Board of Directors may authorize any officer or officers or agent or agents, or appoint an attorney-in-fact or attorneys-in-fact, to enter into any contract or execute any instrument in the name of, and on behalf of, the corporation, and this authority may be general or confined to specific instances; and unless so authorized or appointed, or unless afterwards ratified by the Board of Directors, no officer, agent or employee with the sole exception of the President shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable for any purpose or for any amount.

Section 5.6  <u>Certificates for Shares</u>.  Every holder of shares in the corporation shall be entitled to have a certificate signed in the name of the corporation by the President or Vice President and by the Chief Financial Officer or the Secretary certifying the number of shares and the class or series of shares owned by the shareholder. Any or all of the signatures on the certificate may be facsimile.  In case any officer, transfer agent or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be that officer, transfer agent or registrar before such certificate is issued, it may be issued by the corporation with the same effect as if such person were an officer, transfer agent or registrar at the date of issue.

Section 5.7  <u>Lost, Stolen or Destroyed Certificates</u>.  The corporation may issue a new share certificate or a new certificate for any other security in the place of any certificate previously issued by it and alleged to have been lost, stolen or destroyed.  As a condition to the issuance of a new share certificate, the corporation may require the owner of the lost, stolen or destroyed certificate or the owner's legal representative to give the corporation a bond (or other adequate security) sufficient to indemnify it against any claim that may be made against it (including any expense or liability) on account of the alleged loss, theft or destruction of any such certificate or the issuance of such replacement certificate.

Section 5.8  <u>Corporate Seal</u>.  The corporation may have a corporate seal in such form as shall be prescribed and adopted by the Board of Directors.

Section 5.9  <u>Construction and Definitions</u>.  Unless the context requires otherwise, the general provisions, rules of construction and definitions in the Code shall govern the construction of these bylaws.  Without limiting the generality of this provision, the singular number includes the plural, the plural includes the singular, and the term "person" includes both a corporation and a natural person.

14

## ARTICLE VI
## INDEMNIFICATION OF DIRECTORS, OFFICERS,
## EMPLOYEES AND OTHER AGENTS

Section 6.1 Definitions. For purposes of this Article VI, "agent" means any person who is or was a director, officer, employee or other agent of the corporation, or is or was serving at the request of the corporation as a director, officer, employee or agent of another foreign or domestic corporation, partnership, joint venture, trust or other enterprise, or was a director, officer, employee or agent of a foreign or domestic corporation which was a predecessor corporation; "proceeding" means any threatened, pending or completed action or proceeding, whether civil, criminal, administrative or investigative; and "expenses" includes without limitation attorneys' fees and any expenses of establishing a right to indemnification under Section 6.4 or clause (iii) of Section 6.5 below.

Section 6.2 Third Party Actions. Subject to the provisions of this Article VI, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any proceeding (other than an action by or in the right of the corporation to procure a judgment in its favor) by reason of the fact that such person is or was an agent of the corporation, against expenses, judgments, fines, settlements and other amounts actually and reasonably incurred by him in connection with such proceeding if such person acted in good faith and in a manner such person reasonably believed to be in the best interests of the corporation, and, in the case of a criminal proceeding, had no reasonable cause to believe his conduct was unlawful. The termination of any proceeding by judgment, order, settlement, conviction, or upon a plea of nolo contendere or its equivalent shall not, of itself, create a presumption that the person did not act in good faith and in a manner which he reasonably believed to be in the best interests of the corporation or that the person had reasonable cause to believe that his conduct was unlawful.

Section 6.3 Actions by or in the Right of the Corporation. Subject to the provisions of this Article VI, the corporation shall indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending or completed action by or in the right of the corporation to procure a judgment in its favor, or in a shareholder class action suit instituted against such agent, by reason of the fact that such person is or was an agent of the corporation, against expenses actually and reasonably incurred by such person in connection with the defense or settlement of such action if such person acted in good faith and in a manner such person reasonably believed to be in the best interests of the corporation and its Shareholders. Notwithstanding the foregoing, no indemnification shall be made under this Section 6.3 for any of the following:

(a) In respect of any claim, issue or matter as to which such person shall have been adjudged to be liable to the corporation in the performance of such person's duty to the corporation and its Shareholders, unless and only to the extent that the court in which such proceeding is or was pending shall determine upon application that, in view

15

of all the circumstances of the case, such person is fairly and reasonably entitled to indemnity for expenses and then only to the extent that the court shall determine.

(b)     Of amounts paid in settling or otherwise disposing of a pending action without court approval.

(c)     Of expenses incurred in defending a pending action that is settled or otherwise disposed of without court approval.

Notwithstanding any other provision of this Article VI, no person shall be indemnified hereunder for any expenses or amounts paid in settlement with respect to any action to recover short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended.

Section 6.4   <u>Successful Defense</u>.   To the extent that an agent of the corporation has been successful on the merits in defense of any proceeding referred to in Sections 6.2 and 6.3 or in defense of any claim, issue or matter therein, the agent shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by such agent in connection therewith.

Section 6.5   <u>Determination of Conduct</u>.   Except as provided in Section 6.4 above, any indemnification under Sections 6.2 and 6.3 shall be made by the corporation only if authorized in the specific case upon a determination that indemnification of the agent is proper in the circumstances because the agent has met the applicable standard of conduct set forth in Section 6.2 or 6.3.   Such determination shall be made by any of the following:  (i) a majority vote of a quorum of the Board of Directors consisting of directors who were not parties to such proceeding; (ii) if such a quorum is not obtainable, by independent legal counsel in a written opinion; (iii) approval of a majority of the shares represented and voting at a duly held meeting at which a quorum is present or approval by the written consent of the holders of a majority of the shares, with the shares owned by the person to be indemnified not being entitled to vote thereon or consent thereto; or (iv) the court in which such proceeding is or was pending upon application made by the corporation or the agent or the attorney or other person  rendering services in connection with the defense, whether or not such application by the agent, attorney or other person is opposed by the corporation.   Notwithstanding the foregoing, an agent of the corporation shall be entitled to contest any determination that the agent has not met the applicable standard of conduct set forth in Sections 6.2 and 6.3 by petitioning a court of competent jurisdiction.

Section 6.6   <u>Payment of Expenses in Advance</u>.   Expenses incurred in defending any proceeding, by an individual who may be entitled to indemnification pursuant to Section 6.2 or 6.3, may be paid by the corporation prior to the final disposition of such proceeding upon receipt of an undertaking by or on behalf of the agent to repay such amount if it shall be determined ultimately that the agent is not entitled to be indemnified as authorized in this Article VI.

Section 6.7  Indemnity not Exclusive.  The indemnification provided by this Article VI shall not be deemed exclusive of any other rights to which those seeking indemnification may be entitled under any bylaw, agreement, vote of Shareholders or disinterested directors or otherwise, both as to action in an official capacity and as to action in another capacity while holding such office, to the extent such additional rights to indemnification are authorized in the articles of incorporation.  The rights to indemnity hereunder shall continue as to a person who has ceased to be a director, officer, employee, or agent and shall inure to the benefit of the heirs, executors, and administrators of the person.  Nothing contained in this Article VI shall affect any right to indemnification to which persons other than such directors and officers may be entitled by contract or otherwise.

Section 6.8  Limitations on Indemnification.  No indemnification or advance shall be made under this Article VI, except as provided in Section 6.4 and clause (iii) of Section 6.5, in any circumstance where it appears:

(a)     That it would be inconsistent with a provision of the articles of incorporation, bylaws, a resolution of the Shareholders or an agreement in effect at the time of the accrual of the alleged cause of action asserted in the proceeding in which the expenses were incurred or other amounts were paid, which prohibits or otherwise limits indemnification.

(b)     That it would be inconsistent with any condition expressly imposed by a court in approving a settlement.

Section 6.9  Insurance Indemnification.  The corporation shall have the power to purchase and maintain insurance on behalf of any agent of the corporation against any liability asserted against or incurred by the agent in such capacity or arising out of the agent's status as such whether or not the corporation would have the power to indemnify the agent against such liability under the provisions of this Article VI.  The fact that this corporation may own all or a portion of the shares of the company issuing a policy of insurance shall not render this Section 6.9 inapplicable if either of the following conditions are satisfied: (1) if authorized in the articles of incorporation of the corporation, any policy issued is limited to the extent provided by subdivision (d) of Section 204 of the California Corporations Code; or (2) (A) the company issuing the insurance policy is organized, licensed, and operated in a manner that complies with the insurance laws and regulations applicable to its jurisdiction of organization, (B) the company issuing the policy provides procedures for processing claims that do not permit that company to be subject to the direct control of the corporation that purchased that policy, and (C) the policy issued provides for some manner of risk sharing between the issuer and purchaser of the policy, on one hand, and some unaffiliated person or persons, on the other, such as by providing for more than one unaffiliated owner of the company issuing the policy or by providing that a portion of the coverage furnished will be obtained from some unaffiliated insurer or reinsurer.

17

Section 6.10 <u>Employee Benefit Plans</u>.  This Article VI does not apply to any proceeding against any trustee, investment manager or other fiduciary of an employee benefit plan in such person's capacity as such, even though such person may also be an agent as defined in Section 6.1 of the employer corporation.   The corporation shall indemnify such a trustee, investment manager or other fiduciary to the extent permitted by subdivision (f) of Section 207 of the California Corporations Code.

Section 6.11 <u>Indemnification of Other Persons</u>.   The provisions of this Article VI shall not be deemed to preclude the indemnification of any person who is not an agent of the corporation, but whom the corporation has the power or obligation to indemnify under the provisions of the California Corporations Code or otherwise.   The corporation may, in its sole discretion, indemnify an employee, trustee or other agent as permitted by the California Corporations Code.   The corporation shall indemnify an employee, trustee or other agent where required by law.

## ARTICLE VII
## AMENDMENTS

Section 7.1 <u>Amendment by Shareholders</u>.  New bylaws may be adopted or these bylaws may be amended or repealed by the affirmative vote or written consent of a majority of the outstanding shares entitled to vote, except as otherwise provided by law or by the articles of incorporation.

Section 7.2 <u>Amendment by Directors</u>.  Subject to the right of Shareholders as provided in Section 7.1, bylaws other than a bylaw or amendment thereof changing the authorized number of directors (except to fix the authorized number of directors pursuant to a bylaw providing for a variable number of directors) may be adopted, amended or repealed by the Board of Directors.

## CERTIFICATE OF SECRETARY

I, the undersigned, certify that I am the presently elected and acting Secretary of JLW Investments, Inc. a California corporation, and the foregoing bylaws, consisting of 19 pages, including this page, are the bylaws of this corporation as adopted by unanimous written consent of the Board of Directors on October 26, 2011.

Dated:  As of October 26, 2011

Executed at Sacramento, California.

Jehoaddan Wilson, Secretary

Form **1120S**

Department of the Treasury
Internal Revenue Service

## U.S. Income Tax Return for an S Corporation

▶ Do not file this form unless the corporation has filed or is attaching Form 2553 to elect to be an S corporation.
▶ See separate instructions.

OMB No. 1545-0130

**2011**

For calendar year 2011 or tax year beginning _____ , 2011, ending _____ , 20 ___

| | | |
|---|---|---|
| **A** S election effective date<br>10/26/2011 | **Name** JLW INVESTMENTS INC<br>ENTERPRISE FINANCIAL | **D** Employer identification number<br>45-3724539 |
| **B** Business activity code number (see instructions)<br>541213 | **TYPE OR PRINT** Number, street, and room or suite no. If a P.O. box, see instructions.<br>191 SAND CREEK RD, 212 | **E** Date incorporated<br>10/26/2011 |
| **C** Check if Sch. M-3 attached ☐ | City or town, state, and ZIP code<br>BRENTWOOD, CA 94513 | **F** Total assets (see instructions)<br>$ |

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☒ Yes ☐ No If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change **(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . ▶ 1

**Caution:** Include only trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | |
|---|---|---|---|
| **I N C O M E** | **1a** Merchant card and third-party payments. For 2011, enter -0- | 1a | |
| | **b** Gross receipts or sales not reported on line 1a (see instructions) . . . . . | 1b | 2,465. |
| | **c** Total. Add lines 1a and 1b . . . . . . . . . . . . . | 1c | 2,465. |
| | **d** Returns and allowances plus any other adjustments (see instructions). . | 1d | |
| | **e** Subtract line 1d from line 1c . . . . . . . . . . . . . . . . | 1e | 2,465. |
| | **2** Cost of goods sold (attach Form 1125-A) . . . . . . . . . . . | 2 | |
| | **3** Gross profit. Subtract line 2 from line 1e . . . . . . . . . . . | 3 | 2,465. |
| | **4** Net gain (loss) from Form 4797, Part II, line 17 (attach Form 4797) . . . | 4 | |
| | **5** Other income (loss) (see instructions - attach statement). . . . . . . | 5 | |
| | **6** **Total income (loss).** Add lines 3 through 5 . . . . . . . . . ▶ | 6 | 2,465. |
| **D E D U C T I O N S** (See instructions for limitations) | **7** Compensation of officers . . . . . . . . . . . . . . | 7 | |
| | **8** Salaries and wages (less employment credits) . . . . . . . . . | 8 | |
| | **9** Repairs and maintenance . . . . . . . . . . . . . . | 9 | |
| | **10** Bad debts . . . . . . . . . . . . . . . . . . | 10 | |
| | **11** Rents . . . . . . . . . . . . . . . . . . . | 11 | 1,650. |
| | **12** Taxes and licenses . . . . . . . . . . . . . . . | 12 | |
| | **13** Interest . . . . . . . . . . . . . . . . . . . | 13 | |
| | **14** Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 14 | |
| | **15** Depletion (**Do not deduct oil and gas depletion.**) . . . . . . . | 15 | |
| | **16** Advertising . . . . . . . . . . . . . . . . . . | 16 | |
| | **17** Pension, profit-sharing, etc., plans . . . . . . . . . . . | 17 | |
| | **18** Employee benefit programs . . . . . . . . . . . . . | 18 | |
| | **19** Other deductions (attach statement) . . . . . . . . . . . | 19 | 785. |
| | **20** **Total deductions.** Add lines 7 through 19 . . . . . . . . ▶ | 20 | 2,435. |
| | **21** **Ordinary business income (loss).** Subtract line 20 from line 6 . . . . | 21 | 30. |
| **T A X A N D P A Y M E N T S** | **22a** Excess net passive income or LIFO recapture tax (see instructions) . . | 22a | |
| | **b** Tax from Schedule D (Form 1120S) . . . . . . . . . | 22b | |
| | **c** Add lines 22a and 22b (see instructions for additional taxes) . . . . | 22c | 0. |
| | **23a** 2011 estimated tax payments and 2010 overpayment credited to 2011 . . | 23a | |
| | **b** Tax deposited with Form 7004 . . . . . . . . . . . | 23b | |
| | **c** Credit for federal tax paid on fuels (attach Form 4136) . . . . . | 23c | |
| | **d** Add lines 23a through 23c . . . . . . . . . . . . . | 23d | |
| | **24** Estimated tax penalty (see instructions). Check if Form 2220 is attached ▶ ☐ | 24 | |
| | **25** **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed . | 25 | 0. |
| | **26** **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid . | 26 | |
| | **27** Enter amount of line 26 **Credited to 2012 estimated tax** ▶ _____ **Refunded** ▶ | 27 | 0. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Signature of officer | Date | Title |
|---|---|---|
| | | |

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

**Paid Preparer's Use Only**

| Print/Type preparer's name<br>Pierre Sarkis | Preparer's signature | Date | Check ☒ if self-employed | PTIN<br>P00260226 |
|---|---|---|---|---|
| Firm's name ▶ Sarkis Professional Tax Service | | | Firm's EIN ▶ 59-3768203 | |
| Firm's address ▶ 4980 Appian Way, Ste 200<br>El Sobrante          CA 94803 | | | Phone no.<br>510-367-1550 | |

For Paperwork Reduction Act Notice, see separate instructions.

UYA

Form **1120S** (2011)

Form 1120S (2011)      JLW INVESTMENTS INC                                45-3724539   Page **2**

| Schedule B | Other Information (see instructions) | Yes | No |
|---|---|---|---|

**1** Check accounting method:   a ☒ Cash   b ☐ Accrual   c ☐ Other (specify) ▶ _____

**2** See the instructions and enter the:

   **a** Business activity ▶ <u>ACCOUNTING & TAX PREPARAT</u>   **b** Product or service ▶ **SERVICE**

**3** At the end of the tax year, did the corporation own, directly or indirectly, 50% or more of the voting stock of a domestic corporation? (For rules of attribution, see section 267(c).) If "Yes," attach a statement showing: **(a)** name and employer identification number (EIN), **(b)** percentage owned and **(c)** if 100% owned, was a qualified subchapter S subsidiary election made? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **X**

**4** Has this corporation filed, or is it required to file, **Form 8918,** Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **X**

**5** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . ▶ ☐

If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments.

**6** If the corporation: **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years *(see instructions)* . . . . . . . . . . . . . . . . . . . ▶ $ _____

**7** Enter the accumulated earnings and profits of the corporation at the end of the tax year.          $ _____

**8** Are the corporation's total receipts *(see instructions)* for the tax year **and** its total assets at the end of the tax year less than $250,000? If "Yes," the corporation is not required to complete Schedules L and M-1 . . . . . . . . . . . . **X** |  |

**9** During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions . . . | | **X** |

**10a** Did the corporation make any payments in 2011 that would require it to file Form(s) 1099 (see instructions)?. . . . . . . | | **X** |

  **b** If "Yes," did the corporation file or will it file all required Forms 1099? . . . . . . . . . . . . . . . . . . . . . . |  |

| Schedule K | Shareholders' Pro Rata Share Items | | Total amount |
|---|---|---|---|
| | | | |

|  |  | | | | |
|---|---|---|---|---|---|
| | **1** Ordinary business income (loss) (page 1, line 21) . . . . . . . . . . . . . . | | **1** | | 30. |
| | **2** Net rental real estate income (loss) *(attach Form 8825)* . . . . . . . . . . . | | **2** | | |
| | **3a** Other gross rental income (loss) . . . . . . . . . | **3a** | | | |
| | **b** Expenses from other rental activities *(attach statement)* . . . . . | **3b** | | | |
| | **c** Other net rental income (loss). Subtract line 3b from line 3a . . . . . . . . . | | **3c** | | |
| Income (Loss) | **4** Interest income . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **4** | | |
| | **5** Dividends: **a** Ordinary dividends . . . . . . . . . . . . . . . . . | | **5a** | | |
| | **b** Qualified dividends . . . . . . . . | **5b** | | | |
| | **6** Royalties . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **6** | | |
| | **7** Net short-term capital gain (loss) *(attach Schedule D (Form 1120S))* . . . . . . | | **7** | | |
| | **8a** Net long-term capital gain (loss) *(attach Schedule D (Form 1120S))*. . . . . . . | | **8a** | | |
| | **b** Collectibles (28%) gain (loss). . . . . . . . . . | **8b** | | | |
| | **c** Unrecaptured section 1250 gain *(attach statement)* . . . . . . . . | **8c** | | | |
| | **9** Net section 1231 gain (loss) *(attach Form 4797)* . . . . . . . . . . . . . | | **9** | | |
| | **10** Other income (loss) *(see instructions)* . . . . . . . . . . . Type ▶ | | **10** | | |

UYA                                                                              Form **1120S** (2011)

Form 1120S (2011)   **JLW INVESTMENTS INC**   45-3724539   Page **3**

| | Shareholders' Pro Rata Share Items   *(continued)* | | Total amount |
|---|---|---|---|
| **Deductions** | **11** Section 179 deduction *(attach Form 4562)* . . . . . . . . . . . . . . . | **11** | |
| | **12 a** Contributions . . . . . . . . . . . . . . . . . . . . . . . . . | **12a** | |
| | **b** Investment interest expense . . . . . . . . . . . . . . . . . . . . | **12b** | |
| | **c** Section 59(e)(2) expenditures   **(1)** Type ▶ _____ **(2)** Amount ▶ | **12c(2)** | |
| | **d** Other deductions *(see instructions)* . . . . . Type ▶ | **12d** | |
| **Credits** | **13 a** Low-income housing credit (section 42(j)(5)) . . . . . . . . . . . . . | **13a** | |
| | **b** Low-income housing credit (other) . . . . . . . . . . . . . . . . . | **13b** | |
| | **c** Qualified rehabilitation expenditures (rental real estate) *(attach Form 3468)* . . . . . . | **13c** | |
| | **d** Other rental real estate credits *(see instructions)*     Type ▶ | **13d** | |
| | **e** Other rental credits *(see instructions)* . . . . . . . Type ▶ | **13e** | |
| | **f** Alcohol and cellulosic biofuel fuels credit *(attach Form 6478)*. . . . . . . | **13f** | |
| | **g** Other credits *(see instructions)* . . . . . . . . . Type ▶ | **13g** | |
| **Foreign Transactions** | **14 a** Name of country or U.S. possession  ▶ | | |
| | **b** Gross income from all sources . . . . . . . . . . . . . . . . . . | **14b** | |
| | **c** Gross income sourced at shareholder level . . . . . . . . . . . . . | **14c** | |
| | *Foreign gross income sourced at corporate level* | | |
| | **d** Passive category . . . . . . . . . . . . . . . . . . . . . . | **14d** | |
| | **e** General category . . . . . . . . . . . . . . . . . . . . . . | **14e** | |
| | **f** Other *(attach statement)* . . . . . . . . . . . . . . . . . . . | **14f** | |
| | *Deductions allocated and apportioned at shareholder level* | | |
| | **g** Interest expense . . . . . . . . . . . . . . . . . . . . . . | **14g** | |
| | **h** Other . . . . . . . . . . . . . . . . . . . . . . . . . | **14h** | |
| | *Deductions allocated and apportioned at corporate level to foreign source income* | | |
| | **i** Passive category . . . . . . . . . . . . . . . . . . . . . | **14i** | |
| | **j** General category . . . . . . . . . . . . . . . . . . . . . | **14j** | |
| | **k** Other *(attach statement)* . . . . . . . . . . . . . . . . . . | **14k** | |
| | *Other information* | | |
| | **l** Total foreign taxes (check one):  ▶  ☐ Paid   ☐ Accrued . . . . | **14l** | |
| | **m** Reduction in taxes available for credit *(attach statement)* . . . . . . | **14m** | |
| | **n** Other foreign tax information *(attach statement)* | | |
| **Alternative Minimum Tax (AMT) Items** | **15 a** Post-1986 depreciation adjustment . . . . . . . . . . . . . . . | **15a** | |
| | **b** Adjusted gain or loss . . . . . . . . . . . . . . . . . . . . | **15b** | |
| | **c** Depletion (other than oil and gas) . . . . . . . . . . . . . . . | **15c** | |
| | **d** Oil, gas, and geothermal properties-gross income . . . . . . . . . . | **15d** | |
| | **e** Oil, gas, and geothermal properties-deductions . . . . . . . . . . | **15e** | |
| | **f** Other AMT items *(attach statement)* . . . . . . . . . . . . . . | **15f** | |
| **Items Affecting Shareholder Basis** | **16 a** Tax-exempt interest income . . . . . . . . . . . . . . . . . . | **16a** | |
| | **b** Other tax-exempt income . . . . . . . . . . . . . . . . . . . | **16b** | |
| | **c** Nondeductible expenses . . . . . . . . . . . . . . . . . . . | **16c** | |
| | **d** Distributions *(attach statement if required) (see instructions)*. . . . . . . | **16d** | |
| | **e** Repayment of loans from shareholders . . . . . . . . . . . . . . | **16e** | |
| **Other Information** | **17 a** Investment income . . . . . . . . . . . . . . . . . . . . . | **17a** | |
| | **b** Investment expenses . . . . . . . . . . . . . . . . . . . . | **17b** | |
| | **c** Dividend distributions paid from accumulated earnings and profits . . . . . | **17c** | |
| | **d** Other items and amounts *(attach statement)* | | |
| **Recon-ciliation** | **18** **Income/loss reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l . . . . . . | **18** | 30. |

UYA

Form **1120S** (2011)

Form 1120S (2011)  JLW INVESTMENTS INC  45-3724539  Page **4**

## Schedule L — Balance Sheets per Books

| | | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| **Assets** | | (a) | (b) | (c) | (d) |
| 1 | Cash . . . . . . . . . . . . | | | | |
| 2a | Trade notes and accounts receivable . . . . . . | | | | |
| b | Less allowance for bad debts . . . . . . . . | ( ) | | ( ) | |
| 3 | Inventories . . . . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . . . . | | | | |
| 5 | Tax-exempt securities *(see instructions)* . . . . | | | | |
| 6 | Other current assets *(attach statement)* . . . . | | | | |
| 7 | Loans to shareholders . . . . . . . . . | | | | |
| 8 | Mortgage and real estate loans . . . . . . | | | | |
| 9 | Other investments *(attach statement)* . . . . . | | | | |
| 10a | Buildings and other depreciable assets . . . | | | | |
| b | Less accumulated depreciation . . . . . . . | ( ) | | ( ) | |
| 11a | Depletable assets . . . . . . . . . . | | | | |
| b | Less accumulated depletion . . . . . . . | ( ) | | ( ) | |
| 12 | Land (net of any amortization) . . . . . . . | | | | |
| 13a | Intangible assets (amortizable only) . . . . . . | | | | |
| b | Less accumulated amortization . . . . . . | ( ) | | ( ) | |
| 14 | Other assets *(attach statement)* . . . . . | | | | |
| 15 | Total assets . . . . . . . . . . . | | | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable . . . . . . . . . | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year . . . | | | | |
| 18 | Other current liabilities *(attach statement)* . . . . | | | | |
| 19 | Loans from shareholders . . . . . . . . | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more . . | | | | |
| 21 | Other liabilities *(attach statement)* . . . . . | | | | |
| 22 | Capital stock . . . . . . . . . . | | | | |
| 23 | Additional paid-in capital . . . . . . . . | | | | |
| 24 | Retained earnings . . . . . . . . . | | | | |
| 25 | Adjustments to shareholders' equity *(attach statement)* . | | | | |
| 26 | Less cost of treasury stock . . . . . . . | | ( ) | | ( ) |
| 27 | Total liabilities and shareholders' equity . . . . | | | | |

## Schedule M-1 — Reconciliation of Income (Loss) per Books With Income (Loss) per Return

**Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more - see instructions

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books . . . . . | | 5 | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | a | Tax-exempt interest $ _____ | |
| 3 | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 | Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | |
| a | Depreciation $ _____ | | a | Depreciation $ _____ | |
| b | Travel and entertainment $ _____ | | 7 | Add lines 5 and 6 . . . . . . . . . | |
| 4 | Add lines 1 through 3 . . . . . | | 8 | Income (loss) (Schedule K, line 18). Line 4 less line 7 | |

## Schedule M-2 — Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed *(see instructions)*

| | | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|---|
| 1 | Balance at beginning of tax year . . . . . . . | | | |
| 2 | Ordinary income from page 1, line 21 . . . . . | 30. | | |
| 3 | Other additions . . . . . . . . . . | | | |
| 4 | Loss from page 1, line 21 . . . . . . . | ( ) | | |
| 5 | Other reductions . . . . . . . . . . | ( ) | ( ) | |
| 6 | Combine lines 1 through 5 . . . . . . . | 30. | | |
| 7 | Distributions other than dividend distributions . . . . | | | |
| 8 | Balance at end of tax year. Subtract line 7 from line 6 . . . | 30. | | |

UYA

Form **1120S** (2011)

671111

☐ Final K-1      ☐ Amended K-1      OMB No. 1545-0130

**Schedule K-1**
**(Form 1120S)**
Department of the Treasury
Internal Revenue Service

**2011**

For calendar year 2011, or tax
year beginning _____ , 2011
ending _____ , 20____

## Shareholder's Share of Income, Deductions, Credits, etc.
▶ See page 2 and separate instructions.

| Part I | Information About the Corporation |
|---|---|

**A** Corporation's employer identification number
45-3724539

**B** Corporation's name, address, city, state, and ZIP code

JLW INVESTMENTS INC
212
191 SAND CREEK RD
BRENTWOOD, CA 94513

**C** IRS Center where corporation filed return
OGDEN, UT 84201

| Part II | Information About the Shareholder |
|---|---|

**D** Shareholder's identifying number
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

**E** Shareholder's name, address, city, state, and ZIP code

JEHOADDAN WILSON
2758 SAINT ANDREWS DRIVE
BRENTWOOD, CA 94513

**F** Shareholder's percentage of stock
ownership for tax year . . . . . . . . .   100.0000 %

For IRS Use Only

| Part III | Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items |
|---|---|

| # | Description | # | Description |
|---|---|---|---|
| 1 | Ordinary business income (loss)  30. | 13 | Credits |
| 2 | Net rental real estate income (loss) | | |
| 3 | Other net rental income (loss) | | |
| 4 | Interest income | | |
| 5a | Ordinary dividends | | |
| 5b | Qualified dividends | 14 | Foreign transactions |
| 6 | Royalties | | |
| 7 | Net short-term capital gain (loss) | | |
| 8a | Net long-term capital gain (loss) | | |
| 8b | Collectibles (28%) gain (loss) | | |
| 8c | Unrecaptured section 1250 gain | | |
| 9 | Net section 1231 gain (loss) | | |
| 10 | Other income (loss) | 15 | Alternative minimum tax (AMT) items |
| 11 | Section 179 deduction | 16 | Items affecting shareholder basis |
| 12 | Other deductions | | |
| | | 17 | Other information |

\* See attached statement for additional information.

# 2011 Other Deductions - Supporting Details for Form 1120-S, Line 19

| Name(s) shown on return | Employer identifying number |
|---|---|
| JLW INVESTMENTS INC | 45-3724539 |

| | | | |
|---|---|---|---:|
| 1. | Accounting | 1 | |
| 2. | Amortization | 2 | |
| 3. | Bank fees | 3 | |
| 4. | Commissions | 4 | |
| 5. | Contracted servicers and independent contractor expenses | 5 | |
| 6. | Credit card convenience fees | 6 | |
| 7. | Gifts | 7 | |
| 8. | Insurance | 8 | |
| 9. | Janitorial | 9 | |
| 10. | Legal and professional fees | 10 | |
| 11. | Organizational costs before factoring deduction | 11 | |
| 12. | Postage | 12 | |
| 13. | Professional dues and subscriptions | 13 | |
| 14. | Start-up costs before factoring deduction | 14 | |
| 15. | Supplies | 15 | |
| 16. | Telephone | 16 | 785. |
| 17. | Travel and entertainment expense subject to 50% limitation | 17 | |
| 18. | Travel and entertainment expense not subject to limitations | 18 | |
| 19. | Utilities | 19 | |
| 20. | Vehicle expense | 20 | |
| 21. | | 21 | |
| 22. | | 22 | |
| 23. | | 23 | |
| 24. | | 24 | |
| 25. | | 25 | |
| 26. | | 26 | |
| 27. | | 27 | |
| 28. | | 28 | |
| 29. | | 29 | |
| 30. | | 30 | |
| 31. | | 31 | |
| 32. | | 32 | |
| 33. | | 33 | |
| 34. | | 34 | |
| 35. | | 35 | |
| 36. | | 36 | |
| 37. | | 37 | |
| 38. | | 38 | |
| 39. | | 39 | |
| 40. | | 40 | |
| 41. | | 41 | |
| 42. | | 42 | |
| 43. | | 43 | |
| 44. | | 44 | |
| 45. | | 45 | |
| 46. | | 46 | |
| 47. | | 47 | |
| 48. | | 48 | |
| 49. | | 49 | |
| 50. | | 50 | |

| | |
|---|---:|
| **Total Other Deductions** | 785. |

| TAXABLE YEAR | California S Corporation | FORM |
|---|---|---|
| **2011** | **Franchise or Income Tax Return** | **100S** |

For calendar year 2011 or fiscal year beginning month _____ day _____ year _____ , and ending month _____ day _____ year _____ .

| Corporation name | California corporation number |
|---|---|
| JLW INVESTMENTS INC | 3420320 |

| Address (suite, room, or PMB no.) 212 | FEIN |
|---|---|
| 191 SAND CREEK RD | 45-3724539 |

| City | State | ZIP Code |
|---|---|---|
| BRENTWOOD | CA | 94513 |

**Schedule Q Questions:** (continued on Side 2)

**A1** FINAL RETURN? ● ☐ Dissolved  ☐ Surrendered (withdrawn)  ☐ Merged/Reorganized  ☐ IRC Section 338 sale

☐ QSub election enter date _____

**A2** Did this S corporation elect to defer income from the discharge of indebtedness as described in IRC Section 108(i) for **federal** purposes? ☐ Yes  ☒ No If "Yes," enter the **federal** deferred income from discharge of indebtedness . . . . ● $ _____

**A3** Is the S corporation deferring any income from the disposition of assets? ☐ Yes  ☒ No

If "Yes" enter the year of disposition . . . . . . . . . . . . . . . . . . . . . . . . ● _____

**A4** Is the S corporation reporting previously deferred income from: ● ☐ Installment Sale  ● ☐ IRC §1031  ● ☐ IRC §1033  ● ☐ Other

| | | | | |
|---|---|---|---|---|
| **State Adjust-ments** | 1 Ordinary income (loss) from trade or business activities from Schedule F (Form 100S, Side 3), line 22 or federal Form 1120S, line 21. If Schedule F (Form 100S, Side 3) was not completed, attach federal Form 1120S, page 1, and supporting schedules . . . . . . . . . . . . . . . . ● | 1 | | 30. |
| | 2 Foreign or domestic tax based on income or profits and California franchise or income tax deducted . . . . ● | 2 | | |
| | 3 Interest on government obligations . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | | |
| | 4 Net capital gain from Schedule D (100S), Section A & Section B. Attach Schedule D (100S). See instructions . ● | 4 | | |
| | 5 Depreciation and amortization adjustments. Attach Schedule B (100S) . . . . . . . . . . . . . ● | 5 | | |
| | 6 Portfolio income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 | | |
| | 7 Other additions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . . . . . | 7 | | |
| | 8 Total. Add line 1 through line 7 . . . . . . . . . . . . . . . . . . . . . . . . . | 8 | | 30. |
| | 9 Dividends received deduction. Attach Schedule H (100S) . . . . . . . ● | 9 | | |
| | 10 Water's-edge dividend deduction. Attach Schedule H (100S) . . . . . . | 10 | | |
| | 11 Contributions. See instructions . . . . . . . . . . . . . . . . . . | 11 | | |
| | 12 EZ, LAMBRA, or TTA business expense and EZ net interest deduction . . . | 12 | | |
| | 13 Other deductions. Attach schedule(s) . . . . . . . . . . . . . . . | 13 | | |
| | 14 Total. Add line 9 through line 13 . . . . . . . . . . . . . . . . . . . . . . . . | 14 | | |
| | 15 Net income (loss) after state adjustments. Subtract line 14 from line 8 . . . . . . . . . . . . . | 15 | | 30. |
| **CA Net Income** | 16 Net income (loss) for state purposes. Use Schedule R if apportioning income . . . . . . . . . . . ● | 16 | | 30. |
| | 17 R&TC Section 23802(e) deduction. See instructions . . . . . . . . . ● | 17 | | |
| | 18 Net operating loss carryover deduction. See instructions . . . . . . . . | 18 | | |
| | 19 Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions . . . . . . . . . . . . . . . . . . . . . . . ● | 19 | | |
| | 20 Disaster loss carryover deduction. See instructions . . . . . . . . . . ● | 20 | | |
| | 21 Net income for tax purposes. Combine line 17 through line 20. Subtract the result from line 16 . . . . . ● | 21 | | 30. |
| **Taxes** | 22 Tax. 1.50 % x line 21 (at least minimum franchise tax plus QSub annual tax(es), if applicable). See instructions . | 22 | | |
| | 23 New jobs credit  a) amount generated ● _____  b) amount claimed . . . . . . ● | 23b | | |
| | 24 a Credit name _____ code no. _____ amount . . . ▶ | 24a | | |
| | b Credit name _____ code no. _____ amount . . . ▶ | 24b | | |
| | 25 To claim more than two credits, see instructions . . . . . . . . . . . | 25 | | |
| | 26 Add line 23b through line 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 | | |
| | 27 **Balance.** Subtract line 26 from line 22  (not less than minimum franchise tax plus QSub annual tax(es), if applicable) . | 27 | | |
| | 28 Tax from Schedule D (100S). Attach Schedule D (100S). See instructions . . . . . . . . . . . . . | 28 | | |
| | 29 Excess net passive income tax. See instructions . . . . . . . . . . . . . . . . . . . . . ● | 29 | | |
| | 30 Total tax. Add line 27 through line 29 . . . . . . . . . . . . . . . . . . . . . . . . ● | 30 | | |
| **Payments** | 31 Overpayment from prior year allowed as a credit . . . . . . . . . . ● | 31 | | |
| | 32 **2011 Estimated tax payments/QSub payments.** See instructions . . . ● | 32 | | |
| | 33 2011 Withholding (Form 592-B and/or 593). See instructions . . . . . ● | 33 | | |
| | 34 Amount paid with extension of time to file tax return . . . . . . . . . ● | 34 | | |
| | 35 Total payments. Add line 31 through line 34 . . . . . . . . . . . . . . . . . . . . . . ● | 35 | | |

| | | | |
|---|---|---|---|
| **36** | **Franchise or income tax due.** If line 30 is more than line 35, subtract line 30 from line 35. Go to line 39 . . . ● | **36** | |
| **37** | **Overpayment.** If line 35 is more than line 30, subtract line 30 from line 35 . . . . . . . . ● | **37** | |
| **38** | Amount of line 37 to be credited to 2012 estimated tax . . . . . . . . . . . . . . . . ● | **38** | |
| **39** | **Use Tax. This is not a total line.** See instructions . . . . . ● | **39** | 0. |
| **40** | **Refund.** If the sum of line 38 and line 39 is less than 37, then subtract the result from line 37. . . . ● | **40** | |

**Refund or Amount Due**

- See instructions to have the refund directly deposited. **a** Routing number . . . . . . . . . . ● **40a**
- **b** Type:  Checking ●☐  Savings ●☐  **c** Account number. . . . . . . . . . ● **40c**

| | | | |
|---|---|---|---|
| **41** | **a** Penalties and interest. **b** ●☐ Check if estimate penalty computed using Exception B or C. See instructions. ● | **41a** | |
| **42** | **Total amount due.** Add line 36, line 38, line 39, and line 41a, then subtract line 37 from the result . . | **42** | |

## Schedule Q Questions (continued from Side 1)

**B 1.** For this taxable year, was there a change in control or majority ownership for this S corporation or any of its subsidiaries that owned or (under certain circumstances) leased real property in California? . . ● ☐ Yes ☒ No

**2.** For this taxable year, did this S corporation or any of its subsidiaries acquire control or majority ownership of any other legal entity that owned or (under certain circumstances) leased real property in California? ● ☐ Yes ☐ No

**3.** If this S corporation or any of its subsidiaries owned or (under certain circumstances) leased real property in California, has more than 50% of the voting stock of any one of them cumulatively transferred in one or more transactions since March 1, 1975, which was not reported on a previous year's tax return? . . . ● ☐ Yes ☒ No
**(Penalties may apply – see instructions.)**

**C** Principal business activity code.
**(Do not** leave blank): ● 541213
Business activity ACCOUNTING & TAX PREPARA
Product or service SERVICE

**D** Is this S corporation filing on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 for the current taxable year?. . . . . . . . . . ● ☐ Yes ☐ No

**E** Does this tax return include Qualified Subchapter S Subsidiaries? . . . . . . ● ☐ Yes ☒ No

**F** Date incorporated: 10/26/2011
Where: ● State CA   Country

**G** Maximum number of shareholders in the S corporation at any time during the year: ● 1

**H** Date business began in California or date income was first derived from California sources: ● 10/26/11

**I** Is the S corporation under audit by the IRS or has it been audited in a prior year? . . . . . . ● ☐ Yes ☒ No

**J** Effective date of federal S election: ● 10/26/2011

**L** Accounting method: ● **(1)** ☒ Cash  **(2)** ☐ Accrual  **(3)** ☐ Other

**M** Location of principal 191 SAND CREEK RD # 212
accounting records: BRENTWOOD, CA 94513

**N** "Doing business as" name. (See instructions):●
ENTERPRISE FINANCIAL

**O** Have all required information returns (e.g., federal Form 1099, 8300, and state Forms 592, 592-B etc.) been filed with the Franchise Tax Board? . ☐ N/A ☒ Yes ☐ No

**P** Is this S corporation apportioning income to California using Schedule R? . . . . . . . . . ● ☐ Yes ☐ No

**Q** Has the S corporation included a reportable transaction or listed transaction within this return?
(See instructions for definitions) . . . . . . ● ☐ Yes ☐ No
If "Yes," complete and attach federal Form 8886, for each transaction.

**R** Did this S corporation file the federal Schedule M-3 (Form 1120S)? . . . . . . . ● ☐ Yes ☐ No

**S** Is form FTB 3544A attached to the return? . . . . . ● ☐ Yes ☒ No

## Schedule J  Add-On Taxes or Recapture of Tax Credits. See instructions.

| | | | |
|---|---|---|---|
| **1** | LIFO recapture due to S corporation election (IRC Section 1363(d) deferral: $ _____ ) . . ● | **1** | |
| **2** | Interest computed under the look-back method for completed long-term contracts (attach form FTB 3834) . . ● | **2** | |
| **3** | Interest on tax attributable to installment: **a)** Sales of certain timeshares and residential lots . . . . . ● | **3a** | |
| | **b)** Method for nondealer installment obligations . . . . . . . . . ● | **3b** | |
| **4** | IRC Section 197(f)(9)(B)(ii) election . . . . . . . . . . . . . . . . . . . . . . ● | **4** | |
| **5** | Credit recapture name: _____ | **5** | |
| **6** | Combine line 1 through line 5. Revise the amount on line 36 or line 37 above, whichever applies, by this amount. Write "Schedule J" to the left of line 36 or line 37 . . . . . . . . . . ● | **6** | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer ▶   Title   Date   ● Telephone 510-240-4381

Officer's email address (optional)

**Paid Preparer's Use Only**

Preparer's signature   Date   Check if self-employed ▶ ☒   ● PTIN P00260226

Firm's name (or yours if self-employed) and address ▶ SARKIS PROFESSIONAL TAX SERVICE
4980 APPIAN WAY, STE 200
EL SOBRANTE   CA 94803

● FEIN 59-3768203
● Telephone 510-367-1550

May the FTB discuss this return with the preparer shown above? See instructions . . . . . . . . . . ● ☒ Yes  ☐ No

| | | Schedule F | Computation of Trade or Business Income. See instructions. | | | 45-3724539 | |
|---|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| | **1** | **a)** Gross receipts or sales | | | | |
| | | **b)** Less returns and allowances _____ | **c)** Balance . . . . . | **1c** | 2,465. |
| | **2** | Cost of goods sold from Schedule V, line 8 | | **2** | |
| **INCOME** | **3** | Gross profit. Subtract line 2 from line 1c | | **3** | 2,465. |
| | **4** | Net gain (loss). Attach schedule | | **4** | |
| | **5** | Other income (loss). Attach schedule . . . . . . . . . . . . . . . . . . . . ● | | **5** | |
| | **6** | **Total income (loss).** Combine line 3 through line 5 | | **6** | 2,465. |
| | **7** | Compensation of officers. Attach schedule. See instructions . . . . . . . . . . . . | | **7** | |
| | **8** | Salaries and wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | | **8** | |
| | **9** | Repairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **9** | |
| | **10** | Bad debts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **10** | |
| | **11** | Rents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | | **11** | 1,650. |
| | **12** | Taxes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **12** | |
| | **13** | Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **13** | |
| **DEDUCT-IONS** | **14** | **a)** Depreciation _____ | | | |
| | | **b)** Less depreciation reported elsewhere on return _____ | **c)** Balance . . . . ● | **14c** | |
| | **15** | Depletion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **15** | |
| | **16** | Advertising . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | **16** | |
| | **17** | Pension, profit-sharing plans, etc. . . . . . . . . . . . . . . . . . . . ● | | **17** | |
| | **18** | Employee benefit programs . . . . . . . . . . . . . . . . . . . . . . ● | | **18** | |
| | **19** | **a)** Total travel and entertainment _____ | | | |
| | | **b)** Deductible amount . . . . . . . . . . . . . . . . . . . . . . . | | **19b** | |
| | **20** | Other deductions. Attach schedule . . . . . . . . . . . . . . . . . . . | | **20** | 785. |
| | **21** | **Total deductions.** Add line 7 through line 20 . . . . . . . . . . . . . . . | | **21** | 2,435. |
| | **22** | Ordinary income (loss) from trade or business. Subtract line 21 from line 6. Enter here and on Side 1, line 1 . . . . | | **22** | 30. |

**The corporation may not be required to complete Schedule L and Schedule M-1. See Schedule L and Schedule M-1 instructions for reporting requirements.**

| **Schedule L** | **Balance Sheet** | Beginning of taxable year | | End of taxable year | |
|---|---|---|---|---|---|
| | | **(a)** | **(b)** | **(c)** | **(d)** |
| **Assets** | | | | | |
| **1** | Cash . . . . . . . . . . . . . . . . . | | | | ● |
| **2 a** | Trade notes and accounts receivable . . . . | | | | |
| **b** | Less allowance for bad debts . . . . . | ( ) | | ( ) | |
| **3** | Inventories . . . . . . . . . . . . . . | | | | ● |
| **4** | Federal and state government obligations . . | | | | |
| **5** | Other current assets. Attach schedule(s) . . | | | | ● |
| **6** | Loans to shareholders. Attach schedule(s) . . | | | | |
| **7** | Mortgage and real estate loans . . . . . | | | | |
| **8** | Other investments. Attach schedule(s) . . . . | | | | ● |
| **9 a** | Buildings and other fixed depreciable assets | | | | |
| **b** | Less accumulated depreciation . . . . . | ( ) | | ( ) ● | |
| **10 a** | Depletable assets . . . . . . . . . . | | | | |
| **b** | Less accumulated depletion . . . . . . | ( ) | | ( ) | |
| **11** | Land (net of any amortization) . . . . . . | | | | ● |
| **12 a** | Intangible assets (amortizable only) . . . . | | | | |
| **b** | Less accumulated amortization . . . . . | ( ) | | ( ) | |
| **13** | Other assets. Attach schedule(s) . . . . . | | | | ● |
| **14** | **Total assets** . . . . . . . . . . . . | | ● | | ● |
| **Liabilities and shareholders' equity** | | | | | |
| **15** | Accounts payable . . . . . . . . . . . | | | | |
| **16** | Mortgages, notes, bonds payable in less than 1 year . | | | | |
| **17** | Other current liabilities. Attach schedule(s) . . | | | | |
| **18** | Loans from shareholders. Attach schedule(s) . . | | | | |
| **19** | Mortgages, notes, bonds payable in 1 year or more . . | | | | |
| **20** | Other liabilities. Attach schedule(s) . . . . . | | | | |
| **21** | Capital stock . . . . . . . . . . . . . | | ● | | ● |
| **22** | Paid-in or capital surplus . . . . . . . . | | ● | | ● |
| **23** | Retained earnings . . . . . . . . . . . | | ● | | ● |
| **24** | Adjustments to shareholders' equity. Attach schedule(s) . | | | | |
| **25** | Less cost of treasury stock . . . . . . . | | ( ) | | ( ) |
| **26** | **Total liabilities and shareholders' equity** . . | | | | |

**Schedule M-1** **Reconciliation of Income (Loss) per Books With Income (Loss) per Return.**
If the S corporation **completed** federal **Schedule M-3 (Form 1120S)**. See instructions.

| | |
|---|---|
| **1** Net income per books . . . . . . . . . | **5** Income recorded on books this year not included on Schedule K, line 1 through line 10b (itemize) |
| **2** Income included on Schedule K, line 1 through line 10b, not recorded on books this year (itemize) _____ | **a** Tax-exempt interest $ _____ |
| ● | **b** Other . . . . . $ _____ |
| **3** Expenses recorded on books this year not included on Schedule K, line 1 through line 12e (itemize) | **c** Total. Add line 5a and line 5b . . . . . ● |
| **a** Depreciation . . . . $ _____ | **6** Deductions included on Schedule K, line 1 through line 12e, not charged against book income this year (itemize) |
| **b** State taxes . . . . $ _____ | **a** Depreciation . . . . $ _____ |
| **c** Travel and entertainment . . . $ _____ | **b** State tax refunds . . $ _____ |
| **d** Other . . . . . . $ _____ | **c** Other . . . . . . $ _____ |
| **e** Total. Add line 3a through line 3d . ● | **d** Total. Add line 6a through line 6c . . . . ● |
| | **7** Total. Add line 5c and line 6d . . . . . |
| **4** Total. Add line 1 through line 3e . . . . . | **8** Income (loss) (Schedule K, line 19, col. d). Line 4 less line 7. . . . . . . . . . ● |

**Schedule M-2** **CA Accumulated Adjustments Account, Other Adjustments Account, and Other Retained Earnings.** See instructions.

**Important: Use California figures and federal procedures.**

| | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Other retained earnings (see instructions) |
|---|---|---|---|
| **1** Balance at beginning of year . . . . . . . . . . ● | | | |
| **2** Ordinary income from Form 100S, Side 1, line 1 | 30. | | |
| **3** Other additions | | | |
| **4** Loss from Form 100S, Side 1, line 1 . . . . . | ( ) | | |
| **5** Other reductions . . . . . . . . . . | ( ) | ( ) | ( ) |
| **6** Combine line 1 through line 5 | 30. | | |
| **7** Distributions other than dividend distributions . . . ● | | | |
| **8** Balance at end of year. Subtract line 7 from line 6 | 30. | | |
| **9** Retained earnings at end of year. Add line 8, column (a) through column (c) . . . . . ● | | | 30. |
| ● ☐ If the corp. has C corp. E&P at the end of the taxable year, check the box and enter the amount. See instructions . . . ● | | | |

**Schedule V** **Cost of Goods Sold**

| | | | |
|---|---|---|---|
| **1** Inventory at beginning of year . . . . . . . . . . . . . . . . . . . . . . . . | **1** | |
| **2** Purchases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **2** | |
| **3** Cost of labor . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **3** | |
| **4** Other IRC Section 263A costs. Attach schedule . . . . . . . . . . . . . . . . . . | **4** | |
| **5** Other costs. Attach schedule . . . . . . . . . . . . . . . . . . . . . . . . | **5** | |
| **6** Total. Add line 1 through line 5 . . . . . . . . . . . . . . . . . . . . . . . | **6** | |
| **7** Inventory at end of year . . . . . . . . . . . . . . . . . . . . . . . . . . | **7** | |
| **8** Cost of goods sold. Subtract line 7 from line 6 . . . . . . . . . . . . . . . . . ● | **8** | |

Was there any change in determining quantities, costs, or valuations between opening and closing inventory? . . . . . . . . . . . . . . . . ☐ Yes ☐ No

If "Yes," attach an explanation. Enter California seller's permit number, if any ▶ _____ Method of inventory valuation _____

Check if the LIFO inventory method was adopted this taxable year for any goods. If checked, attach federal Form 970 . . . . . . . . . ● ☐

If the LIFO inventory method was used for this taxable year, enter the amount of closing inventory computed under LIFO . . . . ● _____

**Schedule K**     S Corporation Shareholders' Shares of Income, Deductions, Credits, etc.

| | | (a)<br>Pro-rata share items | | (b)<br>Amount from federal<br>Schedule K (1120S) | (c)<br>California<br>Adjustment | (d)<br>Total amounts using<br>California law.<br>Combine (b) and (c)<br>where applicable |
|---|---|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary business income (loss) . . . . . . . . . . . | 1 | 30. | | 30. |
| | 2 | Net rental real estate income (loss). Attach federal Form 8825. | 2 | | | ● |
| | 3 a | Other gross rental income (loss) . . . . . . . . . | 3a | | | |
| | b | Expenses from other rental activities. Attach schedule . . . | 3b | | | |
| | c | Other net rental income (loss). Subtract line 3b from line 3a. | 3c | | | ● |
| | 4 | Interest Income . . . . . . . . . . . . . . . . . | 4 | | | ● |
| | 5 | Dividends. See instructions . . . . . . . . . . . . | 5 | | | ● |
| | 6 | Royalties . . . . . . . . . . . . . . . . . . . | 6 | | | ● |
| | 7 | Net short-term capital gain (loss). Attach Schedule D (100S) | 7 | | | ● |
| | 8 | Net long-term capital gain (loss). Attach Schedule D (100S) | 8 | | | ● |
| | 9 | Net Section 1231 gain (loss) . . . . . . . . . . . | 9 | | | ● |
| **Other Income (Loss)** | 10 a | Other portfolio income (loss). Attach schedule . . . . . . | 10a | | | ● |
| | b | Other income (loss). Attach schedule . . . . . . . . | 10b | | | ● |
| **Deduc-tions** | 11 | Expense deduction for recovery property (IRC Section 179 and R&TC Sections 17267.2, 17267.6 and 17268) Attach Schedule B (100S) | 11 | | | |
| | 12 a | Charitable contributions . . . . . . . . . . . . | 12a | | | ● |
| | b | Investment interest expense . . . . . . . . . . | 12b | | | ● |
| | c | 1 Section 59(e)(2) expenditures . . . . . . . . . | 12c1 | | | |
| | | 2 Type of expenditures _____ | 12c2 | | | |
| | d | Deductions-portfolio. Attach schedule . . . . . . | 12d | | | ● |
| | e | Other deductions. Attach schedule . . . . . . . | 12e | | | |
| **Credits** | 13 a | Low-income housing credit. See instructions . . . . . | 13a | | | ● |
| | b | Credits related to rental real estate activities other than on line 13a<br>Attach schedule . . . . . . . . . . . . . . . | 13b | | | ● |
| | c | Credits related to other rental activities. See instructions.<br>Attach schedule . . . . . . . . . . . . . . . | 13c | | | ● |
| | d | Other credits. Attach schedule . . . . . . . . . | 13d | | | ● |
| | e | New jobs credit. . . . . . . . . . . . . . . . | 13e | | | |
| | 14 | Total withholding allocated to all shareholders . . . . . . . | 14 | | | |
| **Alterna-tive Minimum Tax (AMT) Items** | 15 a | Depreciation adjustment on property placed in service after 12/31/86 . | 15a | | | |
| | b | Adjusted gain or loss. See instructions . . . . . . . . | 15b | | | |
| | c | Depletion (other than oil and gas) . . . . . . . . . . . | 15c | | | |
| | d | 1 Gross income from oil, gas, and geothermal properties . . | 15d1 | | | |
| | | 2 Deductions allocable to oil, gas, and geothermal properties | 15d2 | | | |
| | e | Other AMT items . . . . . . . . . . . . . . . . | 15e | | | |
| **Items affecting Share-holder Basis** | 16 a | Tax-exempt interest income . . . . . . . . . . . . | 16a | | | |
| | b | Other tax-exempt income . . . . . . . . . . . . . | 16b | | | ● |
| | c | Nondeductible expenses . . . . . . . . . . . . . | 16c | | | |
| | d | Total property distributions (including cash) other than dividends<br>distribution reported on line 17c. . . . . . . . . . . . . | 16d | | | ● |
| **Other Infor-mation** | 17 a | Investment income. See instructions . . . . . . . . . | 17a | | | |
| | b | Investment expenses. See instructions . . . . . . . . | 17b | | | |
| | c | Total dividend distributions paid from accumulated earnings and profits | 17c | | | ● |
| | d | Other items and amounts not included in lines 1 - 17b and lines 18a-e<br>that are required to be reported separately to shareholders. Attach schedule | 17d | | | ● |
| **Other State Taxes** | 18 a | Type of income _____ | 18a | | | |
| | b | Name of state _____ | 18b | | | |
| | c | Total gross income from sources outside California. Attach schedule . | 18c | | | ● |
| | d | Total applicable deductions and losses. Attach schedule . . | 18d | | | ● |
| | e | Total other state taxes. Check one: ☐ Paid ☐ Accrued . . | 18e | | | ● |
| **Reconci-liation** | 19 | Income (loss) (required only if Schedule M-1 must be completed).<br>Combine line 1, line 2, and line 3c through line 10b. From the result,<br>subtract the sum of lines 11, 12a, 12b, 12c1, 12d and 12e . . . | 19 | | | |

Form 100S C1   2011   **Side 5**

| TAXABLE YEAR | **Shareholder's Share of Income, Deductions** | CALIFORNIA SCHEDULE |
|---|---|---|
| **2011** | **Credits, etc.** | **K-1 (100S)** |

**For use by an S corporation and its shareholders only.**

For calendar year 2011 or fiscal year beginning month _____ day _____ year _____ ,and ending month _____ day _____ year _____ .

| Shareholder's identifying number 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 | California corporation number 3420320 |
|---|---|
| Shareholder's name, address, and ZIP Code | Corporation's name, address, and ZIP Code |
| JEHOADDAN WILSON<br>2758 SAINT ANDREWS DRIVE<br>BRENTWOOD,CA 94513 | JLW INVESTMENTS INC<br>212<br>191 SAND CREEK RD<br>BRENTWOOD, CA 94513 |

**A** Shareholder's percentage of stock ownership at year end. . . . . . . . . . . . . . . . . . . . . ● _____ 100.0000 _____ %

**B** Reportable transaction or tax shelter registration number(s): _____

**C** Check here if this is: ● **(1)** ☐ A final Schedule K-1 **(2)** ☐ An amended Schedule K-1

**D** What type of entity is this shareholder? ● **(1)** ☒ Individual **(2)** ☐ Estate/Trust **(3)** ☐ Qualified Exempt Organization **(4)** ☐ Single Member LLC

**E** Is this shareholder a resident of California? . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● ☒ Yes ▶ ☐ No

**Caution:** Refer to the shareholder's instructions for Schedule K-1 (100S) before entering information from this schedule on your California tax return.

| | | (a)<br>Pro-rata share items | (b)<br>Amount from<br>federal Schedule K-1<br>(1120S) | (c)<br>California<br>adjustment | (d)<br>Total amounts<br>using California law<br>Combine (b) and (c)<br>where applicable | (e)<br>California<br>source amounts<br>and credits |
|---|---|---|---|---|---|---|
| **Income (Loss)** | 1 | Ordinary business income (loss) . . . . . | 30. | | ● 30. | ▶ |
| | 2 | Net rental real estate income (loss) . . . . | | | ● | ▶ |
| | 3 | Other net rental income (loss) . . . . . | | | ● | ▶ |
| | 4 | Interest income . . . . . . . . . . . | | | ● | ▶ |
| | 5 | Dividends . See instructions . . . . . | | | ● | ▶ |
| | 6 | Royalties . . . . . . . . . . . . . | | | ● | ▶ |
| | 7 | Net short-term capital gain (loss) . . . . . | | | ● | ▶ |
| | 8 | Net long-term capital gain (loss) . . . . . | | | ● | ▶ |
| | 9 | Net Section 1231 gain (loss) . . . . . . | | | ● | ▶ |
| **Other Income (Loss)** | 10 a | Other portfolio income (loss). Attach schedule . . . | | | ● | ▶ |
| | b | Other income (loss) . . . . . . . . . | | | ● | ▶ |
| **Deductions** | 11 | Expense deduction for recovery property<br>(IRC Section 179 and R&TC Sections 17267.2,<br>17267.6 and 17268) Attach schedules | | | | |
| | 12 a | Charitable contributions . . . . . . . . | | | | |
| | b | Investment interest expense ● . . . . . | | | ● | |
| | c 1 | Section 59(e)(2) expenditures . . . . . | | | | |
| | 2 | Type of expenditures _____ | | | | |
| | d | Deductions-portfolio . . . . . . . . | | | | |
| | e | Other deductions . . . . . . . . . | | | | |
| **Credits** | 13 a | Low-income housing credit.<br>See instructions. Attach schedule . . . . | | | ● | ▶ |
| | b | Credits related to rental real estate activities<br>other than on line 13(a). Attach schedule . . . | | | ● | ▶ |
| | c | Credits related to other rental activities. See<br>instructions. Attach schedule . . . . . . | | | ● | ▶ |
| | d | Other credits. Attach schedule . . . . . | | | ● | ▶ |
| | e | New jobs credit . . . . . . . . . . | | | ● | ▶ |
| | 14 | Total withholding (equals amount on<br>Form 592-B if calendar year) . . . . . . . | | | ● | ▶ |

| | (a)<br>Pro-rata share items | (b)<br>Amount from<br>federal Schedule K-1<br>(1120S) | (c)<br>California<br>adjustment | (d)<br>Total amounts<br>using California law<br>Combine (b) and (c)<br>where applicable | (e)<br>California<br>source amounts<br>and credits |
|---|---|---|---|---|---|
| **Alternative Minimum Tax (AMT) Items** | **15 a** Depreciation adjustment on property placed in service after 12/31/86 | | | | |
| | **b** Adjusted gain or loss . . . . . . . . . | | | | |
| | **c** Depletion (other than oil and gas) . . . | | | | |
| | **d 1** Gross income from oil, gas, and geothermal properties . . . . . . . . . | | | | |
| | **2** Deductions allocable to oil, gas, and geothermal properties . . . . . . . . | | | | |
| | **e** Other AMT items. Attach schedule . . . | | | | |
| **Items Affecting Share-holder Basis** | **16 a** Tax-exempt interest income . . . . . . | | | | |
| | **b** Other tax-exempt income . . . . . . . | | | | |
| | **c** Nondeductible expenses . . . . . . . | | | | |
| | **d** Total property distributions (including cash) other than dividends distribution reported on line 17c . . . . . . . . . | | | ● | ▶ |
| | **e** Repayment of loans from shareholders . . . | | | ● | ▶ |
| **Other Infor-mation** | **17 a** Investment income. See instructions . . . | | | | |
| | **b** Investment expenses. See instructions . . | | | | |
| | **c** Total taxable dividend distribution paid from accumulated earnings and profits. See instructions . . . . . . . . . | | | ● | ▶ |
| | **d** Other information. See instructions . . . . | | | | |
| **Other State Taxes** | **18 a** Type of income _____ | | | | |
| | **b** Name of state _____ | | | | |
| | **c** Total gross income from sources outside California. Attach schedule . . . . . . . | | | | |
| | **d** Total applicable deductions and losses. Attach schedule . . . . . . . . . | | | | |
| | **e** Total other state taxes. Check one: | | | ● | ▶ |
| | ☐ Paid    ☐ Accrued . . . . . | | | | |

**Other Share-holder Informa-tion**

**Table 1 -** Each shareholder's share of nonbusiness income from intangibles. See instructions.

| | | | |
|---|---|---|---|
| Interest $ _____ | Royalties $ _____ | Dividends $ _____ | |
| 1231 Gains/Losses $ _____ | Capital Gains/Losses $ _____ | Other $ _____ | |

## FOR USE BY APPORTIONING UNITARY SHAREHOLDERS ONLY

**Table 2 -** Unitary shareholder's pro-rata share of business income and factors - See instructions.

A. Shareholder's share of the S corporation's business income $ _____

B. Shareholder's share of the nonbusiness income from real and tangible property sourced or allocable to California:

Capital Gains/Losses $ _____        Rents/Royalties $ _____

1231 Gains/Losses $ _____        Other $ _____

C. Shareholder's share of the S corporation's property, payroll, and sales:

| Factors | | Total within and outside California | Total within California |
|---|---|---|---|
| Property: | Beginning | $ | $ |
| | Ending | $ | $ |
| | Annual Rent Expense | $ | $ |
| Payroll | | $ | $ |
| Sales | | $ | $ |

Form **1120S**

**U.S. Income Tax Return for an S Corporation**

OMB No. 1545-0130

▶ **Do not file this form unless the corporation has filed or is
attaching Form 2553 to elect to be an S corporation.**

▶ **Information about Form 1120S and its separate instructions is at** *www.irs.gov/form1120s.*

Department of the Treasury
Internal Revenue Service

**2012**

For calendar year 2012 or tax year beginning _____ , 2012, ending _____ , 20 ___

| | |
|---|---|
| **A** S election effective date **10/26/2011** | **Name** JLW INVESTMENTS INC ENTERPRISE FINANCIAL |
| **B** Business activity code number (see instructions) **541213** | **TYPE OR PRINT** Number, street, and room or suite no. If a P.O. box, see instructions. **191 SAND CREEK RD, 212** |
| **C** Check if Sch. M-3 attached ☐ | City or town, state, and ZIP code **BRENTWOOD, CA 94513** |

| | |
|---|---|
| **D** Employer identification number **45-3724539** | |
| **E** Date incorporated **10/26/2011** | |
| **F** Total assets *(see instructions)* $ | |

**G** Is the corporation electing to be an S corporation beginning with this tax year? ☐ Yes ☐ No   If "Yes," attach Form 2553 if not already filed

**H** Check if: **(1)** ☐ Final return **(2)** ☐ Name change **(3)** ☐ Address change **(4)** ☐ Amended return **(5)** ☐ S election termination or revocation

**I** Enter the number of shareholders who were shareholders during any part of the tax year . . . . . . . . . . ▶ **1**

**Caution:** Include **only** trade or business income and expenses on lines 1a through 21. See the instructions for more information.

| | | | | |
|---|---|---|---|---:|
| **I N C O M E** | **1a** | Gross receipts or sales . . . . . | **1a** 248,539. | |
| | **b** | Returns and allowances . . . . . | **1b** | |
| | **c** | Balance. Subtract line 1b from line 1a . . . . . . . . . . . . | **1c** | 248,539. |
| | **2** | Cost of goods sold (attach Form 1125-A) . . . . . . . . . | **2** | |
| | **3** | Gross profit. Subtract line 2 from line 1c . . . . . . . . . | **3** | 248,539. |
| | **4** | Net gain (loss) from Form 4797, Part II, line 17 *(attach Form 4797)* . . . | **4** | |
| | **5** | Other income (loss) (see instructions - attach statement) . . . . . . | **5** | |
| | **6** | **Total income (loss).** Add lines 3 through 5 . . . . . . . . ▶ | **6** | 248,539. |
| **D E D U C T I O N S** (SEE INSTRUCTIONS FOR LIMITATIONS) | **7** | Compensation of officers . . . . . . . . . . . . . . | **7** | 104,000. |
| | **8** | Salaries and wages (less employment credits) . . . . . . . . | **8** | 1,000. |
| | **9** | Repairs and maintenance . . . . . . . . . . . . . . | **9** | |
| | **10** | Bad debts . . . . . . . . . . . . . . . . . . | **10** | |
| | **11** | Rents . . . . . . . . . . . . . . . . . . . | **11** | 9,334. |
| | **12** | Taxes and licenses . . . . . . . . . . . . . . . | **12** | |
| | **13** | Interest . . . . . . . . . . . . . . . . . . . | **13** | |
| | **14** | Depreciation not claimed on Form 1125-A or elsewhere on return (attach Form 4562) . | **14** | 3,160. |
| | **15** | Depletion **(Do not deduct oil and gas depletion.)** . . . . . . | **15** | |
| | **16** | Advertising . . . . . . . . . . . . . . . . . . | **16** | |
| | **17** | Pension, profit-sharing, etc., plans . . . . . . . . . . . | **17** | |
| | **18** | Employee benefit programs . . . . . . . . . . . . . | **18** | |
| | **19** | Other deductions (attach statement) . . . . . . . . . . . | **19** | 110,116. |
| | **20** | **Total deductions.** Add lines 7 through 19 . . . . . . . ▶ | **20** | 227,610. |
| | **21** | **Ordinary business income (loss).** Subtract line 20 from line 6 . . . | **21** | 20,929. |
| **T A X A N D P A Y M E N T S** | **22a** | Excess net passive income or LIFO recapture tax (see instructions) . | **22a** | |
| | **b** | Tax from Schedule D (Form 1120S) . . . . . | **22b** | |
| | **c** | Add lines 22a and 22b (see instructions for additional taxes) . . . | **22c** | 0. |
| | **23a** | 2012 estimated tax payments and 2011 overpayment credited to 2012 . . | **23a** | |
| | **b** | Tax deposited with Form 7004 . . . . . | **23b** | |
| | **c** | Credit for federal tax paid on fuels (attach Form 4136) . | **23c** | |
| | **d** | Add lines 23a through 23c . . . . . . . . . . . . . | **23d** | |
| | **24** | Estimated tax penalty (see instructions). Check if Form 2220 is attached . ▶ ☐ | **24** | |
| | **25** | **Amount owed.** If line 23d is smaller than the total of lines 22c and 24, enter amount owed . | **25** | 0. |
| | **26** | **Overpayment.** If line 23d is larger than the total of lines 22c and 24, enter amount overpaid . | **26** | |
| | **27** | Enter amount of line 26 **Credited to 2013 estimated tax** ▶ _____ **Refunded** ▶ | **27** | 0. |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer          Date          Title

May the IRS discuss this return with the preparer shown below (see instructions)? ☒ Yes ☐ No

**Paid Preparer Use Only**

| | | | |
|---|---|---|---|
| Print/Type preparer's name **Pierre Sarkis** | Preparer's signature | Date | Check ☒ if self-employed   PTIN **P00260226** |
| Firm's name ▶ **Sarkis Professional Tax Service** | | | Firm's EIN ▶ **59-3768203** |
| Firm's address ▶ **4980 Appian Way, Ste 200 El Sobrante, CA 94803** | | | Phone no. **510-367-1550** |

For Paperwork Reduction Act Notice, see separate instructions.
UYA

Form **1120S** (2012)

Form 1120S (2012)  **JLW INVESTMENTS INC**                    45-3724539    Page **2**

| **Schedule B** | **Other Information** (see instructions) | | | | Yes | No |
|---|---|---|---|---|---|---|

**1** Check accounting method: **a** ☒ Cash  **b** ☐ Accrual  **c** ☐ Other (specify) ▶ _____

**2** See the instructions and enter the:

   **a** Business activity ▶ <u>ACCOUNTING & TAX PREPARAT</u>  **b** Product or service ▶ **SERVICE** _____

**3** At any time during the tax year, was any shareholder of the corporation a disregarded entity, a trust, an estate, or a nominee or similar person? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **| | X**

**4** At the end of the tax year, did the corporation:

   **a** Own directly 20% or more, or own, directly or indirectly, 50% or more of the total stock issued and outstanding of any foreign or domestic corporation? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **| | X**

| (i) Name of Corporation | (ii) Employer Identification Number (if any) | (iii) Country of Incorporation | (iv) Percentage of Stock Owned | (v) If Percentage in (iv) is 100%, Enter the Date (if any) a Qualified Subchapter S Subsidiary Election Was Made |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

   **b** Own directly an interest of 20% or more, or own, directly or indirectly, an interest of 50% or more in the profit, loss, or capital in any foreign or domestic partnership (including an entity treated as a partnership) or in the beneficial interest of a trust? For rules of constructive ownership, see instructions. If "Yes," complete (i) through (v) below . . . . . . . **| | X**

| (i) Name of Entity | (ii) Employer Identification Number (if any) | (iii) Type of Entity | (iv) Country of Organization | (v) Maximum Percentage Owned in Profit, Loss, or Capital |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**5a** At the end of the tax year, did the corporation have any outstanding shares of restricted stock? . . . . . . . . . **| | X**

    If "Yes," complete lines (i) and (ii) below.

    **(i)** Total shares of restricted stock . . . . . . . . ▶ _____

    **(ii)** Total shares of non-restricted stock . . . . . ▶ _____

   **b** At the end of the tax year, did the corporation have any outstanding stock options, warrants, or similar instruments? . . . . . . . **| | X**

    If "Yes," complete lines (i) and (ii) below.

    **(i)** Total shares of stock outstanding at the end of the tax year ▶ _____

    **(ii)** Total shares of stock outstanding if all instruments were executed ▶ _____

**6** Has this corporation filed, or is it required to file, **Form 8918,** Material Advisor Disclosure Statement, to provide information on any reportable transaction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **| | X**

**7** Check this box if the corporation issued publicly offered debt instruments with original issue discount . . . . . . . . . . . ▶ ☐

   If checked, the corporation may have to file **Form 8281,** Information Return for Publicly Offered Original Issue Discount Instruments.

**8** If the corporation: **(a)** was a C corporation before it elected to be an S corporation **or** the corporation acquired an asset with a basis determined by reference to the basis of the asset (or the basis of any other property) in the hands of a C corporation **and (b)** has net unrealized built-in gain in excess of the net recognized built-in gain from prior years, enter the net unrealized built-in gain reduced by net recognized built-in gain from prior years (see instructions) . . . . . . . . . . . . . . . . . . ▶ $ _____

**9** Enter the accumulated earnings and profits of the corporation at the end of the tax year . . . . . . . . ▶ $ _____

**10** Does the corporation satisfy **both** of the following conditions?

   **a** The corporation's total receipts (see instructions) for the tax year were less than $250,000 . . . . . . . .

   **b** The corporation's total assets at the end of the tax year were less than $250,000 . . . . . . . . . . . **| X |**

    If "Yes," the corporation is not required to complete Schedules L and M-1.

**11** During the tax year, did the corporation have any non-shareholder debt that was canceled, was forgiven, or had the terms modified so as to reduce the principal amount of the debt? . . . . . . . . . . . . . . . . . . . . **| | X**

    If "Yes," enter the amount of principal reduction ▶ $ _____

**12** During the tax year, was a qualified subchapter S subsidiary election terminated or revoked? If "Yes," see instructions **| | X**

**13 a** Did the corporation make any payments in 2012 that would require it to file Form(s) 1099? . . . . . . . **| | X**

   **b** If "Yes," did the corporation file or will it file required Forms 1099? . . . . . . . . . . . . . . . . **| |**

UYA                                                                                                          Form **1120S** (2012)

Form 1120S (2012)  JLW INVESTMENTS INC   45-3724539   Page **3**

| | Schedule K | Shareholders' Pro Rata Share Items | | Total amount |
|---|---|---|---|---|
| **Income (Loss)** | **1** | Ordinary business income (loss) (page 1, line 21) | **1** | 20,929. |
| | **2** | Net rental real estate income (loss) *(attach Form 8825)* | **2** | |
| | **3a** | Other gross rental income (loss) . . . . . . **3a** | | |
| | **b** | Expenses from other rental activities *(attach statement)* . . . **3b** | | |
| | **c** | Other net rental income (loss). Subtract line 3b from line 3a | **3c** | |
| | **4** | Interest income | **4** | |
| | **5** | Dividends: **a** Ordinary dividends | **5a** | |
| | | **b** Qualified dividends . . . . . . **5b** | | |
| | **6** | Royalties | **6** | |
| | **7** | Net short-term capital gain (loss) (attach Schedule D (Form 1120S)) | **7** | |
| | **8a** | Net long-term capital gain (loss) (attach Schedule D (Form 1120S)) | **8a** | |
| | **b** | Collectibles (28%) gain (loss) . . . **8b** | | |
| | **c** | Unrecaptured section 1250 gain *(attach statement)* . . **8c** | | |
| | **9** | Net section 1231 gain (loss) (attach Form 4797) | **9** | |
| | **10** | Other income (loss) (see instructions) . . . . . Type ▶ | **10** | |
| **Deduc-tions** | **11** | Section 179 deduction *(attach Form 4562)* | **11** | |
| | **12a** | Charitable contributions | **12a** | |
| | **b** | Investment interest expense | **12b** | |
| | **c** | Section 59(e)(2) expenditures     **(1)** Type ▶ _____ **(2)** Amount ▶ | **12c(2)** | |
| | **d** | Other deductions (see instructions) . . . . . . Type ▶ | **12d** | |
| **Credits** | **13a** | Low-income housing credit (section 42(j)(5)) | **13a** | |
| | **b** | Low-income housing credit (other) | **13b** | |
| | **c** | Qualified rehabilitation expenditures (rental real estate) (attach Form 3468) | **13c** | |
| | **d** | Other rental real estate credits (see instructions)     Type ▶ | **13d** | |
| | **e** | Other rental credits (see instructions) . . . . . Type ▶ | **13e** | |
| | **f** | Alcohol and cellulosic biofuel fuels credit (attach Form 6478) . | **13f** | |
| | **g** | Other credits (see instructions) . . . . . . Type ▶ | **13g** | |
| **Foreign Transac-tions** | **14a** | Name of country or U.S. possession  ▶ | | |
| | **b** | Gross income from all sources | **14b** | |
| | **c** | Gross income sourced at shareholder level | **14c** | |
| | | Foreign gross income sourced at corporate level | | |
| | **d** | Passive category | **14d** | |
| | **e** | General category | **14e** | |
| | **f** | Other (attach statement) | **14f** | |
| | | *Deductions allocated and apportioned at shareholder level* | | |
| | **g** | Interest expense | **14g** | |
| | **h** | Other | **14h** | |
| | | Deductions allocated and apportioned at corporate level to foreign source income | | |
| | **i** | Passive category | **14i** | |
| | **j** | General category | **14j** | |
| | **k** | Other (attach statement) | **14k** | |
| | | Other information | | |
| | **l** | Total foreign taxes (check one): ▶ ☐ Paid ☐ Accrued | **14l** | |
| | **m** | Reduction in taxes available for credit (attach statement) | **14m** | |
| | **n** | Other foreign tax information (attach statement) | **14n** | |
| **Alternative Minimum Tax (AMT) Items** | **15a** | Post-1986 depreciation adjustment | **15a** | |
| | **b** | Adjusted gain or loss | **15b** | |
| | **c** | Depletion (other than oil and gas) | **15c** | |
| | **d** | Oil, gas, and geothermal properties-gross income | **15d** | |
| | **e** | Oil, gas, and geothermal properties-deductions | **15e** | |
| | **f** | Other AMT items (attach statement) | **15f** | |
| **Items Affecting Share-holder Basis** | **16a** | Tax-exempt interest income | **16a** | |
| | **b** | Other tax-exempt income | **16b** | |
| | **c** | Nondeductible expenses | **16c** | |
| | **d** | Distributions (attach statement if required) (see instructions) | **16d** | |
| | **e** | Repayment of loans from shareholders | **16e** | |

UYA

Form **1120S** (2012)

Form 1120S (2012)   JLW INVESTMENTS INC     45-3724539   Page **4**

| Schedule K | Shareholders' Pro Rata Share Items (continued) | | Total amount |
|---|---|---|---|
| **Other Information** | **17a** Investment income . . . . . . . . . . . . . . . . . . . . . . . | **17a** | |
| | **b** Investment expenses . . . . . . . . . . . . . . . . . . . . . | **17b** | |
| | **c** Dividend distributions paid from accumulated earnings and profits . . . . . . . . . . | **17c** | |
| | **d** Other items and amounts (attach statement) | | |
| **Reconciliation** | **18 Income/loss reconciliation.** Combine the amounts on lines 1 through 10 in the far right column. From the result, subtract the sum of the amounts on lines 11 through 12d and 14l . . . . . . | **18** | *20,929.* |

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | **Assets** | (a) | (b) | (c) | (d) |
| 1 | Cash . . . . . . . . . . . . . . . . . . | | | | |
| 2a | Trade notes and accounts receivable . . . . . . | | | | |
| b | Less allowance for bad debts . . . . . . . . | ( ) | | ( ) | |
| 3 | Inventories . . . . . . . . . . . . . . | | | | |
| 4 | U.S. government obligations . . . . . . . . | | | | |
| 5 | Tax-exempt securities (see instructions) . . . . | | | | |
| 6 | Other current assets (attach statement) . . . | | | | |
| 7 | Loans to shareholders . . . . . . . . . | | | | |
| 8 | Mortgage and real estate loans . . . . . . . | | | | |
| 9 | Other investments (attach statement) . . . . . | | | | |
| 10a | Buildings and other depreciable assets . . . . . | | | | |
| b | Less accumulated depreciation . . . . . . . | ( ) | | ( ) | |
| 11a | Depletable assets . . . . . . . . . . . | | | | |
| b | Less accumulated depletion . . . . . . . . | ( ) | | ( ) | |
| 12 | Land (net of any amortization) . . . . . . . | | | | |
| 13a | Intangible assets (amortizable only) . . . . . . | | | | |
| b | Less accumulated amortization . . . . . . . | ( ) | | ( ) | |
| 14 | Other assets (attach statement) . . . . . . | | | | |
| 15 | Total assets . . . . . . . . . . . . . | | | | |
| | **Liabilities and Shareholders' Equity** | | | | |
| 16 | Accounts payable . . . . . . . . . . . | | | | |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 18 | Other current liabilities (attach statement) . . . . | | | | |
| 19 | Loans from shareholders . . . . . . . . . | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more . . | | | | |
| 21 | Other liabilities (attach statement) . . . . . . | | | | |
| 22 | Capital stock . . . . . . . . . . . . | | | | |
| 23 | Additional paid-in capital . . . . . . . . . | | | | |
| 24 | Retained earnings . . . . . . . . . . . | | | | |
| 25 | Adjustments to shareholders' equity (attach statement) . | | | | |
| 26 | Less cost of treasury stock . . . . . . . . | | ( ) | | ( ) |
| 27 | Total liabilities and shareholders' equity . . . . | | | | |

UYA

Form **1120S** (2012)

Form 1120S (2012)  **JLW INVESTMENTS INC**                          45-3724539    Page **5**

| **Schedule M-1** | **Reconciliation of Income (Loss) per Books With Income (Loss) per Return** |
|---|---|

**Note:** Schedule M-3 required instead of Schedule M-1 if total assets are $10 million or more - see instructions

| | | | | | |
|---|---|---|---|---|---|
| 1 | Net income (loss) per books . . . . . . . | | 5 | Income recorded on books this year not included on Schedule K, lines 1 through 10 (itemize): | |
| 2 | Income included on Schedule K, lines 1, 2, 3c, 4, 5a, 6, 7, 8a, 9, and 10, not recorded on books this year (itemize): | | a | Tax-exempt interest $ _____ | |
| 3 | Expenses recorded on books this year not included on Schedule K, lines 1 through 12 and 14l (itemize): | | 6 | Deductions included on Schedule K, lines 1 through 12 and 14l, not charged against book income this year (itemize): | |
| a | Depreciation $ | | a | Depreciation $ _____ | |
| b | Travel and entertainment $ _____ | | | | |
| | | | 7 | Add lines 5 and 6 . . . . . . . . . . | |
| 4 | Add lines 1 through 3 . . . . . . . . | | 8 | Income (loss) (Schedule K, line 18). Line 4 less line 7 | |

| **Schedule M-2** | **Analysis of Accumulated Adjustments Account, Other Adjustments Account, and Shareholders' Undistributed Taxable Income Previously Taxed** (see instructions) |
|---|---|

| | | **(a)** Accumulated adjustments account | **(b)** Other adjustments account | **(c)** Shareholders' undistributed taxable income previously taxed |
|---|---|---|---|---|
| 1 | Balance at beginning of tax year . . . . . . . | 30. | | |
| 2 | Ordinary income from page 1, line 21 . . . . . | 20,929. | | |
| 3 | Other additions . . . . . . . . . . . . | | | |
| 4 | Loss from page 1, line 21 . . . . . . . . | ( ) | | |
| 5 | Other reductions . . . . . . . . . . . | ( ) | ( ) | |
| 6 | Combine lines 1 through 5 . . . . . . . . . | 20,959. | | |
| 7 | Distributions other than dividend distributions . . | | | |
| 8 | Balance at end of tax year. Subtract line 7 from line 6 . . | 20,959. | | |

UYA                                                                                    Form **1120S** (2012)

671112

| | | |
|---|---|---|
| ☐ Final K-1 | ☐ Amended K-1 | OMB No. 1545-0130 |

**Schedule K-1**
**(Form 1120S)**
Department of the Treasury
Internal Revenue Service

**2012**

For calendar year 2012, or tax
year beginning _____ , 2012
ending _____ , 20____

## Shareholder's Share of Income, Deductions, Credits, etc.

▶ See page 2 and separate instructions.

### Part I  Information About the Corporation

**A** Corporation's employer identification number
45-3724539

**B** Corporation's name, address, city, state, and ZIP code

JLW INVESTMENTS INC
212
191 SAND CREEK RD
BRENTWOOD, CA 94513

**C** IRS Center where corporation filed return
OGDEN, UT  84201

### Part II  Information About the Shareholder

**D** Shareholder's identifying number
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

**E** Shareholder's name, address, city, state, and ZIP code

JEHOADDAN WILSON
2758 SAINT ANDREWS DRIVE
BRENTWOOD, CA 94513

**F** Shareholder's percentage of stock
ownership for tax year . . . . . . . . .   100.0000 %

For IRS Use Only

### Part III  Shareholder's Share of Current Year Income, Deductions, Credits, and Other Items

| | | | | |
|---|---|---|---|---|
| 1 | Ordinary business income (loss) * 20,929. | | 13 | Credits |
| 2 | Net rental real estate income (loss) | | | |
| 3 | Other net rental income (loss) | | | |
| 4 | Interest income | | | |
| 5a | Ordinary dividends | | | |
| 5b | Qualified dividends | | 14 | Foreign transactions |
| 6 | Royalties | | | |
| 7 | Net short-term capital gain (loss) | | | |
| 8a | Net long-term capital gain (loss) | | | |
| 8b | Collectibles (28%) gain (loss) | | | |
| 8c | Unrecaptured section 1250 gain | | | |
| 9 | Net section 1231 gain (loss) | | | |
| 10 | Other income (loss) | | 15 | Alternative minimum tax (AMT) items |
| 11 | Section 179 deduction | | 16 | Items affecting shareholder basis |
| 12 | Other deductions | | | |
| | | | 17 | Other information |

* See attached statement for additional information.

For Paperwork Reduction Act Notice, see Instructions for Form 1120S.
UYA

Schedule K-1 (Form 1120S) 2012

# Schedule K-1 - Supplemental Information
### Supporting Statement for Schedule K-1

**Corporation:** JLW INVESTMENTS INC          **EIN:** 45-3724539
**Shareholder:** JEHOADDAN WILSON     **ID Number:** 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

| Description | Amount |
|---|---|
| Nonpassive ordinary income included in line 1 | $20,929. |

| Form **4562** | | **Depreciation and Amortization** | | OMB No. 1545-0172 |
|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service    (99) | | **(Including Information on Listed Property)** ▶ See separate instructions.   ▶ Attach to your tax return. | | **2012** Attachment Sequence No. **179** |

| Name(s) shown on return | Business or activity to which this form relates | Identifying number |
|---|---|---|
| JLW INVESTMENTS INC | ACCOUNTING & TAX PREPARAT | 45-3724539 |

**Part I  Election To Expense Certain Property Under Section 179**
**Note:** *If you have any listed property, complete Part V before you complete Part I.*

| | | | |
|---|---|---|---|
| 1 | Maximum amount (see instructions) | 1 | |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | 0. |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions. | 5 | 0. |

| 6 | **(a)** Description of property | **(b)** Cost (business use only) | **(c)** Elected cost |
|---|---|---|---|
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| 7 | Listed property. Enter the amount from line 29 ........ 7 | | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | 8 | |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | 9 | |
| 10 | Carryover of disallowed deduction from line 13 of your 2011 Form 4562 | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instructions) | 11 | |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but do not enter more than line 11 | 12 | |
| 13 | Carryover of disallowed deduction to 2013. Add lines 9 and 10, less line 12 .... ▶ 13 | | |

**Note:** *Do not use Part II or Part III below for listed property. Instead, use Part V.*

**Part II  Special Depreciation Allowance and Other Depreciation (Do not** include listed property. **)** (See instructions.)

| | | | |
|---|---|---|---|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year (see instructions) | 14 | |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | |

**Part III  MACRS Depreciation (Do not** include listed property. **)** (See instructions.)

**Section A**

| | | | |
|---|---|---|---|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2012 | 17 | |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here ▶ ☐ | | |

**Section B - Assets Placed in Service During 2012 Tax Year Using the General Depreciation System**

| **(a)** Classification of property | **(b)** Month and year placed in service | **(c)** Basis for depreciation (business/investment use only - see instructions) | **(d)** Recovery period | **(e)** Convention | **(f)** Method | **(g)** Depreciation deduction |
|---|---|---|---|---|---|---|
| 19a  3-year property | | | | | | |
| b  5-year property | | | | | | |
| c  7-year property | | | | | | |
| d  10-year property | | | | | | |
| e  15-year property | | | | | | |
| f  20-year property | | | | | | |
| g  25-year property | | | 25 yrs. | | S/L | |
| h  Residential rental property | | | 27.5 yrs. | MM | S/L | |
| | | | 27.5 yrs. | MM | S/L | |
| i  Nonresidential real property | | | 39 yrs. | MM | S/L | |
| | | | | MM | S/L | |

**Section C - Assets Placed in Service During 2012 Tax Year Using the Alternative Depreciation System**

| | | | | | | |
|---|---|---|---|---|---|---|
| 20a  Class life | | | | | S/L | |
| b  12-year | | | 12 yrs. | | S/L | |
| c  40-year | | | 40 yrs. | MM | S/L | |

**Part IV  Summary** (see instructions)

| | | | |
|---|---|---|---|
| 21 | Listed property. Enter amount from line 28 ............ | 21 | 3,160. |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations - see instructions | 22 | 3,160. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

For Paperwork Reduction Act Notice, see separate instructions.          Form **4562** (2012)
UYA

Form 4562 (2012)    ACCOUNTING & TAX PREPARAT                    45-3724539    Page **2**

| **Part V** | **Listed Property** (Include automobiles, certain other vehicles, certain computers, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** *For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete only 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.*

**Section A - Depreciation and Other Information (Caution:** *See the instructions for limits for passenger automobiles.***)**

**24a** Do you have evidence to support the business/investment use claimed? ☒ Yes ☐ No  **24b** If "Yes," is the evidence written? ☒ Yes ☐ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/ investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| **25** Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use (see instructions) . . . . . . . . . . . . . . . . | | | | | | **25** | | |
| **26** Property used more than 50% in a qualified business use: | | | | | | | | |
| LANDROVER R | 01/01/12 | 100.0% | 22,149. | 22,149. | 5 | 200 DHY | 3,160. | |
| | | % | | | | | | |
| | | % | | | | | | |
| **27** Property used 50% or less in a qualified business use: | | | | | | | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L - | | |
| | | % | | | | S/L - | | |
| **28** Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 . . . . . . . . . | | | | | | **28** | 3,160. | |
| **29** Add amounts in column (i), line 26. Enter here and on line 7, page 1 . . . . . . . . . | | | | | | | **29** | |

**Section B - Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other "more than 5% owner," or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | | LANDRO (a) Vehicle 1 | (b) Vehicle 2 | (c) Vehicle 3 | (d) Vehicle 4 | (e) Vehicle 5 | (f) Vehicle 6 |
|---|---|---|---|---|---|---|---|
| **30** | Total business/investment miles driven during the year (**do not** include commuting miles) | 31752 | | | | | |
| **31** | Total commuting miles driven during the year | | | | | | |
| **32** | Total other personal (noncommuting) miles driven . . . . . . . . . | | | | | | |
| **33** | Total miles driven during the year. Add lines 30 through 32 . . . . . . . | 31752 | | | | | |
| **34** | Was the vehicle available for personal use during off-duty hours? . . . . | Yes / No  X | Yes / No | Yes / No | Yes / No | Yes / No | Yes / No |
| **35** | Was the vehicle used primarily by a more than 5% owner or related person? . . . | X | | | | | |
| **36** | Is another vehicle available for personal use? | X | | | | | |

**Section C - Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **are not** more than 5% owners or related persons (see instructions).

| | | Yes | No |
|---|---|---|---|
| **37** | Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? | | |
| **38** | Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners | | |
| **39** | Do you treat all use of vehicles by employees as personal use? | | |
| **40** | Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? | | |
| **41** | Do you meet the requirements concerning qualified automobile demonstration use? (See instructions.) | | |
| | **Note:** *If your answer to 37, 38, 39, 40, or 41 is "Yes," do not complete Section B for the covered vehicles.* | | |

| **Part VI** | **Amortization** |
|---|---|

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| **42** Amortization of costs that begins during your 2012 tax year (see instructions): | | | | | |
| | | | | | |
| | | | | | |
| **43** Amortization of costs that began before your 2012 tax year . . . . . . . . . . . | | | | **43** | |
| **44** **Total.** Add amounts in column (f). See the instructions for where to report . . . . . | | | | **44** | |

UYA                                                                                      Form **4562** (2012)

# 2012  Other Deductions - Supporting Details for Form 1120-S, Line 19

| Name(s) shown on return | Employer identifying number |
|---|---|
| JLW INVESTMENTS INC | 45-3724539 |

| | | | |
|---|---|---|---|
| 1. | Accounting | 1 | 480. |
| 2. | Amortization | 2 | |
| 3. | Bank fees | 3 | 2,500. |
| 4. | Commissions | 4 | 18,000. |
| 5. | Contracted servicers and independent contractor expenses | 5 | 15,000. |
| 6. | Credit card convenience fees | 6 | |
| 7. | Gifts | 7 | 3,500. |
| 8. | Insurance | 8 | 500. |
| 9. | Janitorial | 9 | 1,500. |
| 10. | Legal and professional fees | 10 | 12,500. |
| 11. | Organizational costs before factoring deduction | 11 | |
| 12. | Postage | 12 | 450. |
| 13. | Professional dues and subscriptions | 13 | 125. |
| 14. | Start-up costs before factoring deduction | 14 | |
| 15. | Supplies | 15 | 6,200. |
| 16. | Telephone | 16 | 1,284. |
| 17. | Travel and entertainment expense subject to 50% limitation | 17 | |
| 18. | Travel and entertainment expense not subject to limitations | 18 | |
| 19. | Utilities | 19 | |
| 20. | Vehicle expense | 20 | 30,600. |
| 21. | **PAYROLL TAXES** | 21 | 9,076. |
| 22. | **CELL PHONE** | 22 | 4,200. |
| 23. | **BUSINESS HEALTH & DENTAL** | 23 | 4,201. |
| 24. | | 24 | |
| 25. | | 25 | |
| 26. | | 26 | |
| 27. | | 27 | |
| 28. | | 28 | |
| 29. | | 29 | |
| 30. | | 30 | |
| 31. | | 31 | |
| 32. | | 32 | |
| 33. | | 33 | |
| 34. | | 34 | |
| 35. | | 35 | |
| 36. | | 36 | |
| 37. | | 37 | |
| 38. | | 38 | |
| 39. | | 39 | |
| 40. | | 40 | |
| 41. | | 41 | |
| 42. | | 42 | |
| 43. | | 43 | |
| 44. | | 44 | |
| 45. | | 45 | |
| 46. | | 46 | |
| 47. | | 47 | |
| 48. | | 48 | |
| 49. | | 49 | |
| 50. | | 50 | |

| **Total Other Deductions** | 110,116. |
|---|---|

| TAXABLE YEAR **2012** | **California S Corporation** **Franchise or Income Tax Return** | | FORM **100S** |
|---|---|---|---|

For calendar year 2012 or fiscal year beginning month _____ day _____ year _____, and ending month _____ day _____ year _____.

| Corporation name | California corporation number |
|---|---|
| JLW INVESTMENTS INC | 3420320 |

| Address (suite, room, or PMB no.)  212 | FEIN |
|---|---|
| 191 SAND CREEK RD | 45-3724539 |

| City | State | ZIP Code | California Secretary of State file number |
|---|---|---|---|
| BRENTWOOD | CA | 94513 | |

**Schedule Q Questions:** (continued on Side 2)

**A1 FINAL RETURN?** ● ☐ Dissolved  ☐ Surrendered (withdrawn)  ☐ Merged/Reorganized  ☐ IRC Section 338 sale
☐ QSub election enter date ● _____

**A2** Is the S corporation deferring any income from the disposition of assets? ● ☐ Yes  ☒ No
If "Yes" enter the year of disposition ● _____

**A3** Is the S corporation reporting previously deferred income from: ☐ Installment Sale  ● ☐ IRC §1031  ● ☐ IRC §1033  ● ☐ Other

| | | | | |
|---|---|---|---|---|
| **State Adjustments** | 1 | Ordinary income (loss) from trade or business activities from Schedule F (Form 100S, Side 3), line 22 or federal Form 1120S, line 21. If Schedule F (Form 100S, Side 3) was not completed, attach federal Form 1120S, page 1, and supporting schedules . . . . . . ● | **1** | 20,929. |
| | 2 | Foreign or domestic tax based on income or profits and California franchise or income tax deducted . . . . ● | **2** | |
| | 3 | Interest on government obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **3** | |
| | 4 | Net capital gain from Schedule D (100S), Section A & Section B. Attach Schedule D (100S). See instructions . ● | **4** | |
| | 5 | Depreciation and amortization adjustments. Attach Schedule B (100S) . . . . . . . . . . . . . . . ● | **5** | |
| | 6 | Portfolio income . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **6** | |
| | 7 | Other additions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **7** | |
| | 8 | Total. Add line 1 through line 7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **8** | 20,929. |
| | 9 | Dividends received deduction. Attach Schedule H (100S) . . . . . . . . . . . ● | **9** | |
| | 10 | Water's-edge dividend deduction. Attach Schedule H (100S) . . . . . . . . . . | **10** | |
| | 11 | Contributions. See instructions . . . . . . . . . . . . . . . . . . . . . . . . | **11** | |
| | 12 | EZ, LAMBRA, or TTA business expense and EZ net interest deduction . . . | **12** | |
| | 13 | Other deductions. Attach schedule(s) . . . . . . . . . . . . . . . . . . . . | **13** | |
| | 14 | Total. Add line 9 through line 13 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **14** | |
| | 15 | Net income after state adjustments. Subtract line 14 from line 8 . . . . . . . . . . . . . . . . . ● | **15** | 20,929. |
| **CA Net Income** | 16 | Net income (loss) for state purposes. Use Schedule R if apportioning income . . . . . . . . . . . . ● | **16** | 20,929. |
| | 17 | R&TC Section 23802(e) deduction. See instructions . . . . . . . . . . . ● | **17** | |
| | 18 | Net operating loss carryover deduction. See instructions . . . . . . . . . . ● | **18** | |
| | 19 | Pierce's disease, EZ, LARZ, TTA, or LAMBRA NOL carryover deduction. See instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **19** | |
| | 20 | Disaster loss carryover deduction. See instructions . . . . . . . . . . . . ● | **20** | |
| | 21 | Net income for tax purposes. Combine line 17 through line 20. Subtract the result from line 16 . . . . . . ● | **21** | 20,929. |
| **Taxes** | 22 | Tax.  1.50 % x line 21 (at least minimum franchise tax, if applicable). See instructions . . . . . . . . . | **22** | 800. |
| | 23 | New jobs credit  a) amount generated ● _____  b) amount claimed . . . . . . ● | **23b** | |
| | 24 | a Credit name _____ code no. _____ amount . ▶ | **24a** | |
| | | b Credit name _____ code no. _____ amount . ▶ | **24b** | |
| | 25 | To claim more than two credits, see instructions . . . . . . . . . . . . . A | **25** | |
| | 26 | Add line 23b through line 25 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **26** | |
| | 27 | **Balance.** Subtract line 26 from line 22 (not less than minimum franchise tax plus QSub annual tax(es), if applicable) . . . . . . . | **27** | 800. |
| | 28 | Tax from Schedule D (100S). Attach Schedule D (100S). See instructions . . . . . . . . . . . . . . . | **28** | |
| | 29 | Excess net passive income tax. See instructions . . . . . . . . . . . . . . . . . . . . . . . . | **29** | |
| | 30 | Total tax. Add line 27 through line 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● | **30** | 800. |
| **Payments** | 31 | Overpayment from prior year allowed as a credit . . . . . . . . . . . . . ● | **31** | |
| | 32 | **2012 Estimated tax payments/QSub payments.** See instructions . . . . . . . . . . | **32** | |
| | 33 | 2012 Withholding (Form 592-B and/or 593). See instructions . . . . . . . . ● | **33** | |
| | 34 | Amount paid with extension of time to file tax return . . . . . . . . . . . . ● | **34** | |
| | 35 | Total payments. Add line 31 through line 34 . . . . . . . . . . . . . . . . . . . . . . . . . . | **35** | |

| | | | | |
|---|---|---|---|---|
| | **36 Franchise or income tax due.** If line 30 is more than line 35, subtract line 35 from line 30. Go to line 39 . . . . ● | **36** | | 800. |
| | **37 Overpayment.** If line 35 is more than line 30, subtract line 30 from line 35 . . . . . . . . . . . ● | **37** | | |
| **Refund or Amount Due** | **38** Amount of line 37 to be credited to 2013 estimated tax . . . . . . . . . . . . . . . ● | **38** | | |
| | **39 Use Tax. This is not a total line.** See instructions . . . . . . . . . ● | **39** | 0. | |
| | **40 Refund.** If the sum of line 38 and line 39 is less than 37, then subtract the result from line 37 . . . . ● | **40** | | |
| | See instructions to have the refund directly deposited.  **a** Routing number . . . . . . . . . ● | **40a** | | |
| | **b** Type: ☐ Checking  ☐ Savings ● ☐   **c** Account number . . . . . . . . ● | **40c** | | |
| | **41 a** Penalties and interest. **b** ● ☐  Check if estimate penalty computed using Exception B or C. See instructions. | **41a** | | |
| | **42 Total amount due.** Add line 36, line 38, line 39, and line 41a, then subtract line 37 from the result . . ● | **42** | | 800. |

**Schedule Q Questions (continued from Side 1)**

**B** 1. During ths taxable year, did another person or legal entity acquire control or majority wonership (more than a 50% interest) of this corporation or any of its subsidiaries that owned California real property (i.e. land, buildings), leased such property a term of 35 years or more, or leased such property from a government agency for any term? . . . . . . . . . . . . . . . ☐ Yes ☒ No

2. During this taxable year, did this corporation or any of its subsidiaries acquire control or majority ownership (more than a 50% interest) in an legal entity that owned California real property (i.e. land, buildings), leased such property for a term of 35 years or more, or leased such property from a government agency for any term? . . ☐ Yes ☐ No

3. During this taxable year, has more than 50% of the voting stock of this corporation cumulatively transferred in one or more transactions after an interest in California real property (i.e. land, buildings) was transferred to it that was excluded from property tax reassessment under Revenue and Taxation Code section 62(a)(2) and it was not reported on a previous year's tax return? . . . . . . . . ☐ Yes ☒ No
**(Yes requires filing of statement, penalties may apply – see instructions.)**

**C** Principal business activity code.
**(Do not** leave blank): . . . . . . . . . . ● 541213
Business activity  ACCOUNTING & TAX PREPARA
Product or service  SERVICE

**D** Is this S corporation filing on a water's-edge basis pursuant to R&TC Sections 25110 and 25113 for the current taxable year?. . . . . . . . . . ● ☐ Yes ☐ No

**E** Does this tax return include Qualified Subchapter S Subsidiaries? . . . . . . . ● ☐ Yes ☒ No

**F** Date incorporated: . . . ● 10/26/2011
**Where:** ● State   CA   Country

**G** Maximum number of shareholders in the S corporation at any time during the year: ● 1

**H** Date business began in California or date income was first derived from California sources: ● 10/26/11

**I** Is the S corporation under audit by the IRS or has it been audited in a prior year? . . . . . ● ☐ Yes ☒ No

**J** Effective date of federal S election: ● 10/26/2011

**L** Accounting method: ● **(1)** ☒ Cash  **(2)** ☐ Accrual **(3)** ☐ Other

**M** Location of principal accounting records: 191 SAND CREEK RD # 212 BRENTWOOD, CA 94513

**N** "Doing business as" name. (See instructions): ●
ENTERPRISE FINANCIAL

**O** Have all required information returns (e.g., federal Form 1099, 8300, and state Forms 592, 592-B etc.) been filed with the Franchise Tax Board?. . ☐ N/A ☒ Yes ☐ No

**P** Is this S corporation apportioning income to California using Schedule R? . . . . . . . . . . . . . ● ☐ Yes ☐ No

**Q** Has the S corporation included a reportable transaction or listed transaction within this return? (See instructions for definitions) . . . . . . . ● ☐ Yes ☒ No
If "Yes", complete and attach federal Form 8886, for each transaction.

**R** Did this S corporation file the federal Schedule M-3 (Form 1120S)? . . . . . . . ● ☐ Yes ☒ No

**S** Is form FTB 3544A attached to the return? . . . ☐ Yes ☒ No

**Schedule J  Add-On Taxes or Recapture of Tax Credits.** See instructions.

| | | | |
|---|---|---|---|
| **1** | LIFO recapture due to S corporation election (IRC Section 1363(d) deferral: $ _____ ) . . . ● | **1** | |
| **2** | Interest computed under the look-back method for completed long-term contracts (attach form FTB 3834) . . ● | **2** | |
| **3** | Interest on tax attributable to installment:  **a)** Sales of certain timeshares and residential lots . . . . ● | **3a** | |
| | **b)** Method for nondealer installment obligations . . . . . . . . . . . ● | **3b** | |
| **4** | IRC Section 197(f)(9)(B)(ii) election . . . . . . . . . . . . . . . . . . . . ● | **4** | |
| **5** | Credit recapture name: | **5** | |
| **6** | Combine line 1 through line 5. Revise the amount on line 36 or line 37 above, whichever applies, by this amount. Write "Schedule J" to the left of line 36 or line 37 . . . . . . . . . ● | **6** | |

**Sign Here**  Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | | | |
|---|---|---|---|
| Signature of officer ▶ | Title | Date | ● Telephone 510-240-4381 |
| Officer's email address (optional) | | | |

**Paid Preparer's Use Only**

| | | | |
|---|---|---|---|
| Preparer's signature ▶ | Date | Check if self-employed ▶ ☒ | ● PTIN P00260226 |
| Firm's name (or yours, if self-employed) and address ▶ | SARKIS PROFESSIONAL TAX SERVICE 4980 APPIAN WAY, STE 200 EL SOBRANTE, CA 94803 | | ● FEIN 59-3768203 ● Telephone 510-367-1550 |
| May the FTB discuss this return with the preparer shown above? See instructions . . . . . . . . . . . | | | ☒ Yes  ☐ No |

## Schedule F   Computation of Trade or Business Income.   See instructions.

| | | | | |
|---|---|---|---|---|
| **INCOME** | 1 | **a)** Gross receipts or sales 248,539. **b)** Less returns and allowances **c)** Balance ● | 1c | 248,539. |
| | 2 | Cost of goods sold from Schedule V, line 8 | 2 | |
| | 3 | Gross profit. Subtract line 2 from line 1c | 3 | 248,539. |
| | 4 | Net gain (loss). Attach schedule | 4 | |
| | 5 | Other income (loss). Attach schedule ● | 5 | |
| | 6 | **Total income (loss).** Combine line 3 through line 5 | 6 | 248,539. |
| **DEDUCT-IONS** | 7 | Compensation of officers. Attach schedule. See instructions | 7 | 104,000. |
| | 8 | Salaries and wages ● | 8 | 1,000. |
| | 9 | Repairs | 9 | |
| | 10 | Bad debts | 10 | |
| | 11 | Rents ● | 11 | 9,334. |
| | 12 | Taxes | 12 | |
| | 13 | Interest | 13 | |
| | 14 | **a)** Depreciation 3,160. **b)** Less depreciation reported elsewhere on return **c)** Balance | 14c | 3,160. |
| | 15 | Depletion | 15 | |
| | 16 | Advertising | 16 | |
| | 17 | Pension, profit-sharing plans, etc. | 17 | |
| | 18 | Employee benefit programs ● | 18 | |
| | 19 | **a)** Total travel and entertainment **b)** Deductible amount | 19b | |
| | 20 | Other deductions. Attach schedule ● | 20 | 110,116. |
| | 21 | **Total deductions.** Add line 7 through line 20 ● | 21 | 227,610. |
| | 22 | Ordinary income (loss) from trade or business. Subtract line 21 from line 6. Enter here and on Side 1, line 1. ● | 22 | 20,929. |

The corporation may not be required to complete Schedule L and Schedule M-1. See Schedule L and Schedule M-1 instructions for reporting requirements.

## Schedule L   Balance Sheet

| | | Beginning of taxable year (a) | (b) | End of taxable year (c) | (d) |
|---|---|---|---|---|---|
| **Assets** | | | | | |
| 1 | Cash | | | | ● |
| 2 a | Trade notes and accounts receivable | | | | |
| b | Less allowance for bad debts | ( | ) | ( | ) |
| 3 | Inventories | | | | ● |
| 4 | Federal and state government obligations | | | | |
| 5 | Other current assets. Attach schedule(s) | | | | |
| 6 | Loans to shareholders. Attach schedule(s) | | | | |
| 7 | Mortgage and real estate loans | | | | |
| 8 | Other investments. Attach schedule(s) | | | | |
| 9 a | Buildings and other fixed depreciable assets | | | | |
| b | Less accumulated depreciation | ( | ) | ( | ) ● |
| 10 a | Depletable assets | | | | |
| b | Less accumulated depletion | ( | ) | ( | ) |
| 11 | Land (net of any amortization) | | | | ● |
| 12 a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | ( | ) | ( | ) |
| 13 | Other assets. Attach schedule(s) | | | | ● |
| 14 | **Total assets** | | ● | | ● |
| **Liabilities and shareholders' equity** | | | | | |
| 15 | Accounts payable | | | | ● |
| 16 | Mortgages, notes, bonds payable in less than 1 year | | | | |
| 17 | Other current liabilities. Attach schedule(s) | | | | |
| 18 | Loans from shareholders. Attach schedule(s) | | | | ● |
| 19 | Mortgages, notes, bonds payable in 1 year or more | | | | ● |
| 20 | Other liabilities. Attach schedule(s) | | | | |
| 21 | Capital stock | | ● | | ● |
| 22 | Paid-in or capital surplus | | ● | | ● |
| 23 | Retained earnings | | ● | | ● |
| 24 | Adjustments. Attach schedule(s) | | | | |
| 25 | Less cost of treasury stock | ● ( | ) | ● ( | ) |
| 26 | **Total liabilities and shareholders' equity** | | | | |

**Schedule M-1**   **Reconciliation of Income (Loss) per Books With Income (Loss) per Return.**
If the S corporation **completed** federal **Schedule M-3 (Form 1120S)**. See instructions.

| | |
|---|---|
| **1** Net income per books . . . . . . . . . . . | **5** Income recorded on books this year not included on Schedule K, line 1 through line 10b (itemize) |
| **2** Income included on Schedule K, line 1 through line 10b, not recorded on books this year (itemize) | **a** Tax-exempt interest $ |
| **3** Expenses recorded on books this year not included on Schedule K, line 1 through line 12e (itemize) | **b** Other . . . . . . $ |
| **a** Depreciation . . . . $ | **c** Total. Add line 5a and line 5b . . . . . ● |
| **b** State taxes . . . . . $ | **6** Deductions included on Schedule K, line 1 through line 12e, not charged against book income this year (itemize) |
| **c** Travel and entertainment . . . $ | **a** Depreciation . . . $ |
| **d** Other . . . . . . . $ | **b** State tax refunds . $ |
| **e** Total. Add line 3a through line 3d . . . . . . ● | **c** Other . . . . . . $ |
| | **d** Total. Add line 6a through line 6c . . . . ● |
| **4** Total. Add line 1 through line 3e . . . . | **7** Total. Add line 5c and line 6d . . . . . . |
| | **8** Income (loss) (Schedule K, line 19, col. d). Line 4 less line 7. |

**Schedule M-2**   **CA Accumulated Adjustments Account, Other Adjustments Account, and Other Retained Earnings.** See instructions.

| **Important: Use California figures and federal procedures.** | (a) Accumulated adjustments account | (b) Other adjustments account | (c) Other retained earnings (see instructions) |
|---|---|---|---|
| **1** Balance at beginning of year . . . . . . . . . ● | 30. | | |
| **2** Ordinary income from Form 100S, Side 1, line 1 . . . . | 20,929. | | |
| **3** Other additions . . . . . . . . . . . . . . | | | |
| **4** Loss from Form 100S, Side 1, line 1 . . . . . . . . | ( ) | | |
| **5** Other reductions . . . . . . . . . . . . . | ( ) | ( ) | ( ) |
| **6** Combine line 1 through line 5 . . . . . . . . . | 20,959. | | |
| **7** Distributions other than dividend distributions . . . . | | | |
| **8** Balance at end of year. Subtract line 7 from line 6 . . ● | 20,959. | | |
| **9** Retained earnings at end of year. Add line 8, column (a) through column (c) . . . . . . . . . . . . . . ● | | | 20,959. |
| ● ☐ If the corp. has C corp. E&P at the end of the taxable year, check the box and enter the amount. See instructions . . ● | | | |

**Schedule V**   **Cost of Goods Sold**

| | | |
|---|---|---|
| **1** Inventory at beginning of year . . . . . . . . . . . | **1** | |
| **2** Purchases . . . . . . . . . . . . . . . . . . . ● | **2** | |
| **3** Cost of labor . . . . . . . . . . . . . . . . . . ● | **3** | |
| **4** Other IRC Section 263A costs. Attach schedule . . . . . . ● | **4** | |
| **5** Other costs. Attach schedule . . . . . . . . . . . | **5** | |
| **6** Total. Add line 1 through line 5 . . . . . . . . . . . | **6** | |
| **7** Inventory at end of year . . . . . . . . . . . . . | **7** | |
| **8** Cost of goods sold. Subtract line 7 from line 6 . . . . . . ● | **8** | |

Was there any change in determining quantities, costs, or valuations between opening and closing inventory? . . . . . . . . . . . . . . ☐ Yes ☐ No

If "Yes," attach an explanation. Enter California seller's permit number, if any ▶ _____ Method of inventory valuation _____

Check if the LIFO inventory method was adopted this taxable year for any goods. If checked, attach federal Form 970 . . . . . . . . . ● ☐

If the LIFO inventory method was used for this taxable year, enter the amount of closing inventory computed under LIFO . . . ● _____

**Schedule K** S Corporation Shareholders' Shares of Income, Deductions, Credits, etc.

| | | | (a) Pro-rata share items | | (b) Amount from federal Schedule K (1120S) | (c) California Adjustment | (d) Total amounts using California law. |
|---|---|---|---|---|---|---|---|
| **Income (Loss)** | 1 | | Ordinary business income (loss) . . . . . . . . . . . | 1 | ● 20,929. | | ● 20,929. |
| | 2 | | Net rental real estate income (loss). Attach federal Form 8825. . . . . | 2 | | | |
| | 3 | a | Other gross rental income (loss) . . . . . . . | 3a | | | |
| | | b | Expenses from other rental activities. Attach schedule . . . | 3b | | | |
| | | c | Other net rental income (loss). Subtract line 3b from line 3a. . . . . | 3c | | | ● |
| | 4 | | Interest Income . . . . . . . . . . . . . . . . | 4 | | | ● |
| | 5 | | Dividends. See instructions . . . . . . . . . . | 5 | | | ● |
| | 6 | | Royalties . . . . . . . . . . . . . . . . . | 6 | | | ● |
| | 7 | | Net short-term capital gain (loss). Attach Schedule D (100S) . | 7 | | | ● |
| | 8 | | Net long-term capital gain (loss). Attach Schedule D (100S) . | 8 | | | ● |
| | 9 | | Net Section 1231 gain (loss) . . . . . . . . . . | 9 | | | ● |
| **Other Income (Loss)** | 10 | a | Other portfolio income (loss). Attach schedule . . . . . . | 10a | | | ● |
| | | b | Other income (loss). Attach schedule . . . . . . . | 10b | | | ● |
| **Deduc-tions** | 11 | | Expense deduction for recovery property (IRC Section 179 and R&TC Sections 17267.2, 17267.6 and 17268) Attach Schedule B (100S) . | 11 | | | |
| | 12 | a | Charitable contributions . . . . . . . . . . | 12a | | | ● |
| | | b | Investment interest expense . . . . . . . . . | 12b | | | ● |
| | | c | 1 Section 59(e)(2) expenditures . . . . . . . | 12c1 | | | |
| | | | 2 Type of expenditures _____ | 12c2 | | | |
| | | d | Deductions-portfolio. Attach schedule . . . . . . . | 12d | | | ● |
| | | e | Other deductions. Attach schedule . . . . . . . | 12e | | | |
| **Credits** | 13 | a | Low-income housing credit. See instructions . . . . . . | 13a | | | ● |
| | | b | Credits related to rental real estate activities. Attach schedule . . . . . . . . . . | 13b | | | ● |
| | | c | Credits related to other rental activities. See instructions. Attach schedule . . . . . . . . . . | 13c | | | ● |
| | | d | Other credits. Attach schedule . . . . . . . | 13d | | | ● |
| | | e | New jobs credit. . . . . . . . . . . . . . | 13e | | | ● |
| | 14 | | Total withholding allocated to all shareholders . . . . . . | 14 | | | |
| **Alterna-tive Minimum Tax (AMT) Items** | 15 | a | Depreciation adjustment on property placed in service after 12/31/86 . . | 15a | | | ● |
| | | b | Adjusted gain or loss. See instructions . . . . . . | 15b | | | ● |
| | | c | Depletion (other than oil and gas) . . . . . . . | 15c | | | ● |
| | | d | 1 Gross income from oil, gas, and geothermal properties . . . | 15d1 | | | ● |
| | | | 2 Deductions allocable to oil, gas, and geothermal properties . | 15d2 | | | ● |
| | | e | Other AMT items . . . . . . . . . . . . | 15e | | | ● |
| **Items affecting Share-holder Basis** | 16 | a | Tax-exempt interest income . . . . . . . . . | 16a | | | ● |
| | | b | Other tax-exempt income . . . . . . . . . | 16b | | | ● |
| | | c | Nondeductible expenses . . . . . . . . . . | 16c | | | ● |
| | | d | Total property distributions (including cash) other than dividends distribution reported on line 17c. . . . . . . | 16d | | | ● |
| **Other Infor-mation** | 17 | a | Investment income. See instructions . . . . . . . | 17a | | | |
| | | b | Investment expenses. See instructions . . . . . . | 17b | | | |
| | | c | Total dividend distributions paid from accumulated earnings and profits | 17c | | | ● |
| | | d | Other items and amounts not included in lines 1 - 17b and lines 18a-e that are required to be reported separately to shareholders. Attach schedule. | 17d | | | |
| **Other State Taxes** | 18 | a | Type of income _____ | 18a | | | |
| | | b | Name of state _____ | 18b | | | |
| | | c | Total gross income from sources outside California. Attach schedule . | 18c | | | |
| | | d | Total applicable deductions and losses. Attach schedule . . . | 18d | | | |
| | | e | Total other state taxes. Check one: ☐ Paid ☐ Accrued . . | 18e | | | ● |
| **Reconci-liation** | 19 | | Income (loss) (required only if Schedule M-1 must be completed). Combine line 1, line 2, and line 3c through line 10b. From the result, subtract the sum of lines 11, 12a, 12b, 12c1, 12d and 12e . | 19 | | | ● |

TAXABLE YEAR

**2012**

**S Corporation Depreciation and Amortization**

CALIFORNIA SCHEDULE

**B (100S)**

For use by S corporations only. Attach to Form 100S.

| Corporation name | California corporation number |
|---|---|
| JLW INVESTMENTS INC | 3420320 |

**Part I    Depreciation.** Use additional sheets if necessary.    Depreciation for: ACCOUNTING & TAX PREPARAT

| | | |
|---|---|---|
| 1 | Enter federal depreciation from federal Form 4562, line 22. | |
| | IRC Section 179 expense deduction is not included on this line. Get federal Form 4562 instructions . . . . . . . . . . . . . . . . . | 1 | 3,160. |

California depreciation:

| (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Cost or other basis | (d) Depreciation allowed or allowable in earlier years | (e) Method of figuring dep. | (f) Life or rate | (g) Depreciation for this year |
|---|---|---|---|---|---|---|
| 2 SEE ATTACHED | | | | | | 3,160. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| 3 | Add the amounts on line 2, column (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 3,160. |
| 4 | Subtract line 3 from line 1. If negative, use brackets. Enter here and on the applicable line of Form 100S, Side 5, Schedule K | 4 | |
| 5 | Enter IRC Section 179 expense deduction here and on Form 100S, Side 1, line 13. Do not enter more than $25,000 . . . | 5 | |

**Part II    Amortization.** Use additional sheets if necessary.

| | | |
|---|---|---|
| 1 | Enter federal amortization from federal Form 4562, line 44 . . . . . . . . . . . . . . . . . . . . . . . . | 1 |

California amortization:

| (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Cost or other basis | (d) Amortization allowed or allowable in earlier years | (e) R&TC section (See instructions) | (f) Period or percentage | (g) Amortization for this year |
|---|---|---|---|---|---|---|
| 2 | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| | | | |
|---|---|---|---|
| 3 | Add the amounts on line 2, column (g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | |
| 4 | California amortization adjustment. Subtract line 3 from line 1. If negative, use brackets. Enter here and on the | | |
| | applicable line of Form 100S, Side 5, Schedule K . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 | |

**Part III    Depreciation and Amortization Adjustment**

| | | |
|---|---|---|
| 1 | Combine the amounts on Part I, line 4, and Part II, line 4. Enter here (if negative, use brackets) and on | |
| | Form 100S, Side 1, line 5. For passive activities, see instructions. . . . . . . . . . . . . . . . . . . . . | 1 |

TAXABLE YEAR

**2012    S Corporation Tax Credits**

CALIFORNIA SCHEDULE

**C (100S)**

- Complete and attach all supporting credit forms to Form 100S.
- To claim more than seven credits, attach schedule.

| | (a) Credit amount limited to 1/3 of total | (b) Carryover from prior year | (c) Credit used this year, not more than (a) + (b) | (d) Tax balance that may be offset by credits | (e) Credit carryover to 2013 |
|---|---|---|---|---|---|
| 1 Regular tax from Form 100S, Side 1, line 22 . . . . . . . . . | | | | | |
| 2 Minimum franchise tax plus QSub annual tax(es), if applicable . | | | | | |
| 3 Subtract line 2 from line 1. If zero or less, enter -0- | | | | | |
| **Note:** Reduce the amount in column (d) by the New Jobs Credit amount claimed on Form 100S, line 23b, if applicable . . . . . | | | | | |
| 4 Code: _____   Credit name: _____ | | | | | |
| 5 Code: _____   Credit name: _____ | | | | | |
| 6 Code: _____   Credit name: _____ | | | | | |
| 7 Code: _____   Credit name: _____ | | | | | |
| 8 Code: _____   Credit name: _____ | | | | | |
| 9 Code: _____   Credit name: _____ | | | | | |
| 10 Code: _____   Credit name: _____ | | | | | |
| 11 Enter the credit amounts on Form 100S, Side 1, line 24a, and line 24b. If more than two credits, enter the total of any remaining credits on Form 100S, Side 1, line 25 . . . . . | | | | | |

| Name as shown on return | FEIN |
|---|---|
| JLW INVESTMENTS INC | 45-3724539 |

**2012 California Depreciation for:** ACCOUNTING & TAX PREPARAT

| 1 | (a) Description of property placed in service | (b) Date placed in service | (c) California basis for depreciation | (d) Method | (e) Life | (f) California depreciation deduction |
|---|---|---|---|---|---|---|
| | LANDROVER RANGE ROVER | 01/01/2012 | 22,149. | 200 DB | 5 | 3,160. |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| TAXABLE YEAR | Shareholder's Share of Income, | CALIFORNIA SCHEDULE |
|---|---|---|
| **2012** | **Deductions, Credits, etc.** | **K-1 (100S)** |

For use by an S corporation and its shareholders only.

For calendar year 2012 or fiscal year beginning month _____ day _____ year _____ ,and ending month _____ day _____ year _____ .

| Shareholder's identifying number 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 | California corporation number 3420320 |
|---|---|
| Shareholder's name, address, and ZIP Code | Corporation's name, address, and ZIP Code |
| JEHOADDAN WILSON<br>2758 SAINT ANDREWS DRIVE<br>BRENTWOOD,CA 94513 | JLW INVESTMENTS INC<br>212<br>191 SAND CREEK RD<br>BRENTWOOD, CA 94513 |

**A** Shareholder's percentage of stock ownership at year end . . . . . . . . . . . . . . . . . . . . . . ● _____100.0000_____ %

**B** Reportable transaction or tax shelter registration number(s):

**C** Check here if this is:  ● **(1)** ☐ A final Schedule K-1   **(2)** ☐ An amended Schedule K-1

**D** What type of entity is this shareholder? ● **(1)** ☒ Individual **(2)** ☐ Estate/Trust  **(3)** ☐ Qualified Exempt Organization **(4)** ☐ Single Member LLC

**E** Is this shareholder a resident of California? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ● ☒ Yes ▶ ☐ No

**Caution:** Refer to the shareholder's instructions for Schedule K-1 (100S) before entering information from this schedule on your California tax return.

| | | **(a)**<br>Pro-rata share items | **(b)**<br>Amount from federal Schedule K-1 (1120S) | **(c)**<br>California adjustment | **(d)**<br>Total amounts using California law Combine (b) and (c) where applicable | **(e)**<br>California source amounts and credits |
|---|---|---|---|---|---|---|
| **Income (Loss)** | **1** | Ordinary business income (loss) . . . . | 20,929. | | ● 20,929. | ▶ |
| | **2** | Net rental real estate income (loss) . . . . | | | ● | ▶ |
| | **3** | Other net rental income (loss) . . . . . | | | ● | ▶ |
| | **4** | Interest income . . . . . . . . . . . | | | ● | ▶ |
| | **5** | Dividends . See instructions . . . . . | | | ● | ▶ |
| | **6** | Royalties . . . . . . . . . . . . . | | | ● | ▶ |
| | **7** | Net short-term capital gain (loss) . . . . | | | ● | ▶ |
| | **8** | Net long-term capital gain (loss) . . . . . | | | ● | ▶ |
| | **9** | Net Section 1231 gain (loss) . . . . . . | | | ● | ▶ |
| **Other Income (Loss)** | **10 a** | Other portfolio income (loss). Attach schedule | | | ● | ▶ |
| | **b** | Other income (loss) . . . . . . . . . . | | | ● | ▶ |
| **Deduc-tions** | **11** | Expense deduction for recovery property (IRC Section 179 and R&TC Sections 17267.2, 17267.6 and 17268) Attach schedules . . | | | | |
| | **12 a** | Charitable contributions . . . . . . . | | | | |
| | **b** | Investment interest expense . . . . . . | | | | |
| | **c 1** | Section 59(e)(2) expenditures . . . . . | | | | |
| | **2** | Type of expenditures _____ | | | | |
| | **d** | Deductions-portfolio . . . . . . . . | | | | |
| | **e** | Other deductions . . . . . . . . . . | | | | |
| **Credits** | **13 a** | Low-income housing credit.<br>See instructions. Attach schedule . . | | | ● | ▶ |
| | **b** | Credits related to rental real estate activities other than on line 13(a). Attach schedule | | | ● | ▶ |
| | **c** | Credits related to other rental activities. See instructions. Attach schedule . . . . . | | | ● | ▶ |
| | **d** | Other credits. Attach schedule . . . . . | | | ● | ▶ |
| | **e** | New jobs credit. . . . . . . . . . . | | | | |
| | **14** | Total withholding (equals amount on Form 592-B if calendar year) . . . . . . | | | ● | ▶ |

| | (a)<br>Pro-rata share items | (b)<br>Amount from<br>federal Schedule K-1<br>(1120S) | (c)<br>California<br>adjustment | (d)<br>Total amounts<br>using California law<br>Combine (b) and (c)<br>where applicable | (e)<br>California<br>source amounts<br>and credits |
|---|---|---|---|---|---|
| Alternative Minimum Tax (AMT) Items | **15 a** Depreciation adjustment on property placed in service after 12/31/86 . . . . . . . . . | | | | |
| | **b** Adjusted gain or loss . . . . . . . . . | | | | |
| | **c** Depletion (other than oil and gas) . . . . | | | | |
| | **d 1** Gross income from oil, gas, and geothermal properties . . . . . . . . | | | | |
| | **2** Deductions allocable to oil, gas, and geothermal properties . . . . . . . | | | | |
| | **e** Other AMT items. Attach schedule . . . | | | | |
| Items Affecting Shareholder Basis | **16 a** Tax-exempt interest income . . . . . . . | | | | |
| | **b** Other tax-exempt income . . . . . . . | | | | |
| | **c** Nondeductible expenses . . . . . . . | | | | |
| | **d** Total property distributions (including cash) other than dividends distribution reported on line 17c . . . . . . . . . | | | ● | ▶ |
| | **e** Repayment of loans from shareholders . | | | ● | ▶ |
| Other Information | **17 a** Investment income. See instructions . | | | | |
| | **b** Investment expenses. See instructions . | | | | |
| | **c** Total taxable dividend distribution paid from accumulated earnings and profits. See instructions . . . . . . . . . . | | | ● | ▶ |
| | **d** Other information. See instructions . . . | | | | |
| Other State Taxes | **18 a** Type of income _____ | | | | |
| | **b** Name of state _____ | | | | |
| | **c** Total gross income from outside California. Attach schedule . . . . . . | | | | |
| | **d** Total applicable deductions and losses. Attach schedule . . . . . . . . . . | | | | |
| | **e** Total other state taxes. Check one:<br>☐ Paid   ☐ Accrued . . . . . . | | | ● | ▶ |

<table>
<tr><td rowspan="8">Other Shareholder Information</td><td colspan="4"><b>Table 1 -</b>Each shareholder's share of nonbusiness income from intangibles.  See instructions.</td></tr>
</table>

**Table 1 -**Each shareholder's share of nonbusiness income from intangibles.  See instructions.

Interest          $ _____          Royalties          $ _____          Dividends $ _____

1231 Gains/Losses  $ _____          Capital Gains/Losses $ _____          Other     $ _____

## FOR USE BY SHAREHOLDERS ONLY. SEE INSTRUCTIONS.

**Table 2 -** Shareholder's pro-rata share of business income and factors - See instructions.

   A.  Shareholder's share of the S corporation's business income $ _____

   B.  Shareholder's share of the nonbusiness income from real and tangible property sourced or allocable to California:

      Capital Gains/Losses  $ _____          Rents/Royalties  $ _____

      1231 Gains/Losses    $ _____          Other          $ _____

   C.  Shareholder's share of the S corporation's property, payroll, and sales: California Sales - Doing Business Test $ _____

| Factors | Total within and outside California | Total within California |
|---|---|---|
| Property: Beginning | $ | $ |
| Ending | $ | $ |
| Annual Rent Expense | $ | $ |
| Payroll | $ | $ |
| Sales | $ | $ |